IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| Plaintiff, | § § § | |
| vs. | § § § | CIVIL ACTION NO. 3:15-CV-00847 Judge John T. Nixon |
| ENAGIC USA INC., PETER POZELI, TERRY COLLINS, RICK FREEMAN, ANGELA LINER, CHRISTIAN KINNEY, And DOES 1-10 | § § § § § | |
| Defendants. | § | |

## DEFENDANT ENAGIC USA, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [Doc. 8]

Pursuant to Federal Rules of Civil Procedure 8, 9, and 12(b)(6), Defendant Enagic USA, Inc. ("Enagic"), moves to dismiss Plaintiff's second amended complaint [Doc. 8] as follows:

1. Plaintiff, Craig Cunningham, filed this lawsuit on July 31, 2015. As reflected on the docket, Plaintiff served Enagic with the first version of his complaint. Plaintiff subsequently filed two amended complaints, one on September 9, 2015 and one on September 15, 2015. Neither of these two amended complaints were served on Enagic. Enagic notes additionally that Plaintiff's second amendment was filed in violation of Fed. R. Civ. P. 15(a) which allows only one amendment without leave of court or consent of the opposing party.

2. On September 18, 2015, Enagic filed its motion to dismiss Plaintiff's complaint. Enagic's motion was based on Plaintiff's first complaint, the only version with which Enagic had been served. Plaintiff then contacted Enagic's counsel to inform them of the subsequent amendments.

3. Accordingly, Enagic hereby files its motion to dismiss Plaintiff's second amended complaint.[1] Like his original complaint, Plaintiff's second amended complaint for violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, et seq. ("TCPA") should be dismissed pursuant to Rule 12(b)(6) because the complaint does not allege facts that demonstrate Enagic initiated unlawful telephone calls or text messages to Plaintiff's cellular telephone line or that Enagic made telemarketing calls to Plaintiff on a number registered on a do-not-call list. Rather, Plaintiff's complaint simply alleges that co-defendants, Peter Polselli, Terry Collins, Rick Freeman, Angela Liner, Jeffrey Howard, Peter Wolfing, and Christian Kinney, not Enagic, called Plaintiff. The complaint does not allege sufficient facts to establish these individuals are representatives of Enagic and were acting on behalf and at the direction of Enagic.

4. Federal courts addressing the sufficiency of the allegations in a TCPA complaint require "more than a bare assertion of [the TCPA] elements, looking instead to the plaintiff's factual allegations to determine whether a TCPA claim can be sustained." *Sepehry-Fard v. MB Fin. Serv.,* 2014 U.S. Dist. LEXIS 71568 (N.D. Cal. May 23, 2014) (citing *Kramer v. Autobytel, Inc.,* 759 F.Supp.2d 1165, 1171 (N.D. Cal. 2010)); *see also Strand v. Corinthian Colleges, Inc.*, 2014 U.S. Dist. LEXIS 52963 (W.D. Mich. April 17, 2014) (dismissing a TCPA complaint because "[n]otice pleading, under *Twombly* and *Iqbal*, necessarily requires that a plaintiff plead the telephone number in question to 'raise a right to relief above the speculation level'" (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] Should the Court decide *sua sponte* to strike Plaintiff's second amended complaint as improperly filed, Enagic asks the Court to consider this motion and supporting memorandum as grounds to dismiss Plaintiff's first amended complaint which contains substantially the same insufficient allegations as the second amended complaint. *See* Fed. R. Civ. P. 12(f); *Minick v. Metro. Gov't of Nashville & Davidson County*, 2014 U.S. Dist. LEXIS 176130 (M.D. Tenn. Dec. 22, 2014) (striking amended complaint as a legal nullity where it was filed in violation of Fed. R. Civ. P. 15 and the court's case management order).

5. As discussed in more detail in the accompanying Memorandum, the conclusory allegations in the complaint are inadequate to state a claim upon which relief can be granted and the complaint therefore should be dismissed.

6. The grounds and precedent for this motion are more fully set forth in Enagic's Memorandum in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint, filed contemporaneously herewith and incorporated by reference into this motion.

WHEREFORE, Enagic USA, Inc. respectfully requests that this Court dismiss all of Plaintiff's claims against it and that this Court grant such other relief to which Enagic is justly entitled.

Dated:  September 29, 2015                        RESPECTFULLY SUBMITTED,

*/s/ J. Anne Tipps*
J. Anne Tipps
STITES & HARBISON, PLLC
401 Commerce St., Ste. 800
Nashville, TN  37219
(615) 782-2200
annie.tipps@stites.com

Katrina L. Dannheim
(*pro hac vice* application pending)
STITES & HARBISON, PLLC
400 W. Market Street
Suite 1800
Louisville, KY 40202
(502) 681-0429
kdannheim@stites.com

*Attorneys for ENAGIC USA, INC.*

## CERTIFICATE OF SERVICE

      I do hereby certify that a copy of the foregoing pleading has been served on Plaintiff by U.S. Mail on this the 29th day of September, 2015.

Craig Cunningham, *Pro Se*
5543 Edmondson Pike, Ste. 248
Nashville, TN 37211

                                            */s/ J. Anne Tipps*
                                            J. Anne Tipps

4
Case 3:15-cv-00847   Document 16   Filed 09/29/15   Page 4 of 4 PageID #: 85