IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § § § | |
| Plaintiff, | § § | |
| vs. | § § § | CIVIL ACTION NO. 3:15-CV-00847 Judge John T. Nixon |
| ENAGIC USA INC., PETER POZELI, TERRY COLLINS, RICK FREEMAN, ANGELA LINER, CHRISTIAN KINNEY, And DOES 1-10 | § § § § § | |
| Defendants. | § | |

**DEFENDANT ENAGIC USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, 9, and 12(b)(6), Defendant Enagic USA, Inc. ("Enagic") files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 8].[1]

# I.
# BACKGROUND

Plaintiff Craig Cunningham ("Plaintiff") is no stranger to the legal system. This Court recognized in an opinion last year that Plaintiff, at that point, had filed no less than 11 lawsuits in this District alone since 2012 alleging violations of the Telephone Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act.[2] Plaintiff takes pride in his scheme of baiting

---

[1] As noted in Enagic's Motion to Dismiss Plaintiff's Second Amended Complaint, Plaintiff's second amendment was filed in violation of Fed. R. Civ. P. 15(a) which allows only one amendment without leave of court or consent of the opposing party. Should the Court decide *sua sponte* to strike Plaintiff's second amended complaint as improperly filed, Enagic asks the Court to consider its motion and this supporting memorandum as grounds to dismiss Plaintiff's first amended complaint which contains substantially the same insufficient allegations as the second amended complaint. *See* Fed. R. Civ. P. 12(f); *Minick v. Metro. Gov't of Nashville & Davidson County*, 2014 U.S. Dist. LEXIS 176130 (M.D. Tenn. Dec. 22, 2014) (striking amended complaint as a legal nullity where it was filed in violation of Fed. R. Civ. P. 15 and the court's case management order).

[2] *Cunningham v. Kondaur Capital*, 2014 U.S. Dist. LEXIS 183095 (M.D. Tenn. Nov. 19, 2014). Plaintiff has made similar claims in federal courts in Texas. *See Cunningham v. Credit Mgmt., L.P.*, 2010 U.S. Dist. LEXIS 102802

and suing companies; in fact, he openly bragged about it to a Dallas, Texas news source in 2010.[3]

Plaintiff's pursuit of free money continues here. Plaintiff alleges that in 2014 and 2015, he received "multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone which informed the Plaintiff about an exciting business opportunity to make money quickly." Second Amended Compl. ¶ 16. Plaintiff also alleges he "received multiple unsolicited text messages to his cell phone soliciting the Plaintiff to join the program and attend conference calls and other meetings."[4] *Id.* Plaintiff identifies the persons who made the telephone calls and sent the text messages as Peter Polselli, Christian Kinney, Rich Freeman, Terry Collins, Angela Liner, Jeffrey Howard, and Peter Wolfing. *Id.* ¶¶ 21, 25, 27, 28, 29, 34, 36 and 38.

Plaintiff does not allege that Enagic made the offending calls. Plaintiff does not state the dates and times of the calls, the specific content of the calls, the telephone numbers that allegedly called Plaintiff, the information that was displayed on Plaintiff's caller ID at the time of the offending calls, or the telephone number at which Plaintiff received the calls. Plaintiff also fails to plead any facts in support of the allegation that the calls were artificial or prerecorded or that the calls were telemarketing calls. Plaintiff does not allege he registered any of this phone numbers on a do-not-call registry. Further, the complaint does not contain sufficient facts to support the legal recitation that the callers had "apparent authority, actual authority and the ratification of Enagic". *Id.* ¶ 42. Nonetheless, Plaintiff claims the telephone calls and text

---

(N.D. Tex. Aug. 30, 2010) (finding that Plaintiff filed suit in bad faith and for the purposes of harassment and noting that Plaintiff offers himself as an "angry and litigious consumer" who authors articles on how to sue debt collection companies for profit).

[3] A copy of the article can be found at http://www.dallasobserver.com/news/better-off-deadbeat-craig-cunningham-has-a-simple-solution-for-getting-bill-collectors-off-his-back-he-sues-them-6419391 (last visited Sept. 18, 2015)

[4] Curiously, the complaint alleges more than one of the defendants contacted Plaintiff by email, which begs the question of how the defendants obtained Plaintiff's email address if Plaintiff was not voluntarily communicating with the defendants at some point. Second Amended Compl. ¶¶ 24, 36, 37. This is indicative of Plaintiff's bait-and-switch tactics.

messages are violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") for which Enagic is liable. *Id*. ¶¶ 46, 48. Essentially, Plaintiff seeks to recover monetary damages for each alleged telephone call without providing Enagic any detailed factual information about the calls. Plaintiff's conclusory allegations do not state a claim under the TCPA, and they should be dismissed under Rule 12(b)(6).

## II.
## ARGUMENT

A.  **Legal Standard.**

In ruling on a motion to dismiss, all of the well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). However, "[t]he standard of review `require[s] more than the bare assertion of legal conclusions." *See Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Thus, this Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). Therefore, to survive a Rule 12(b)(6) motion, "[t]he

factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC*, 500 F.3d at 527.

The facts alleged by Plaintiff are insufficient to support a cause of action against Enagic under the TCPA. Therefore, Enagic's motion to dismiss should be granted with prejudice.

**B.     Plaintiff Failed to Plead Facts Sufficient to State a Claim Under Section 227(b) of the TCPA.**

Plaintiff's first cause of action is based on 47 U.S.C. § 227(b). That section states, in relevant part, that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> ...
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1). The TCPA defines the term "automatic telephone dialing system" to mean "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1). Therefore, in order to allege a claim under the TCPA, Plaintiff must plead facts that, if proven, would demonstrate that Enagic made the alleged calls to Plaintiff's cellular number, that Enagic used an automatic telephone dialing system or artificial or prerecorded voice, and that the calls were made without Plaintiff's prior consent. *Id.* § 227(b)(1); *Sepehry-Fard v. MB Fin. Serv.,* 2014 U.S. Dist. LEXIS 71568 (N.D. Cal. May 23, 2014); *Aikens v. Synchrony Financial*,

2015 U.S. Dist. LEXIS 115467 (E.D. Mich. July 31, 2015), *adopted in part and rejected in part*, 2015 U.S. Dist. LEXIS 115023 (E.D. Mich. Aug. 31, 2015).

In *Sepehry-Fard,* the Court granted the defendant's motion to dismiss a TCPA complaint because the plaintiff did not plead facts explaining why he believed the defendant made the offending calls, failed to describe the date, timing, or specific content of the offending calls, and failed to allege facts stating why he believed the calls were artificial or a prerecorded voice. *Sepehry-Fard,* 2014 U.S. Dist. LEXIS 71568, *10.

In *Aikens*, the plaintiff failed to identify the times of day she received the offending calls, the content of the calls, or facts to indicate the calls originated from an automatic telephone dialing system. *Aikens,* 2015 U.S. Dist. LEXIS 115467, at *11. For these reasons, the Court determined the plaintiff had not met the pleading requirements and dismissed her complaint. *Id*.

Plaintiff has not alleged that Enagic called his telephone number. Second, Plaintiff has failed to identify his cellular telephone number, when the purported calls were made to his telephone number, the content of the calls, or the information that was displayed on Plaintiff's Caller ID at the time of the offending calls.

Nor has Plaintiff alleged any facts in support of the recitation that the caller(s) used an artificial or prerecorded voice or an automatic telephone dialing system to deliver messages to Plaintiff. Rather, Plaintiff simply recites the statutory language. For example, Plaintiff states that "Christian Kinney violated the TCPA by placing multiple automated telephone calls with pre-recorded messages to Plaintiff", and that "Both Terry and Rick violated the TCPA by making automated calls with pre-recorded messages to Plaintiff's cell phone." Second Amended Compl. ¶¶ 25, 29. Such conclusory recitations cannot survive a motion to dismiss. *See Padilla v. Whetstone Partners, LLC,* 2014 U.S. Dist. LEXIS 95308, *5-6 (S.D. Fla. July 14, 2014). In

5

*Padilla*, the court granted the defendant's motion to dismiss on the ground that "the Plaintiff's amended complaint contains a recitation of the statutory cause of action" and "fails to explain the circumstances that suggest Defendant used an automatic device." *Id*. This is exactly the situation in this case. In fact, Plaintiff's allegations strongly suggest that individuals, not an automatic telephone dialing system, placed the calls at issue to him. Second Amended Compl. ¶ 16 ("Peter regularly sent unsolicited text messages…"); ¶ 23 ("Rick placed dozens of automated calls to the Plaintiff…"). Any human intervention takes these calls outside the scope of the TCPA. *Luna v. Shac*, 2015 U.S. Dist. LEXIS 109841 (N.D. Cal. Aug. 19, 2015).

Even putting aside the deficiencies in Plaintiff's claims with respect to the type and content of calls he received, Plaintiff's claim against Enagic also fails because he does not allege facts to show that Enagic could be vicariously liable for calls made by the third parties named in the complaint. Plaintiff simply alleges the callers were agents of Enagic's and that Enagic "ratified the conduct" by sponsoring sales contests and paying commissions for sales. Second Amended Compl., ¶ 39. These allegations are insufficient to state a claim for vicarious liability.

As this Court recognized in *Cunningham v. Kondaur Capital*, 2014 U.S. Dist. LEXIS 183095, *16-20 (M.D. Tenn. Nov. 19, 2014), the FCC recognizes vicarious liability as a method for recovering under the TCPA. However, "the mere possibility that a defendant may be vicariously liable is not sufficient to state a claim for relief, and pleading facts that are merely consistent with liability is not enough." *Id*. at *16-17 (citing *Iqbal*, 556 U.S. at 678). Plaintiff must plead sufficient factual allegations to support a plausible claim against Enagic based upon those facts. *Id*. Plaintiff's complaint simply does not contain such facts. There are no factual allegations that Enagic itself had any interaction with Plaintiff; Plaintiff alleges only that he spoke with third party individuals. Further, although Plaintiff alleges one or more of the

6

Case 3:15-cv-00847   Document 17   Filed 09/29/15   Page 6 of 9 PageID #: 91

individuals he spoke with referred to Enagic, there are no factual allegations showing that these individuals were in fact acting at the directive of or on behalf of Enagic. Plaintiff does not allege he was transferred to Enagic during the telephone calls, that Enagic subsequently contacted him in any manner, or any other allegations from which it could reasonably be inferred that Enagic was provided information about Plaintiff or that Enagic was a de facto participant in the telephone calls. For these reasons, just as vicarious liability was lacking in Plaintiff's case against Kondaur Capital, it is also lacking against Enagic in this case. 2014 U.S. Dist. LEXIS 183095 at *16-20.

In sum, Plaintiff's threadbare accusations that Enagic is liable for violations of Section 227(b) of the TCPA are wholly unsupported by factual allegations. Count I is due to be dismissed.

C. **Plaintiff Failed to Plead Facts Sufficient to State a Claim Under Section 227(c) of the TCPA**.

Plaintiff also makes a vague and conclusory allegation that "the defendants" violated 47 U.S.C. § 227(c)(5) by failing to identify themselves on the calls and by not properly creating and maintaining a policy relating to a "do not call list." Second Amended Compl. ¶ 48. Critically, these threadbare allegations do not satisfy the federal pleading standard. Plaintiff never alleges which defendant is liable for these violations, nor does he allege "the defendants" made telemarketing calls. To the contrary, the allegations suggest the calls were related to a business opportunity whereby Plaintiff was recruited to sell certain products. These types of calls are not "telemarketing" calls. *See Dolemba v. Ill. Farmers Ins. Co.*, 2015 U.S. Dist. LEXIS 104314, *5 (N.D. Ill. Aug. 10, 2015); (recruitment call is not an advertisement); *AL and PO Corp. v. Med-Care Diabetic & Med. Supplies, Inc.*, No. 14 C 01893, 2014 U.S. Dist. LEXIS 171485 (N.D. Ill. Dec. 10, 2014) ("[D]rawing attention to a job opening does not equate to promoting the

7

'commercial availability or quality of any property, goods, or services'"); *Friedman v. Torchmark Corp.*, No. 12-CV-2837-IEG (BGS), 2013 U.S. Dist. LEXIS 114321 (S.D. Cal. Aug. 13, 2013) (similar); *see also Reardon v. Uber Tech., Inc.*, 2015 U.S. Dist. LEXIS 94183 (N.D. Cal. July 19, 2015) ("[T]he texts from Uber seeking to recruit drivers were not attempts to promote a 'good' (its application) to those drivers, but instead was an attempt to recruit drivers so that those potential drivers could provide services to riders."). Further, Plaintiff never even alleges his number was on any "do not call list." These are additional grounds to dismiss the complaint.

For these reasons, Plaintiff's conclusory allegations do not state a claim for violation of the TCPA and should be dismissed.

## III.
## CONCLUSION

Enagic USA, Inc. respectfully requests that this Court dismiss Plaintiff's claims against it and that this Court grant such other relief to which Enagic is justly entitled.

Dated: September 29, 2015

RESPECTFULLY SUBMITTED,

*/s/ J. Anne Tipps*
J. Anne Tipps
STITES & HARBISON, PLLC
401 Commerce St., Ste. 800
Nashville, TN 37219
(615) 782-2200
annie.tipps@stites.com

Katrina L. Dannheim
(*pro hac vice* application pending)
STITES & HARBISON, PLLC
400 W. Market Street
Suite 1800
Louisville, KY 40202
(502) 681-0429
kdannheim@stites.com

*Attorneys for ENAGIC USA, INC.*

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a copy of the foregoing pleading has been served on Plaintiff by U.S. Mail on this the 29th day of September, 2015.


Craig Cunningham, *Pro Se*
5543 Edmondson Pike, Ste. 248
Nashville, TN 37211


                                                                     */s/ J. Anne Tipps*
                                                                     J. Anne Tipps

9
Case 3:15-cv-00847   Document 17   Filed 09/29/15   Page 9 of 9 PageID #: 94