RECEIVED
IN CLERK'S OFFICE

OCT 19 2015

U.S. DISTRICT COURT
MID. DIST. TENN.

) CRAIG CUNNINGHAM, PLAINTIFF, PRO SE
)
)
)       V.
)
) ENAGIC USA, INC., PETER POLSELLI, TERRY COLLINS, RICK FREEMAN,
) ANGELA LINER, CHRISTIAN KINNEY, THE 7 FIGURE WEALTH CORPORATION,
) CORAZON MANAGEMENT GROUP, INC., JEFFREY HOWARD,
) SUSIE TREMBLAY-BROWN, PETER WOLFING, MULTIPLEX SYSTEMS, INC. AND
) JOHN/JANE DOES 1-10

## DEFENDANT CORAZON MANAGEMENT GROUP, INC.'S

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1. Defendant Corazon Management Group, Inc., files herein it's Answer to Plaintiff's Amended Complaint.

2. Corazon Management Group, Inc. ("CMG") is a Nevada Corporation in good standing, with its primary offices at 5348 Vegas Drive, Las Vegas, NV 89108.

3. Defendant CMG has no specific association with, or knowledge regarding the accuracy of Plaintiff's claims with regard to, any other Defendants in this action as alleged in Paragraphs 1 through 13 of his Amended Complaint, with the exception of Defendants Jeffrey Howard, CMG's authorized agent and attorney-in-fact, Susie Tremblay-Brown, an independent Virtual Assistant, and Enagic USA, Inc. ("Enagic"), with which CMG is associated as an independent contractor.

**DEFENDANT CORAZON MANAGEMENT GROUP, INC.'S RESPONSES TO PLAINTIFF'S**

**JURISDICTION AND FACTUAL ALLEGATION**

4.     In response to Paragraph 14 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

5.     In response to Paragraph 15 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

6.     In response to Paragraph 16 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

7.     In response to Paragraph 17 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

8.     In response to Paragraph 18 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

9.     In response to Paragraph 19 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

10.     In response to Paragraph 20 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

11.     In response to Paragraph 21 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

1    12.    In response to Paragraph 22 of Plaintiff's Amended
2    Complaint, Defendant CMG DENIES, and/or has no specific knowledge
3    pertaining to, the allegation.
4    13.    In response to Paragraph 23 of Plaintiff's Amended
5    Complaint, Defendant CMG DENIES, and/or has no specific knowledge
6    pertaining to, the allegation.
7    14.    In response to Paragraph 24 of Plaintiff's Amended
8    Complaint, Defendant CMG DENIES, and/or has no specific knowledge
9    pertaining to, the allegation.
10   15.    In response to Paragraph 25 of Plaintiff's Amended
11   Complaint, Defendant CMG DENIES, and/or has no specific knowledge
12   pertaining to, the allegation.
13   16.    In response to Paragraph 26 of Plaintiff's Amended
14   Complaint, Defendant CMG DENIES, and/or has no specific knowledge
15   pertaining to, the allegation.
16   17.    In response to Paragraph 27 of Plaintiff's Amended
17   Complaint, Defendant CMG DENIES, and/or has no specific knowledge
18   pertaining to, the allegation.
19   18.    In response to Paragraph 28 of Plaintiff's Amended
20   Complaint, Defendant CMG DENIES, and/or has no specific knowledge
21   pertaining to, the allegation.
22   19.    In response to Paragraph 29 of Plaintiff's Amended
23   Complaint, Defendant CMG DENIES, and/or has no specific knowledge
24   pertaining to, the allegation.
25   20.    In response to Paragraph 30 of Plaintiff's Amended
26   Complaint, Defendant CMG DENIES, and/or has no specific knowledge
27   pertaining to, the allegation.
28

21.     In response to Paragraph 31 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

22.     In response to Paragraph 32 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

23.     In response to Paragraph 33 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

24.     In response to Paragraph 34 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

25.     In response to Paragraph 35 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

26.     In response to Paragraph 36 of Plaintiff's Amended Complaint, Defendant CMG DENIES and/or has no specific knowledge pertaining to, the allegation.

27.     In response to Paragraph 37 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

28.     In response to Paragraph 38 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

29.     In response to Paragraph 39 of Plaintiff's Amended Complaint, Defendant CMG DENIES, and/or has no specific knowledge pertaining to, the allegation.

30.     In response to Paragraph 40 of Plaintiff's Amended
        Complaint, Defendant CMG DENIES, and/or has no specific knowledge
        pertaining to, the allegation.
31.     In response to Paragraph 41 of Plaintiff's Amended
        Complaint, Defendant CMG DENIES, and/or has no specific knowledge
        pertaining to, the allegation.
32.     In response to Paragraph 42 of Plaintiff's Amended
        Complaint, Defendant CMG DENIES, and/or has no specific knowledge
        pertaining to, the allegation.
33.     In response to Paragraph 43 of Plaintiff's Amended
        Complaint, Defendant CMG DENIES, and/or has no specific knowledge
        pertaining to, the allegation.
34.     In response to Paragraph 44 of Plaintiff's Amended
        Complaint, Defendant CMG DENIES, and/or has no specific knowledge
        pertaining to, the allegation.

## DEFENDANT CMG'S AFFIRMATIVE DEFENSES IN RESPONSE
## TO PLAINTIFF'S AMENDED COMPLAINT AND CAUSES OF ACTION

35.     DEFENDANT CMG'S FIRST AFFIRMATIVE DEFENSE. Plaintiff has
        failed to properly serve Defendant in this case because he
        personally mailed a copy of the Summons and Amended Complaint via
        Certified Mail himself, rather than through a Marshal, under
        Middle District of Tennessee Local Rule LR4.01(c). Furthermore,
        the USPS postmarks on the envelopes with Plaintiff's service
        documents originate from Dallas, Texas, outside the jurisdiction
        of the Marshal in the jurisdiction of filing.  The document
        package received was not properly served, and did not include

Certificate of Service showing proper service on other Defendants in this action, although clearly other Defendants were served in this action prior to Defendant CMG being named in this action.

36. DEFENDANT CMG'S SECOND AFFIRMATIVE DEFENSE. Plaintiff has failed to properly serve Defendant in this case because Plaintiff neither requested of Defendant, nor moved the Court for, a proper Waiver of Service, under USDC Rule 4(d).

37. DEFENDANT CMG'S THIRD AFFIRMATIVE DEFENSE. Plaintiff has on numerous occasions, from various parties, specifically requested information regarding earning money from home or starting a home-based business and as such regularly appears and reappears on database lists of business opportunity seekers.

38. DEFENDANT CMG'S FOURTH AFFIRMATIVE DEFENSE. Plaintiff is actively seeking out new ways to have his phone numbers appear on business opportunity phone lists while posing as an opportunity seeker in a calculated and specific effort to strategically position himself to file frivolous lawsuits such as the subject action, in multiple jurisdictions, against multiple defendants, wasting both the Court's valuable time, and the time of legitimate businesspeople who are actively supporting the economy and their families.

39. DEFENDANT CMG'S FIFTH AFFIRMATIVE DEFENSE. Plaintiff's complaint is frivolous and without legitimate basis, filled with hearsay, opinions, conjecture, assumptions and conclusions drawn with the sole intent to support the frivolous nature of this complaint. It is clear from Plaintiff's allegations that he has a strong, personal negative association with the home-based business industry.

40. DEFENDANT CMG'S SIXTH AFFIRMATIVE DEFENSE. On two separate occasions, first on July 15, 2015 and again on August 26, 2015, Plaintiff placed an <u>INBOUND</u> telephone call to a marketing phone number, listened to 25 minutes of recorded information regarding a specific opportunity and left voicemail messages in both cases, specifically requesting additional information regarding the details of the opportunity. Defendant CMG maintains the original voicemail recordings of these requests.

41. DEFENDANT CMG'S SEVENTH AFFIRMATIVE DEFENSE. Through its agent and Co-Defendant, Jeffrey Howard, Defendant CMG had numerous conversations with Plaintiff, who indicated he was an MBA and owned a business selling electronic smoking paraphernalia. In fact, when asked directly, Plaintiff also indicated that he was seeking out additional legitimate entrepreneurial opportunities. Plaintiff repeatedly and continuously expressed interest in becoming involved with the proposed business venture.

42. DEFENDANT CMG'S EIGHTH AFFIRMATIVE DEFENSE. Plaintiff specifically indicated interest in the opportunity at every stage of the marketing and interview process. On approximately September 2, 2015, Plaintiff also specifically stated: *"I'm in...what is the next step?"* at which point enrollment instructions and financing options were presented to him through an email communication. Plaintiff then indicated that he had a credit score of 720 and, based on that, had applied for a Comerica VISA card (which incurs zero interest, zero fees for one year) through the resources provided to him through our correspondence. He indicated that he had received approval from

1  Comerica for a credit line of $10,000 and would place his order
2  forthwith.

3  43.    DEFENDANT CMG'S NINTH AFFIRMATIVE DEFENSE. Plaintiff has
4  falsely stated in this Amended Complaint that calls placed to him
5  were to a mobile or cell phone. The telephone number dialed was
6  615-212-9191. This was the only number in the telephone system
7  listed for Plaintiff, and is the number from which he made both
8  of the inbound calls to our recorded information system as
9  referenced in Paragraph 40, above.

10  44.    DEFENDANT CMG'S TENTH AFFIRMATIVE DEFENSE. A Google search
11  of Plaintiff's alleged _mobile_ phone number, 615-212-9191, shows
12  numerous entries indicating that number is listed and owned by
13  the following business:

                        Smoke Power Electronic Cigarettes
15                               3601-B Nolensville Pike
                                  Nashville, TN 37211
16                                 Phone: (615) 212-9191
                              Email: sales@smokepower.com
17                             Web: www.smokepower.com

19  45.    DEFENDANT CMG'S ELEVENTH AFFIRMATIVE DEFENSE. A search of
20  Plaintiff's alleged mobile phone number, 615-212-9191, on
21  PhoneValidator.com (a trusted and recognized resource for showing
22  a phone's status as either landline, VOIP or mobile) indicates
23  the following:

                        Phone Number: 615-212-9191
25                        Date of this Report: October 15, 2015
                        Phone Line Type: LANDLINE [emphasis added]
26  Phone Company: BANDWIDTH.COM – POSSIBLE GOOGLE VOICE OR OTHER VIRTUAL
                                   PHONE NUMBER
27                        Phone Location: SPRINGFIELD, TN

46.     DEFENDANT CMG'S TWELFTH AFFIRMATIVE DEFENSE. A search of
        Plaintiff's alleged mobile phone number, 615-212-9191, on
        SearchBug.com (another trusted and recognized resource for
        showing a phone's status as either landline, VOIP or mobile)
        indicates the following:

> Phone Number (615) 212-9191 Is Valid
> Owner Name:     not searched     Find Name
> Phone Type:     LANDLINE [emphasis added]
> Carrier:   BANDWIDTH.COM CLEC (OCN: 124F
> Area Code: Tennessee: Nashville, Murfreesboro,
> Springfield, Lebanon, Dickson and north central
> Tennessee. Split from 901.
> Location:  SPRINGFLD
> Local Calling Area:   Nashville TN
> Time Zone: Central Daylight Time (CDT)
>
> Phone Line Type: Landline vs. Cell Phone is
> approximately 95% accurate. Less than 5% of numbers
> are transferred or ported from landlines to cell
> phones or vice versa.
> Landline Carrier: approximately 97% accurate. Very few
> people transferred their home number to a different
> landline carrier.

47.     DEFENDANT CMG'S THIRTEENTH AFFIRMATIVE DEFENSE. Plaintiff's
        phone number is clearly a landline or VOIP number and is not a
        mobile phone, therefore, there has been no breach of any code
        under the TCPA or violation of 47 USC 227(b) as alleged by
        Plaintiff. Further, Plaintiff's phone number is also listed as a
        business phone, not a personal phone, as indicated above.

48.     DEFENDANT CMG'S FOURTEENTH AFFIRMATIVE DEFENSE. Plaintiff
        had the opportunity at any time to have this number or any other
        number automatically or manually removed from any further
        marketing call lists and chose to remain in the system, with the
        specific ongoing intent of soliciting opportunities to bring
        additional frivolous lawsuits.

1    49.    DEFENDANT CMG'S FIFTEENTH AFFIRMATIVE DEFENSE. Plaintiff
2       has a long and colorful history as a "professional plaintiff," as
3       indicated by the continuing and ongoing amendments to this
4       Complaint, and a history of filing previous complaints in similar
5       actions, such as Craig Cunningham v. Alliance Security, et al,
6       Case Number 3:14-0769, filed last year, and as many as twelve
7       other lawsuits over the past three years. Further confirmation of
8       Plaintiff's ongoing history and status as a "professional
9       plaintiff" as well as his clearly deceptive "baiting and
10       enticement" strategy is bolstered by an article in the Dallas
11       Observer, dated over five years ago, entitled:  *"BETTER OFF
12       DEADBEAT: CRAIG CUNNINGHAM HAS A SIMPLE SOLUTION FOR GETTING BILL
13       COLLECTORS OFF HIS BACK. HE SUES THEM,"* wherein Plaintiff's story
14       of non-payment of his financial obligations led him to searching
15       for loopholes in the debt collection system in order to escape
16       those obligations and in fact, seems to take great pride in such
17       behavior. The article may be found at the following URL:
18       http://www.dallasobserver.com/news/better-off-deadbeat-craig-
19       cunningham-has-a-simple-solution-for-getting-bill-collectors-off-
20       his-back-he-sues-them-6419391
21    50.    DEFENDANT CMG'S SIXTEENTH AFFIRMATIVE DEFENSE. Defendant
22       CMG participates only in legitimate and firmly established
23       marketing opportunities in the direct sales and network marketing
24       industry, not in "get rich quick" or "pyramid schemes" as alleged
25       by Plaintiff.
26    51.    DEFENDANT CMG'S SEVENTEENTH AFFIRMATIVE DEFENSE. Defendant
27       CMG made no product claims, health claims, specifically or
28       implied, or guarantees of business viability, particularly

anyone's ability to "make money quickly" either separately, or
through its agent and officer, Jeffrey Howard, as claimed by
Plaintiff with regard to other Defendants in this case.

52.    DEFENDANT CMG'S EIGHTEENTH AFFIRMATIVE DEFENSE. CMG,
separately and through its agents, makes every ongoing reasonable
effort to comply with all applicable regulations regarding
telephone marketing through regular and ongoing screening of its
databases against the national do not call lists, mobile phone
number lists and all available means to assure it only connects
with legitimate and viable seekers of home-based business
opportunities. Further, Plaintiff has failed to state that he
was, or has ever attempted to be, on any Do Not Call list.

53.    ·DEFENDANT CMG'S NINETEENTH AFFIRMATIVE DEFENSE. CMG has no
direct or indirect relationship with any other Defendant named in
Plaintiff's Amended Complaint, with the exception of its
independent business relationship with Enagic, and it's
relationship with Defendant Susie Tremblay-Brown, who is an
independent Virtual Assistant, contracted only to serve in a
technical support and systems set-up capacity, and to the best of
CMG's knowledge, has never placed an automated call through any
system, further evidence that Plaintiff is simply fishing and
"naming everyone" in his frivolous lawsuits.

54.    DEFENDANT CMG'S TWENTIETH AFFIRMATIVE DEFENSE. Plaintiff
has failed to show legal standing to bring a civil action in this
case as he has not been personally damaged in any way, and has
suffered no loss or damage, monetarily or otherwise.  Plaintiff
has had multiple opportunities, over the course of many years, to
bring a full stop to any marketing contact from Defendant (or

1   anyone else), simply by automatically or manually requesting to
2   be removed from any marketing lists, a request which would have
3   been immediately honored, but which never took place.  Instead,
4   Plaintiff has chosen to continue his ongoing baiting and
5   enticement strategy in an effort to bring frivolous lawsuits.

6   55.    DEFENDANT CMG'S TWENTY-FIRST AFFIRMATIVE DEFENSE.  Because
7   Plaintiff has no legitimate basis for bringing this action for
8   damages (as no actual damages have occurred), a civil action is
9   not justified in this case and, as such, Plaintiff's action has
10  no civil basis and is brought outside of proper jurisdiction.
11  Should any alleged violation of any code referenced herein
12  actually occur, jurisdiction would fall on the appropriate
13  regulatory bodies to enforce any such alleged violation.

14  56.    DEFENDANT CMG'S TWENTY-SECOND AFFIRMATIVE DEFENSE.
15  Plaintiff has failed to state a specific claim or action by any
16  Defendant under the TCPA or violation of 47 USC 227(b) for which
17  he can claim damages. Plaintiff has only alleged that "multiple
18  automated calls" took place.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**CONCLUSION**

Based upon the foregoing, Defendant CMG, prays for the following:

1. That Plaintiff takes nothing by his complaint.
2. That Plaintiff receives sanctions for filing frivolous and unfounded lawsuits against Defendant.
3. That Plaintiff be enjoined from filing further actions against Defendant CMG on similar grounds.
4. That Defendant CMG be dismissed with prejudice from the action herein.
5. That any attorney's fees incurred on behalf of Defendants be borne by Plaintiff, including any associated fees and costs.
6. For such other and further relief as the Court may deem proper.

Dated:   October 15, 2015

Respectfully submitted:

CORAZON MANAGEMENT GROUP, INC.
by its agent and attorney-in-fact:


_____
Jeffrey Howard, Officer/Agent for
Corazon Management Group, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 16th day of October 2015, this Certificate of Service for

### DEFENDANT CORAZON MANAGEMENT GROUP, INC.'S
### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

was served on all known parties to this action, by U.S. Mail, postage prepaid, upon:

Served via U.S. Mail:

Craig Cunningham
5543 Edmondson Pike, Ste. 248
Nashville, TN 37211
Plaintiff, Pro Se

Peter Polselli
50 Danes Street
Patchogue, NY 11772
Defendant, Pro Se

J. Anne Tipps
STITES & HARBISON, PLLC
401 Commerce St., Ste. 800
Nashville, TN 37219

Katrina L. Dannheim
STITES & HARBISION, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Attorneys for Enagic USA, Inc.

Lavenia S. Brown

erty of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may
of federal law. This packaging is for not for resale. EP13F © U.S. Postal Service, July 2013. All rights reserved.

PRESS FIRMLY TO SEAL

U.S. POSTAGE
PAID
PETALUMA, CA
94952
OCT 15 15
AMOUNT
**$19.99**
R2305K1132690-01

1007                    37203

TINNAI IISF

E K 9 6 5 7 5 7 4 0 0 S

![USPS logo] **UNITED STATES
POSTAL SERVICE®**

**PRIORITY
★ MAIL ★
EXPRESS™**

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☐ 1-Day | ☒ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|
| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage | |
| 0 4 9 5 2 | 1 0 - 1 9 - 1 5 | $ 1 9 . 9 9 | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
| 1 0 - 1 6 - 1 5 | ☐ 10:30 AM ☒ 3:00 PM ☐ 12 NOON | $ | $ |
| Time Accepted | 10:30 AM Delivery Fee | Return Receipt Fee | |
| 2:33 ☐ AM ☐ PM | $ | $ | |
| Weight | ☐ Flat Rate | Sunday/Holiday Premium Fee | Live Animal Transportation Fee |
| lbs. 16 ozs. | | $ | $ |
| | Acceptance Employee Initials | Total Postage & Fees | |
| | | $ 1 9 . 9 9 | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

Employee Signature

---

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT)          PHONE (702) 465-2251

Corazon Mgmt Group Inc

5349 Vegas Dr. Ste 619

Las Vegas, NV 89108

**PAYMENT BY ACCOUNT** (if applicable)

**DELIVERY OPTIONS** (Customer Use Only)

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1)
Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4)
Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's
mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
    *Refer to USPS.com® for local Post Office™ for availability.

**TO:** (PLEASE PRINT)          PHONE ( )

United States District Court

Middle District's Tennessee

801 Broadway, Room 800

Nashville TN 37203

WRITE FIRMLY TO MAKE ALL COPIES LEGIBLE.

---

RECEIVED

OCT 19 2015

U.S. DISTRICT COURT
DDLE DISTRICT OF TN.

