United States District Court

Middle District of Tennessee

CASE NUMBER: 3:15-CV-00847

CRAIG CUNNINGHAM, PLAINTIFF, PRO SE

V.

ENAGIC USA, INC., PETER POLSELLI, TERRY COLLINS, RICK FREEMAN, ANGELA LINER, CHRISTIAN KINNEY, THE 7 FIGURE WEALTH CORPORATION, CORAZON MANAGEMENT GROUP, INC., JEFFREY HOWARD, SUSIE TREMBLAY-BROWN, PETER WOLFING, MULTIPLEX SYSTEMS, INC. AND JOHN/JANE DOES 1-10

**DEFENDANT JEFREY HOWARD'S**

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

1. Defendant Jeffrey Howard files herein it's Answer to Plaintiff's Amended Complaint.

2. Jeffrey Howard ("Howard") is an individual natural person with a mailing address of 925 Lakeville Street #233, Petaluma, California 94952.

3. Howard has no specific association with, or knowledge regarding the accuracy of Plaintiff's claims with regard to, any other Defendants in this action as alleged in Paragraphs 1 through 13 of his Amended Complaint, with the exception of Corazon Management Group, Inc. ("CMG"), as CMG's authorized agent, officer and attorney-in-fact, Susie Tremblay-Brown, an independent Virtual Assistant, and Enagic USA, Inc. ("Enagic"), with which CMG is associated as an independent contractor.

4. It should be noted by the Court that Defendant Howard has not been served in this case, but through his association with CMG,

has specific knowledge of the case being filed, and his being named as a defendant, and therefore, files this Answer to Plaintiff's Amended Complaint in an effort to protect his rights in this case.

**DEFENDANT JEFFREY HOWARD'S RESPONSES**

**TO PLAINTIFF'S JURISDICTION AND FACTUAL ALLEGATION**

5. In response to Paragraph 14 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.
6. In response to Paragraph 15 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.
7. In response to Paragraph 16 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.
8. In response to Paragraph 17 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.
9. In response to Paragraph 18 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.
10. In response to Paragraph 19 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

11. In response to Paragraph 20 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

12. In response to Paragraph 21 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

13. In response to Paragraph 22 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

14. In response to Paragraph 23 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

15. In response to Paragraph 24 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

16. In response to Paragraph 25 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

17. In response to Paragraph 26 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

18. In response to Paragraph 27 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

19. In response to Paragraph 28 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

20. In response to Paragraph 29 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

21. In response to Paragraph 30 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

22. In response to Paragraph 31 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

23. In response to Paragraph 32 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

24. In response to Paragraph 33 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

25. In response to Paragraph 34 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

26. In response to Paragraph 35 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

27. In response to Paragraph 36 of Plaintiff's Amended Complaint, Defendant Howard DENIES and/or has no specific knowledge pertaining to, the allegation.

28. In response to Paragraph 37 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

29. In response to Paragraph 38 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

30. In response to Paragraph 39 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

31. In response to Paragraph 40 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

32. In response to Paragraph 41 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

33. In response to Paragraph 42 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

34. In response to Paragraph 43 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

35. In response to Paragraph 44 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

**DEFENDANT HOWARD'S AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT AND CAUSES OF ACTION**

36. DEFENDANT HOWARD'S FIRST AFFIRMATIVE DEFENSE. Plaintiff has failed to properly serve Defendant in this case because he _personally_ mailed a copy of the Summons and Amended Complaint via

Certified Mail himself, rather than through a Marshal, under Middle District of Tennessee Local Rule LR4.01(c). Furthermore, the USPS postmarks on the envelopes with Plaintiff's service documents originate from Dallas, Texas, outside the jurisdiction of the Marshal in the jurisdiction of filing. The document package received was not properly served, and did not include Certificate of Service showing proper service on other Defendants in this action, although clearly other Defendants were served in this action prior to Defendant Howard being named in this action.

37. DEFENDANT HOWARD'S SECOND AFFIRMATIVE DEFENSE. Plaintiff has failed to properly serve Defendant in this case because Plaintiff neither requested of Defendant, nor moved the Court for, a proper Waiver of Service, under USDC Rule 4(d).

38. DEFENDANT HOWARD'S THIRD AFFIRMATIVE DEFENSE. Plaintiff has on numerous occasions, from various parties, specifically requested information regarding earning money from home or starting a home-based business and as such regularly appears and reappears on database lists of business opportunity seekers.

39. DEFENDANT HOWARD'S FOURTH AFFIRMATIVE DEFENSE. Plaintiff is actively seeking out new ways to have his phone numbers appear on business opportunity phone lists while posing as an opportunity seeker in a calculated and specific effort to strategically position himself to file frivolous lawsuits such as the subject action, in multiple jurisdictions, against multiple defendants, wasting both the Court's valuable time, and the time of legitimate businesspeople who are actively supporting the economy and their families.

40. DEFENDANT HOWARD'S FIFTH AFFIRMATIVE DEFENSE. Plaintiff's complaint is frivolous and without legitimate basis, filled with hearsay, opinions, conjecture, assumptions and conclusions drawn with the sole intent to support the frivolous nature of this complaint. It is clear from Plaintiff's allegations that he has a strong, personal negative association with the home-based business industry.

41. DEFENDANT HOWARD'S SIXTH AFFIRMATIVE DEFENSE. On two separate occasions, first on July 15, 2015 and again on August 26, 2015, Plaintiff placed an INBOUND telephone call to a marketing phone number, listened to 25 minutes of recorded information regarding a specific opportunity and left voicemail messages in both cases, specifically requesting additional information regarding the details of the opportunity. Defendant Howard maintains the original voicemail recordings of these requests.

42. DEFENDANT HOWARD'S SEVENTH AFFIRMATIVE DEFENSE. Defendant Howard had numerous conversations with Plaintiff, who indicated he was an MBA and owned a business selling electronic smoking paraphernalia. In fact, when asked directly, Plaintiff also indicated that he was seeking out additional legitimate entrepreneurial opportunities. Plaintiff repeatedly and continuously expressed interest in becoming involved with the proposed business venture.

43. DEFENDANT HOWARD'S EIGHTH AFFIRMATIVE DEFENSE. Plaintiff specifically indicated interest in the opportunity at every stage of the marketing and interview process. On approximately September 2, 2015, Plaintiff also specifically stated: "I'm

*in...what is the next step?"* at which point enrollment instructions and financing options were presented to him through an email communication. Plaintiff then indicated that he had a credit score of 720 and, based on that, had applied for a Comerica VISA card (which incurs zero interest, zero fees for one year) through the resources provided to him through our correspondence. He indicated that he had received approval from Comerica for a credit line of $10,000 and would place his order forthwith.

44. DEFENDANT HOWARD'S NINTH AFFIRMATIVE DEFENSE. Plaintiff has falsely stated in this Amended Complaint that calls placed to him were to a mobile or cell phone. The telephone number dialed was 615-212-9191. This was the only number in the telephone system listed for Plaintiff, and is the number from which he made both of the inbound calls to our recorded information system as referenced in Paragraph 40, above.

45. DEFENDANT HOWARD'S TENTH AFFIRMATIVE DEFENSE. A Google search of Plaintiff's alleged *mobile* phone number, 615-212-9191, shows numerous entries indicating that number is listed and owned by the following business:

    Smoke Power Electronic Cigarettes
    3601-B Nolensville Pike
    Nashville, TN 37211
    Phone: (615) 212-9191
    Email: sales@smokepower.com
    Web: www.smokepower.com

46. DEFENDANT HOWARD'S ELEVENTH AFFIRMATIVE DEFENSE. A search of Plaintiff's alleged mobile phone number, 615-212-9191, on PhoneValidator.com (a trusted and recognized resource for showing

a phone's status as either landline, VOIP or mobile) indicates the following:

                Phone Number: 615-212-9191
          Date of this Report: October 15, 2015
            Phone Line Type: <u>LANDLINE</u> [emphasis added]
Phone Company: BANDWIDTH.COM - POSSIBLE GOOGLE VOICE OR OTHER VIRTUAL PHONE NUMBER
             Phone Location: SPRINGFIELD, TN

47.     DEFENDANT HOWARD'S TWELFTH AFFIRMATIVE DEFENSE. A search of Plaintiff's alleged mobile phone number, 615-212-9191, on SearchBug.com (another trusted and recognized resource for showing a phone's status as either landline, VOIP or mobile) indicates the following:

       Phone Number (615) 212-9191 Is Valid
       Owner Name:    not searched    Find Name
       Phone Type:     <u>LANDLINE</u> [emphasis added]
       Carrier:  BANDWIDTH.COM CLEC (OCN: 124F
       Area Code: Tennessee: Nashville, Murfreesboro, Springfield, Lebanon, Dickson and north central Tennessee. Split from 901.
       Location:  SPRINGFLD
       Local Calling Area:   Nashville TN
       Time Zone: Central Daylight Time (CDT)

       Phone Line Type: Landline vs. Cell Phone is approximately 95% accurate. Less than 5% of numbers are transferred or ported from landlines to cell phones or vice versa.
       Landline Carrier: approximately 97% accurate. Very few people transferred their home number to a different landline carrier.

48.     DEFENDANT HOWARD'S THIRTEENTH AFFIRMATIVE DEFENSE. Plaintiff's phone number is clearly a landline or VOIP number and is not a mobile phone, therefore, there has been no breach of any code under the TCPA or violation of 47 USC 227(b) as alleged by

Plaintiff. Further, Plaintiff's phone number is also listed as a business phone, not a personal phone, as indicated above.

49. DEFENDANT HOWARD'S FOURTEENTH AFFIRMATIVE DEFENSE. Plaintiff had the opportunity at any time to have this number or any other number automatically or manually removed from any further marketing call lists and chose to remain in the system, with the specific ongoing intent of soliciting opportunities to bring additional frivolous lawsuits.

50. DEFENDANT HOWARD'S FIFTEENTH AFFIRMATIVE DEFENSE. Plaintiff has a long and colorful history as a "professional plaintiff," as indicated by the continuing and ongoing amendments to this Complaint, and a history of filing previous complaints in similar actions, such as Craig Cunningham v. Alliance Security, et al, Case Number 3:14-0769, filed last year, and as many as twelve other lawsuits over the past three years. Further confirmation of Plaintiff's ongoing history and status as a "professional plaintiff" as well as his clearly deceptive "baiting and enticement" strategy is bolstered by an article in the Dallas Observer, dated over five years ago, entitled: *"BETTER OFF DEADBEAT: CRAIG CUNNINGHAM HAS A SIMPLE SOLUTION FOR GETTING BILL COLLECTORS OFF HIS BACK. HE SUES THEM,"* wherein Plaintiff's story of non-payment of his financial obligations led him to searching for loopholes in the debt collection system in order to escape those obligations and in fact, seems to take great pride in such behavior. The article may be found at the following URL: http://www.dallasobserver.com/news/better-off-deadbeat-craig-cunningham-has-a-simple-solution-for-getting-bill-collectors-off-his-back-he-sues-them-6419391

51. DEFENDANT HOWARD'S SIXTEENTH AFFIRMATIVE DEFENSE. Defendant Howard participates only in legitimate and firmly established marketing opportunities in the direct sales and network marketing industry, not in "get rich quick" or "pyramid schemes" as alleged by Plaintiff.

52. DEFENDANT HOWARD'S SEVENTEENTH AFFIRMATIVE DEFENSE. Defendant Howard made no product claims, health claims, specifically or implied, or guarantees of business viability, particularly anyone's ability to "make money quickly" either individually or as an agent of CMG, as claimed by Plaintiff with regard to other Defendants in this case.

53. DEFENDANT HOWARD'S EIGHTEENTH AFFIRMATIVE DEFENSE. As an agent of CMG, and separately, Howard makes every ongoing reasonable effort to comply with all applicable regulations regarding telephone marketing through regular and ongoing screening of its databases against the national do not call lists, mobile phone number lists and all available means to assure it only connects with legitimate and viable seekers of home-based business opportunities. Further, Plaintiff has failed to state that he was, or has ever attempted to be, on any Do Not Call list.

54. DEFENDANT HOWARD'S NINETEENTH AFFIRMATIVE DEFENSE. Howard has no direct or indirect relationship with any other Defendant named in Plaintiff's Amended Complaint, with the exception of its independent business relationship with Enagic, and it's relationship with Defendant Susie Tremblay-Brown, who is an independent Virtual Assistant, contracted only to serve in a technical support and systems set-up capacity, and to the best of

Howard's knowledge, has never placed an automated call through any system, further evidence that Plaintiff is simply fishing and "naming everyone" in his frivolous lawsuits.

55. DEFENDANT HOWARD'S TWENTIETH AFFIRMATIVE DEFENSE. Plaintiff has failed to show legal standing to bring a civil action in this case as he has not been personally damaged in any way, and has suffered no loss or damage, monetarily or otherwise. Plaintiff has had multiple opportunities, over the course of many years, to bring a full stop to any marketing contact from Defendant (or anyone else), simply by automatically or manually requesting to be removed from any marketing lists, a request which would have been immediately honored, but which never took place. Instead, Plaintiff has chosen to continue his ongoing baiting and enticement strategy in an effort to bring frivolous lawsuits.

56. DEFENDANT HOWARD'S TWENTY-FIRST AFFIRMATIVE DEFENSE. Because Plaintiff has no legitimate basis for bringing this action for damages (as no actual damages have occurred), a civil action is not justified in this case and, as such, Plaintiff's action has no civil basis and is brought outside of proper jurisdiction. Should any alleged violation of any code referenced herein actually occur, jurisdiction would fall on the appropriate regulatory bodies to enforce any such alleged violation.

57. DEFENDANT HOWARD'S TWENTY-SECOND AFFIRMATIVE DEFENSE. Plaintiff has failed to state a specific claim or action by any Defendant under the TCPA or violation of 47 USC 227(b) for which he can claim damages. Plaintiff has only alleged that "multiple automated calls" took place.

Case 3:15-cv-00847 Document 25 Filed 10/20/15 Page 12 of 14 PageID #: 129

## CONCLUSION

Based upon the foregoing, Defendant Howard, prays for the following:

1. That Plaintiff takes nothing by his complaint.
2. That Plaintiff receives sanctions for filing frivolous and unfounded lawsuits against Defendant.
3. That Plaintiff be enjoined from filing further actions against Defendant Howard on similar grounds.
4. That Defendant Howard be dismissed with prejudice from the action herein.
5. That any attorney's fees incurred on behalf of Defendants be borne by Plaintiff, including any associated fees and costs.
6. For such other and further relief as the Court may deem proper.

Dated: October 15, 2015

Respectfully submitted:

_____
Jeffrey Howard, Pro Se

# CERTIFICATE OF SERVICE

I do hereby certify that on this the 16th day of October 2015, this Certificate of Service for

**DEFENDANT JEFFREY HOWARD'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

was served on all known parties to this action, by U.S. Mail, postage prepaid, upon:

Served via U.S. Mail:

Craig Cunningham
5543 Edmondson Pike, Ste. 248
Nashville, TN 37211
Plaintiff, Pro Se

Peter Polselli
50 Danes Street
Patchogue, NY 11772
Defendant, Pro Se

J. Anne Tipps
STITES & HARBISON, PLLC
401 Commerce St., Ste. 800
Nashville, TN 37219

Katrina L. Dannheim
STITES & HARBISION, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Attorneys for Enagic USA, Inc.

_____
Lavenia S. Brown