## United States District Court

## Middle District of Tennessee



)   Craig Cunningham
)   Plaintiff, Pro-se
)
)           v.              Civ Action   3:15-cv-00847
)
)  Enagic USA, Inc et al
)   Defendants.

## Plaintiff's Motion to Strike Defendant Jeff Howard's Affirmative Defendses and Motion to strike Defendant Corazon Management Group's Answer and affirmative Defenses.

1. The Plaintiff in this case is Craig Cunningham, now moves the court to

    strike the answer and affirmative Defenses of Corazon Management

    Group.

### 2. Background

3. The Plaintif also moves the court to strike the Affirmative defenses of
   Defendant Jeff Howard contained in his answer.

4. Defendant Jeff Howard filed an answer and affirmative defenses on behalf
   of Corazon Management Group, hereafter Defendant CMG,

5. Pursuant to rule 12(f) of the FRCP, the Plaintiff moves the court to strike

    the defeses and answers as insufficient, immaterial, and impertinent to the

    Plaintiff's allegations.

6. **Defendant Jeff Howard is improperly trying to represent a**

    **corporation as a pro-se, non-attorney litigant.**

7. The Defendant Jeff Howard is attempting to represent corporation as a

    pro-se litigant and non-attorney. Defendant Jeff Howard is not a licensed

Case 3:15-cv-00847   Document 34   Filed 10/30/15   Page 1 of 14 PageID #: 148

attorney, nor is he admitted to practice before the Middle District of Tennessee, therefore his answer and representation on behalf of Defendant CMG is improper and both the answer and affirmative defenses should be stricken as it is improper for a non-attorney to represent a corporation. Defendant CMG must be represented by a licensed attorney.

8. **Defendant's listed "Affirmative Defenses" are not actually affirmative defenses, and even if true could not defeat the Plaintiff's lawsuit.**

9. The affirmative defenses for Defendant CMG and Jeff Howard appear to be identical claims and will be treated as such for the purposes of this motion.

10. The Defendant's "affirmative defenses" as stated are not actually affirmative defenses of any legal form. These "affirmative defenses" should be struck from the Defendant's answer of Both Jeff Howard and Defendant CMG.

**Defendant's First Affirmative Defense fails and should be struck**

11. The Defendant is improperly trying to contest service of process by claiming that the Plaintiff failed to use a US Marshall, implying that the Plaintiff was REQUIRED to use the US Marshall to serve the lawsuit. The Plaintiff is not obligated to use the US Marshall service to effectuate service of process, however.

12. Furthermore under rule 4(e) of the Federal Rules of Civil Procedure, the Plaintiff is permitted to serve a defendant pursuant to the state laws governing service in the district, or the Tennessee Rules of civil procedure,

2

which permit service upon a defendant out of state via certified mail with return receipt, per rule 4.05(5) of the Tennessee Rules of Civil Procedure.

13. Defendant doesn't attempt to challenge the return of service evidence, docket 27 and 28, claim that it was sent first class mail as opposed to certified with return reciept, or make any legitimate challenge to the Plaintiff's service of process. The service of process documents are on file with the court to show who was served and when.

### Defendant's Second Affirmative Defense should be struck.

14. The Defendant's claim service was imroper because the Plaintiff didn't request a waiver of service, suggesting again that the Plaintiff failed to do something he is not required to do.

15. While the Plaintiff *may* request waiver of service, there is no requirement to do so and service of process without requesting waiver of service is absolutley valid service. The Defendant fails to cite any rule or authority to the contrary.

16. Even if true that the Plaintiff failed to request a waiver of service, the Plaintiff is not required to seek waiver of service and my just simply properly serve a defendant and proceed on with the case.

### Defendant's Third Affirmative Defense should be struck

17. Allegedly requesting some unspecified and undefined "information" from unknown and undefined "various parties" over some unspecified timeframe regarding "information" regarding earning money from home or startin a home-based business" and appearing on database lists of

3

business opportunities is not a valid defense to a TCPA claim, even if true.

18. For example, if the Plaintiff were conducting pre-suit investigation and research into a the Defendants, it isn't a defense to a TCPA claim that the Plaintiff sought to identify the name, address, and phone numbers of the then unknown persons and entities that were placing illegal telephone calls to him. A pre-suit investigation would naturally involve requesting "information" from "various parties" regarding "earning money from home", when the suit involves illegal telelphone calls made regarding a "work from home opportunity"

19. Requesting "information" from "various parties" isn't an actual affirmative defense to a TCPA claim, particularly when there is no factual basis to suggest what this information is or who the parties were. If the Plaintiff spoke to an attorney about representation in bringing a TCPA claim, that would entail seeking "information" from "various parties" "regarding earning money from home." as the Defendant alleges, but that conversation wouldn't be admissible or relevant to this case, much less a defense to a TCPA claim.

**Defendant's Fourth Affirmative Defense should be struck**

20. The Defendant claims the Plaintiff is actively seeking out new ways to have his phone number appear on business opportunity phone lists while posing as an opportunity seeker, which is particularly curious as Defendant CMG and Howard called the Plaintiff soliciting the Plaintiff to buy an Enagic water machine after the current lawsuit was filed.

4

21. Most reasonable people would think that filing a lawsuit complaing about illegal telemarketing calls would be the most clear signal possible that the Plaintiff's phone number should be taken off any marketing lists it is on, and yet the Plaintiff's phone number continues to be passed around and calls continue to come in pitching this Enagic water machine continue to roll in to include Defendant Howard and CMG who called the Plaintiff after the initial lawsuit was filed, as well as other soon to be named defendants that called after the Plaintiff's second amended complaint was filed. It seems every time the Plaintiff sues one individual defendant, another person steps up to call the Plaintiff about an "exciting business opportunity" when simple self-preservation would suggest that the people passing around this list would remove the Plaintiff's number at the earliest opportunity.

22. The Plaintiff can't do anything more clear and unambiguous that he doesn't want to be called than filing a lawsuit and suing every person that illegally called him and the defendant fails to allege any facts to support what the Plaintiff is actively doing to seek new ways to have his phone number appear on business opportunity lists. Even if true, again this is no defense to a TCPA claim and it should be quite clear that nothing the Plaintiff does, even suing the defendants and parent company will stop agents of Enagic from calling the Plaintiff.

   **Defendant's Fifth Affirmative Defense should be struck.**

23. The Defendants characterization of the Plaintiff's complaint isn't an affirmative defense to suit. Even if true that there is some hearsay, opinions ,conjecture, assumptions, and conclusions in the Plaintiff's complaint, merely saying so isn't an affirmative defense. The Defendant speculation about the Plaintiff's disdain for the "home-based business industry" is also not an affirmative defense. The Plaintiff may view the "Home-based business industry" snake oil salesmen as below dirt, but the Plaintiff's opinion on any industry isn't an affirmative defense to a TCPA claim.

**Defendant's Sixth Affirmative Defense should be struck**

24. Even if true, alleging the Plaintiff called the Defendants back after an unsolicited phone call is not a defense to a TCPA claim. Although it is fortunate for discovery purposes to know that the Defendant's maintain a copy of this voicemail, it is not a dispositive element of the case, nor is it an affirmative defense to a TCPA claim.

**Defendant's Seventh Affirmative Defense should be struck**

25. The fact that the Plaintiff had a conversation with the Defendant is not an affirmative defense any more than the Plaintiff holding an MBA (and a Master's degree in Finance). The Plaintiff's past or future business ventures are not affirmative defenses to a TCPA suit, and expressing inteterst in a venture to ascertain the then unknown identity of the individuals for the purposes of litigation is not an affirmative defense to a TPCA suit.

6

**Defendant's Eighth Affirmative Defense should be struck**

26. Again expressing interest after violations of the TCPA have occured in no
    way unring a bell and make an illegal telephone call suddenly a legal one.
    This is not a proper affirmative defense, nor is it dispositive to the
    Plaintiff's claims even if true. Applying for a credit card with Comerica
    doesn't make the previous telephone calls legal, nor does applying for a
    credit card grant the Defendants an affirmative defense.

27. **Defendant's 10th, 11th, and 12th Affirmative Defense's should be
    struck**

28. Google's search results are not even competent evidence as far as the
    status of the Plaintiff's phone 615-212-9191 as being a cell phone or not,
    much less an affirmative defense.

29. Defendant's Phonevalidator.com search results are not competent
    evidence, much less an affirmative defense. Even if true that those are the
    phone results of a Phone validator search, it more dispositive on the
    current case.

30. Defendant's Searchbug.com results are not competent evidence, much
    less an affirmative defense. The fact that Searchbug.com gave results
    even if true doesn't change what the Plaintiff's cell phone is and most
    telling, Searchbug.com even states that there is a 5% chance that their
    search results could be wrong.

31. Furthermore, even if the Plaintiff's cell phone were a landline, placing telemarketing calls stills violate the TCPA under under 47 USC 227(c)(5) per 47 CFR 64.1200(d) under the FCC's rulemaking authority.

### Defendant's 13th Affirmative defense should be struck

32. Automated calls to cell phones and VOIP numbers have been deemed to be protected under the TCPA by the FCC, and even if true the defenedants have no safe harbor under the TCPA. It doesn't matter what some listing directory characterizes the Plaintiff's cell phone as, at best the only thing that matters is what the Plaintiff's phone actually is. Even if true and the Plaintiff's cell phone were actually a landline or VOIP number, the TCPA would still be violated.

### The Defendant's 14th Affirmative defense should be struck

33. It is no affirmative defense to a TCPA claim to allege that the Plaintiff failed to have his number taken off some unknown and unspecified "list", particularly when the Plaintiff never did anything to get on "the list". Furthermore, this claim is particularly galling as the Plaintiff has sued Defendant Enagic and other individuals placing illegal telephone calls to the Plaintiff and the response from the Defendants were to place MORE telephone calls to the Plaintiff. The Defendants should have known that the Plaintiff didn't want to be called and yet they continued to call the Plaintiff after the lawsuit was filed and served and even after the second amended complaint was filed.

### The Defendant's 15th Affirmative Defense should be struck

34. It is as true as it is irrelevant that the Plaintiff has been involved in a few lawsuits over the years. It is also as true as it is irrelevant that the Plaintiff has been innundated with illegal telemarketing calls from a myriad of individuals that apparently think they have the right to turn the Plaintiff's cell phone into their late night infomercial. An article from 4+ years ago is not a defense to a TCPA claim and doesn't make illegal telephone calls suddenly legal.

**Defendant's 16th and 17th Affirmative Defenses should be struck**

35. Regardless of the Defendant's characterization of what types of marketing opportunities they participate in, it is not an affirmative defense to claim the network marketing opportunities are legitimate or not or are pyramid schemes or not. This complaint is about the illegal telephone calls they placed regardless of the nature of the legitimacy of the opportunities offered. Regardless of the health claims or business viability, it still remains that the phone calls placed were illegal and the Defendants placed them. Nothing about the health claims could possibly change the nature of the phone calls.

**Defendant's 18th affirmative Defense should be struck.**

36. It doesn't matter and is not an affirmative defense to claim that the Plaintiff was not on the National do-not-call list. The TCPA is a seperate set of regulations and even if true that the Plaintiff wasn't on the national DNC list, automated telephone calls to the Plaintiff's cell phone still violates the law and entitiles the Plaintiff to damages. Regardless of the Defendant's

9

claimed attempts to comply with what they thought the law required them to do, the simple fact is that they failed to do so.

**Defendant's 19th Affirmative Defense should be struck.**

37. The Plaintiff's claims against Howard and CMG are not predicated Defendant CMG or Howard being affiliated with anyone else, althoguh Defendant Howard/CMG admit to being distributors and business partners of Defendant Enagic, and working with Susie Tremblay-Brown to setup the processes and systems to place automated calls to individuals including the Plaintiff.

**Defendant's 20th Affirmative Defense should be struck**

38. It is not an affirmative defense or element of standing to claim actual damages or being "personally damaged" as the Plaintiff's claims are for statutory damages only. The Defendant doesn't even attempt to allege that the Plaintiff isn't owed statutory damages and even if true that the Plaintiff isn't alleging actual damages, the Plaintiff still can pursue his claims for statutory damages. Even if true that the Plaintiff had opportunities to bring a full stop to marketing contact from the defendants, it isn't the responsibility of the Plaintiff to do so, and the Plaintiff's action or inaction on this issue doesn't suddenly make prior illegal telemarketing calls legal. This is not a legitimate affirmative defense.

**Defendant's 21st Affirmative Defense should be struck**

39. The Defendants claim the Plaintiff has no basis for bringing an action for damages, due to lacking actual damages. Even if true, the Plaintiff is

10

seeking only statutory damages, so this has no dispositive effect on the case even if true. The TCPA has a private right of action and is not enforced by any regulatory agency other than private attorney generals.

### Defendant's 22nd Affirmative Defense should be struck

40. The Defendant's fail to allege specific facts relative to the Plaintiff's claims or their defense. The Defendant's should if anything be forced to plead specific facts which relate to this defense or the defense should be struck.

### Conclusion

41. In Conclusion, the answer and Affirmative defenses filed by Defendant Jeff Howard on behalf of Defendant CMG should be stricken as it is improper for a pro-se litigant, non-attorney to represent a corporation. Only a licensed attorny is permitted to do so, and Defendant Howard does not appear to be a licensed attorney and even if he were, is not admitted to practice before the Middle District of Tennessee.

42. Furthermore, almost every "affirmative defense" as stated for both the answer on behalf of Defendant Jeff Howard and Defendant CMG are improper, are not actual "affirmative defenses" and should be stricken by the court.

Respectfully submitted,

Craig Cunningham Plaintiff, Pro-se
Mailing address:
5543 Edmondson Pike, ste 248
Nashville, tn 37211
615-348-1977

10/20/2015

)    Craig Cunningham
)    Plaintiff, Pro-se
)
)         **v.**        Civ Action  3:15-cv-00847
)
)  Enagic USA, Inc,
)    Defendants.

## ORDER

On the foregoing motion, the Motion is hereby Granted/Denied.

_____

Judge

_____

Date

**United States District Court**
**Middle District of Tennessee**

)    Craig Cunningham
)    Plaintiff, Pro-se
)
)       **v.**       Civ Action   3:15-cv-00847
)
) Enagic USA, Inc,
)   Defendants.

## Plaintiff's Certificate of Service

I hereby certify that on 10/21/2015, the foregoing was sent via USPS First class mail to:

Peter Polselli, 50 Danes Street, Patchogue, NY 11772

Enagic via counsel Katrina Dannheim, Sities & Harbision, PLLC, 400 West Market Street, ste 1800, Louisville, KY 40202.

Oscar Christian Kinney, 29326 Turnbury Village Dr., Spring, Tx 77386

Jeff Howard and the Corazon Management Group, Inc. 5348 Vegas Dr., Las Vegas, NV 89108

Susie Tremblay-Brown, 925 Lakeville Street, #233, Petaluma, CA 94952

Peter Wolfing and Multiplex Systems, Inc., 175 E. 96th Street, Apt 18G, New York, New York 10128

Craig Cunningham, Plaintifff, Pro-se, 615-348-1977
5543 Edmondson Pike, ste 248
Nashville, TN 37211
10/21/2015