IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CRAIG CUNNINGHAM )
)
v. ) NO. 3:15-0847
)
ENAGIG USA, INC. , et al. )

**O R D E R**

The *pro se* Plaintiff filed this action on July 31, 2015, asserting claims against seven defendants under the Telephone Consumer Protection Act. *See* Complaint (Docket Entry No. 1). He has subsequently filed three amended complaints, *see* Docket Entry Nos. 5, 8, and 41, expanding to 19 the number of defendants sued. Two of the defendants are Jeffery Howard ("Howard") and The Corazon Management Group, Inc., ("Corazon"). Howard is alleged to be a manager or officer of Corazon. On October 19, 2015, Howard filed an answer (Docket Entry No. 25) to Plaintiff's Second Amended Complaint. Howard also filed an answer on behalf of Corazon, signing the answer as the "agent," "attorney-in-fact," and "officer/agent" for Corazon. . *See* Docket Entry No. 24 at 13.

Plaintiff has filed a motion (Docket Entry No. 34) to strike the affirmative defenses raised by Howard in his answer and to strike Corazon's answer and the affirmative defenses raised in Corazon's answer.

Plaintiff's motion is GRANTED to the extent that he seeks to strike the answer filed on behalf of Corazon. A corporation cannot proceed *pro se*, but must be represented by an attorney. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); Local Rule 83.01(d)(3). Although Defendant Howard may be an officer of Corazon, Howard cannot represent Corazon and make filings on behalf of Corazon. Accordingly, the Clerk is directed to STRIKE Defendant Corazon's answer (Docket Entry No. 24). Within forth-five (45) days of entry of this Order,

Defendant Corazon shall have counsel enter an appearance on its behalf and respond to Plaintiff's Third Amended Complaint.

However, to the extent that Plaintiff seeks to strike any of the affirmative defenses raised by Defendant Howard in his individual answer, the motion to strike is DENIED. Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While the *pro se* answer filed by Defendant Howard is certainly not a model of clarity and raises "defenses" that may ultimately be shown to lack legal or factual merit, the mere fact that Plaintiff disagrees with Defendant Howard's defenses does not render them insufficient. A defense is insufficient for the purposes of Rule 12(f) only when it is unrelated to the controversy at hand. *See Brown and Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Further, motions to strike should be sparingly used and are not favored. *Id*. The Court will permit the *pro se* defendant a certain measure of leniency in the construction of his answer and is not persuaded that striking the answer is necessary.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

The Clerk is directed to send a copy of this Order to Plaintiff by regular, first class mail (only).

So ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge