IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CRAIG CUNNINGHAM, ) ) Plaintiff, ) ) vs. ) ) ENAGIC USA INC., PETER POLSELLI, ) TERRY COLLINS, RICK FREEMAN, ) ANGELA LINER, CHRISTIAN KINNEY, THE ) 7 FIGURE WEALTH CORPORATION, ) CORAZON MANAGEMENT GROUP INC., ) JEFFREY HOWARD, SUSIE TREMBLAY- ) BROWN, PETER WOLFING, MULTIPLEX ) SYSTEMS INC., BRIAN KAPLAN, WALTER ) PETERSON, MY MINDS EYE LLC, 800LINK ) INC., SCOTT BIEL, JERRY MAURER, DAVE ) HILL a/k/a DAVE ALLEN a/k/a DAVE ) ALEEN and DOES 1-10 ) ) Defendants. ) | CIVIL ACTION NO. 3:15-CV-00847 Judge Kevin H. Sharp Magistrate Judge Barbara D. Holmes |

**DEFENDANT ENAGIC USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR A STAY OF ENAGIC'S MOTION TO DISMISS**

Defendant Enagic USA, Inc. ("Enagic") files this Opposition to Plaintiff Craig Cunningham's ("Plaintiff") Motion for a Stay of Enagic's Motion to Dismiss Plaintiff's Third Amended Complaint (the "Motion for a Stay"), as follows:

**I.
SUMMARY**

Plaintiff does not provide any legal authority in support of his Motion for a Stay of a ruling on the pending Motion to Dismiss for failure to state a claim. Further, the Motion to Stay undermines the purpose of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the factual allegations in the complaint. A motion to dismiss for failure to state a claim cannot

1

be used to resolve factual issues. Nonetheless, this is precisely what Plaintiff is trying to do. According to Plaintiff, the purpose of the Motion for a Stay is so that there can be a determination of whether certain co-defendants are employees of Enagic. Plaintiff's request is improper and should be denied.

Plaintiff's Motion for a Stay is clearly intended to further delay the proceedings and specifically, to delay a ruling on Enagic's Motion to Dismiss Plaintiff's Third Amended Complaint for failure to state a claim. Enagic first sought to dismiss Plaintiff's Complaint in September 2015. Since that time, Plaintiff has sought additional time to respond to the Motion to Dismiss or has amended the complaint in an attempt to cure the deficiencies in the complaint. It appears that Plaintiff is concerned that he has not and cannot cure the deficiencies in the complaint and is merely seeking to delay a ruling on the Motion to Dismiss by requesting a stay. The Court should not allow Plaintiff to further delay the proceedings.

## II.
## DISCUSSION

**A.     The Motion to Stay is Improper and Should be Denied.**

A Rule 12(b)(6) motion to dismiss should be granted when the plaintiff fails to allege facts sufficient to support a cause of action. *See LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Plaintiff alleges he received automated phone calls and text messages to his cellular phone from third parties including those defendants allegedly involved in selling the "Secrets of the Wealthy/Super Success Machine" and certain alleged Enagic independent distributors. (Doc. 41, ¶¶ 26-38.) Plaintiff claims that these communications violated the TCPA. Enagic has moved to dismiss the Third Amended Complaint on the grounds that it fails to state a claim for relief based, in part, on the fact that Enagic did not make or initiate calls or communications with

Plaintiff. There are no allegations in the Third Amended Complaint that Enagic took the steps necessary to physically place a telephone call to the Plaintiff.

Plaintiff attempts to avoid dismissal of his claim by alleging that the independent distributors are Enagic's employees. (Doc. 41 ¶¶ 56-60.) Plaintiff's attempt fails. The Third Amended Complaint lacks sufficient factual allegations to support such a claim. In contrast, Enagic's policies (on which the Plaintiff himself purports to rely) make clear that (1) the distributors are independent; (2) there is no employer/employee relationship; (3) the distributors have no authority to bind Enagic; (4) distributors are encouraged to set their own hours; (5) distributors are encouraged to set their own methods of sale; (6) distributors are responsible for reporting and paying all taxes (with no withholding from Enagic); (7) distributors are legally liable for their own actions; (8) distributors are free to enter separate agreements with other independent distributors; and (9) distributors have the option of selling other products. (Doc. 65, Ex. A, ¶ 2, 6, 8(j) 57.)[1] Plaintiff realizes this fatal defect and now seeks to delay or thwart a ruling on the Motion to Dismiss. For the foregoing reasons, the Court should deny the Motion for a Stay.

**B.     Plaintiff Failed to Plead Facts Sufficient to State a Claim Under the TCPA.**

Plaintiff should not be allowed to use the Motion for a Stay to delay the proceedings further. Plaintiff has amended the original complaint three times and is currently seeking the Court's permission to amend the complaint for a fourth time. Plaintiff has also received multiple extensions of time to file amended pleadings or respond to pending pleadings. As the Court knows, Plaintiff initiated this lawsuit in July 2015. Plaintiff amended his complaint twice in

---

[1] This Court can consider the Policies and Procedures without converting Enagic's motion to dismiss into a motion for summary judgment. The Plaintiff refers to this document multiple times throughout his complaint, even quoting it in some instances. This document is "central" to the Plaintiff's claim for vicarious liability, making it appropriate for consideration on the motion to dismiss. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (adopting the Seventh Circuit's approach that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

3

September 2015 (Docs. 5 and 8). Enagic filed its Motion to Dismiss Plaintiff's Original Complaint and Brief in Support on September 18, 2015 (Docs. 9 and 10). Enagic then filed its Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support on September 29, 2015 (Docs. 16 and 17). Plaintiff filed a Motion for Extension of Time to File a Response to Enagic's Motion to Dismiss on October 16, 2015 (Doc. 22). The Court granted Plaintiff's Motion for Extension of Time on October 19, 2015 (Doc. 23). In its order, the Court required Plaintiff to file a response to the Motion to Dismiss or to file a motion to amend his complaint, correcting the deficiencies identified in Enagic's motion.

On November 2, 2015, Plaintiff filed his Motion to Amend Complaint (Doc. 36) and his Third Amended Complaint on November 13, 2015 (Doc. 41). Enagic filed its Motion to Dismiss Plaintiff's Third Amended Complaint and Brief in Support on December 11, 2015 (Docs. 64 and 65). On December 30, 2015, Plaintiff filed a Motion for Extension of Time to File a Response to Enagic's Motion to Dismiss (Doc. 89). The Court granted Plaintiff's motion on January 4, 2016 (Doc. 91) and allowed Plaintiff a twenty-one (21) day extension to file his response.

On January 25, 2016, Plaintiff filed a second Motion for Extension of Time to File a Response to Enagic's Motion to Dismiss (Doc. 112) and also filed a Motion to Stay Enagic's Motion to Dismiss (Doc. 113). The Court granted Plaintiff's Motion for Extension of Time on January 29, 2016 (Doc. 114), giving Plaintiff four additional days to file his response to Enagic's motion. On February 2, 2016, Plaintiff filed yet another Motion for Leave to Amend the Complaint (Doc. 116), asking the Court to allow him to file a fourth amended complaint. In light of the foregoing, the Motion for a Stay appears to be nothing more than an attempt to further delay the proceedings and, specifically, to delay a ruling on Enagic's Motion to Dismiss

Plaintiff's Third Amended Complaint for failure to state a claim. For this additional reason, Enagic requests that the Court deny the motion.

## III.
## CONCLUSION

Enagic USA, Inc. respectfully requests that this Court deny the Motion for a Stay of Enagic's Motion to Dismiss Plaintiff's Third Amended Complaint and that the Court grant such other relief to which Enagic is justly entitled.

Dated: February 11, 2016

>RESPECTFULLY SUBMITTED,
>
>*s/ J. Anne Tipps*
>J. Anne Tipps
>STITES & HARBISON, PLLC
>401 Commerce St., Ste. 800
>Nashville, TN 37219
>(615) 782-2200
>annie.tipps@stites.com
>
>Katrina L. Dannheim, *pro hac vice*
>STITES & HARBISON, PLLC
>400 W. Market Street
>Suite 1800
>Louisville, KY 40202
>(502) 681-0429
>kdannheim@stites.com
>
>Attorneys for ENAGIC USA, INC.

5

# CERTIFICATE OF SERVICE

       I do hereby certify that a copy of the foregoing pleading has been served on Plaintiff by U.S. Mail on this the 11th day of February, 2016.

Craig Cunningham
5543 Edmondson Pike, Ste. 248
Nashville, TN 37211
*Plaintiff Pro Se*

Corazon Management Group, Inc.
5349 Vegas Dr., Ste. 619
Las Vegas, NV 89108
*Defendant Pro Se*

Dave Hill
2769 Bauer Rd.
North Aurora, IL 60542
*Defendant Pro Se*

Darrick L. O'Dell
SPICER RUDSTROM, PLLC
414 Union St., Ste. 1700
Nashville, TN 37219-1823
*Counsel for Defendants Scott Biel and 800Link*

Oscar Christian Kinney
29326 Turnbury Village Dr.
Spring, TX 77386
*Defendant Pro Se*

Susie Tremblay-Brown
925 Lakeville st. #233
Petaluma, CA 94952
*Defendant Pro Se*

Jerry Maurer
2532 Henry St.
North Bellmore, NY 11710
*Defendant Pro Se*

Peter Polselli
50 Danes St.
Patchoque, NY 11772
*Defendant Pro Se*

Jeffrey Howard
925 Lakeville St. #233
Petaluma, CA 94952
*Defendant Pro Se*

Rick Freeman
3040 Oasis Grand Blvd. #801
Fort Myers, FL 33916
*Defendant Pro Se*

My Minds Eye, LLC
c/o Walter Peterson
22514 Blue Marlin Dr.
Boca Raton, FL 33428
*Defendant Pro Se*

Walter Peterson
22514 Blue Marlin Dr.
Boca Raton, FL 33428
*Defendant Pro Se*

Brian Kaplan
1213 Camrose St.
Ft. Collins, CO 80525
*Defendant Pro Se*

JL Net Bargains, Inc.
2532 Henry St.
North Bellmore, NY 11710
*Defendant Pro Se*

6

Case 3:15-cv-00847   Document 124   Filed 02/11/16   Page 6 of 7 PageID #: 659

Multiplex Systems, Inc.  
c/o Peter Wolfing, Registered Agent  
175 E. 96th St., Apt. 18G  
New York, NY 10128  
*Defendant Pro Se*

Peter Wolfing  
175 E. 96th St., Apt. 18G  
New York, NY 10128  
*Defendant Pro Se*

The 7 Figure Wealth Corporation  
c/o Oscar Christian Kinney  
29326 Turnbury Village Dr.  
Spring, TX 77386

*s/ J. Anne Tipps*
J. Anne Tipps

1071158:1:LOUISVILLE