IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CRAIG CUNNINGHAM )
)
v. ) NO. 3:15-0847
)
ENAGIC USA, INC. , et al. )

**O R D E R**

The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, regulates the use of telephone technology and seeks to curb abusive telemarketing practices that threaten the privacy of consumers and businesses. *See Mims v. Arrow Fin. Servs., LLC*, _U.S._, 132 S.Ct. 740, 745, 181 L. Ed. 2d 881 (2012); *Ashland Hosp. Corp. v. Service Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 740 (6th Cir.) *cert. denied*, _U.S._, 134 S. Ct. 257, 187 L. Ed. 2d 148 (2013). The TCPA contains a number of restrictions on the use of automated telephone equipment and the use of artificial or prerecorded voices, *see Charvat v. NMP, LLC*, 656 F.3d 440, 443 (6th Cir. 2011), and authorizes a private right of action that allows for the recovery of actual monetary loss or statutory damages, which may be trebled in some cases. A text message to a cellular telephone qualifies as a "call" under the TCPA. *Campbell-Ewald Co. v. Gomez*, _U.S._, 136 S.Ct. 663, 666-67, 193 L. Ed. 2d 571 (2016).

Craig Cunningham ("Plaintiff") filed the instant *pro se* lawsuit against seven defendants on July 31, 2015, seeking relief under the TCPA based on allegations that he had received multiple automated phone calls with prerecorded messages and multiple text messages on his cell phone during 2014 and 2015, calls and texts that he contends violated the TCPA. *See* Complaint (Docket Entry No. 1). Plaintiff subsequently filed three amended complaints, *see* Docket Entry Nos. 5, 8, and 41, expanding to 20 the number of defendants sued under the TCPA, and increasing the length of his pleadings from 10 pages to 45 pages. Nine Defendants – Peter Pozeli, Jeffrey Howard, Brian Kaplan, Dave Hill, Rick Freeman, Jerry Maurer, Walter Peterson, Scott Biel, and 800Link, Inc. –

have filed answers, some of which have been filed *pro se*. *See* Docket Entry Nos. 12, 25, 50, 51, 55, 57, 81, 84, 94, 109, and 110. Three of the corporate defendants - Corazon Management Group, Inc., JL Net Bargain, Inc., and My Minds Eye, LLC – had improper answers filed on their behalf by non-attorneys, *see* Docket Entry Nos. 24, 47, 57, and 84, and six Defendants – My Mind's Eye, LLC, Multiplex Systems, Inc., Oscar "Christian" Kinney, The 7 Figure Wealth Corporation, Walt Peterson, and Susie Tremblay-Brown – had default entered against them on January 4, 2016. *See* Docket Entry No. 90. Still other Defendants – Terry Collins, Angela Liner, and Peter Wolfing - have never been served with process. Defendant Enagic USA, Inc. ("Enagic"), has filed a motion to dismiss, which is currently pending. *See* Docket Entry No. 64.

Several non-dispositive motions are currently before the Court. These motions are ruled on as follows.

Plaintiff's motion (Docket Entry No. 149) for a status conference is DENIED in light of the rulings made in this Order. The Court sees no need for a status conference at this time.

Plaintiff's motion (Docket Entry No. 66) for entry of default was effectively granted by the Entry of Default entered on January 4, 2016 (Docket Entry No. 90), and the motion is, therefore, DENIED as moot to the extent that it remains on the docket as a pending motion.

Plaintiff's motion (Docket Entry No. 68) to strike the answer (Docket Entry No. 57) of Jerry Maurer is GRANTED in part to the extent that the answer was also filed on behalf of Defendant JL Net Bargains, Inc. The answer was filed *pro se* by Defendant Maurer on his own behalf and on behalf of Defendant JL Net Bargains, Inc. However, a corporation cannot proceed *pro se*, but must be represented by an attorney. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); Local Rule 83.01(d)(3). Although Defendant Maurer may be an officer of JL Net Bargains, Inc., Defendant Maurer cannot represent JL Net Bargains, Inc., or make filings on its behalf. Accordingly, the answer applies only to Defendant Maurer. Within forty-five (45) days of entry of

2

this Order, Defendant JL Net Bargains, Inc., shall have counsel enter an appearance on its behalf and respond to Plaintiff's Third Amended Complaint.

On April 4, 2016, Defendant Walter Peterson filed a suggestion of bankruptcy stating that he had filed a voluntary petition for bankruptcy relief in the U.S. Bankruptcy Court for the Southern District of Florida. *See* Docket Entry No. 148. Accordingly, this action is STAYED as to Defendant Peterson. *See* 11 U.S.C. § 362. Defendant Peterson's pending motion (Docket Entry No. 108) to set aside the entry of default against him is DENIED as moot in light of the stay and with leave to be re-filed.

Plaintiff's motion (Docket Entry No. 113) to stay resolution of Defendant Enagic's pending motion to dismiss until legal determinations are made concerning the status of some Defendants as independent contractors or employees of Enagic is DENIED. None of the arguments made by Plaintiff for a stay are persuasive or support his contention that the Court should make the type of independent ruling on the legal issues that he seeks by his motion.

Plaintiff's motion (Docket Entry No. 139) for leave to amend his complaint is DENIED as duplicative of a prior motion to amend (Docket Entry No. 116) that is already pending before the Court. The later motion appears to be a carbon-copy of the prior motion, and the purpose of its filing escapes the Court.

Plaintiff's motion (Docket Entry No. 116) for leave to file a fourth amended complaint is DENIED. Plaintiff no longer has the right to amend his pleading as a matter of course under Rule 15 of the Federal Rules of Civil Procedure and he has not obtained the opposing parties' consent to amend. Accordingly, his ability to amend is committed to the discretion of the court and should be freely given only "when justice so requires." Rule 15(a)(2). The Court's opinion is that justice does not require permitting Plaintiff to file the fourth amended complaint he seeks to file.

Plaintiff has already had not one, not two, but three opportunities to amend his complaint, and he has already named 20 defendants from whom he seeks relief. Every amended complaint alters the facts and claims at issue in the action and causes some measure of a reset in the action, so

3

to speak. Permitting another amendment would unduly prejudice the defendants who are already in the case from having the claims lodged against them resolved. Indeed, Defendant Enagic has twice had motions to dismiss that it filed in this case terminated or denied because Plaintiff filed an amended pleading subsequent to Enagic's motions to dismiss. *See* Docket Entry Nos. 23 and 39. Further, the requested fourth amended complaint is not merely a slight modification of the prior pleadings, but seeks to increase the number of defendants to 57 defendants and increase the length of Plaintiff's complaint to 64 pages. *See* Docket Entry No. 116-1. Adding 37 new defendants to this action at this point would significantly delay the ultimate resolution of the case and would risk making this action largely unmanageable given the number of potential defendants involved and the fact that they are all out-of-state defendants, many of whom, given the history of this action, may proceed *pro se,* may not be subject to effective service of process, and may have valid jurisdictional defenses. Additionally, the Court's initial review of the proposed amendment suggests that some of the defendants sought to be added have no involvement with the factual claims initially raised by Plaintiff, have only a tangential relationship to the facts of this action, or are included on the basis of what appear to be marginal legal theories of liability.

Finally, the Court notes that it has the discretion to manage its own docket. *Moncier v. Jones*, 557 Fed.App'x 407, 409 (6th Cir. 2014). Allocating the time and resources of the Court to the hundreds of cases before it is one of the difficult duties that falls within this discretion. The instant action is but one of approximately 40 *pro se* lawsuits Plaintiff has filed in this District during the past three years seeking statutory damages under the TCPA. *See also Cunningham v. Kondaur Capital*, 2014 WL 833, 5868, \*3 (M.D. Tenn. Nov, 19, 2014) (Report and Recommendation) (Plaintiff is unlike the ordinary *pro se* litigant), adopted by Order entered March 26, 2015, at 2015 WL 1412737. While these lawsuits are not frivolous and are based upon a clear statutory right, the facts of these cases indicate that Plaintiff has not suffered actual harm other than the annoyance of receiving unsolicited telephone calls and text messages. In this day and age of ever increasing demands upon the resources of the Court, permitting the requested amended complaint would

4

balloon this case to a size that puts an undue strain upon the Court that is not congruous with the harm at issue in the case itself.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. *See* Rule 72.02(b) of the Local Rules of Court.

The Clerk is directed to send a copy of this Order to Plaintiff and to any Defendant that is proceeding *pro se* by regular, first class mail (only).

So ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge