IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CRAIG CUNNINGHAM )
)
v. ) NO. 3:15-0847
)
ENAGIC USA, INC. et al. )

## MEMORANDUM OPINION AND O R D E R

For the reasons set forth below, 1) Plaintiff's motion for an extension of time (Docket No. 155) to file a response to the pending motion to dismiss filed by Defendant Enagic USA, Inc. ("Enagic") is DENIED, and 2) the motion to dismiss (Docket No. 64) of Defendant Enagic is GRANTED. Plaintiff's claims against Defendant Enagic are DISMISSED WITH PREJUDICE.

On December 11, 2015, Defendant Enagic filed its motion to dismiss. The *pro se* Plaintiff Craig Cunningham ("Plaintiff") requested, and was granted, an extension to January 25, 2016, to file a response. *See* Order entered January 4, 2016 (Docket No. 91). Instead of filing a response, Plaintiff filed a motion for a second extension of time to respond and a motion to stay a decision on the motion to dismiss. The motion for an extension of time was granted, and Plaintiff was given an additional four days to file his response. *See* Order entered January 29, 2016 (Docket No. 114).[1] Instead of filing a response, Plaintiff filed a motion for leave to file a fourth amended complaint. By Orders entered August 22, 2016 (Docket Nos. 150 and 151), the motion to stay and motion to amend were denied, and Plaintiff was given a deadline of September 19, 2016, to file a response to the motion to dismiss. Plaintiff failed to respond to the

---

[1] By Order entered on November 10, 2015, this case was referred to the Magistrate Judge for customized case management and to dispose or recommend disposition of any pretrial motions. *See* Docket No. 39. By Order entered on February 10, 2016, this case was reassigned to the undersigned District Judge. *See* Docket No. 123.

motion to dismiss by the September 19, 2016, deadline. Instead, four days after this deadline, he filed yet another motion for an extension of time to file his response.

The Court recognizes that Plaintiff is proceeding *pro se* and, as such, is entitled to some indulgences. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff has vastly exceeded that limit in this case. He has repeatedly sought to delay resolution of the motion to dismiss through requests for extensions of time to respond and through his baseless requests for a stay and leave to file a fourth amended complaint. Additionally, Plaintiff ignored the Court's specific deadline of September 19, 2016, to file his response, and his recent motion for an extension of time is itself untimely. Plaintiff's *pro se* status simply does not permit him to disregard clearly communicated court orders and permit him to litigate this case on terms of his own choosing. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *See also West v. Adecco Employment Agency*, 124 Fed.App'x 991, 992 (6th Cir.2005) ("Courts have refused to excuse *pro se* litigants who failed to follow basic procedural requirements such as meeting 'readily comprehended' court filing deadlines.").[2]

To survive a motion to dismiss, Plaintiff must "do more than create speculation or suspicion of a legally cognizable cause of action; [he] must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court has reviewed Defendant Enagic's motion to dismiss and finds that Defendant has raised substantial

---

[2] As the Magistrate Judge previously noted, the Plaintiff is an active litigator who has filed over 40 *pro se* lawsuits in this District during the past three years. *See* Order entered August 22, 2016 (Docket No. 150) at 4. He is certainly not a naive *pro se* litigant.

2

and persuasive legal arguments supporting dismissal of the claims brought against it under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Despite having nine months to respond, Plaintiff has not rebutted these arguments, and this Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). For the reasons set out in Defendant's motion, the Court finds that Plaintiff's third amended complaint is insufficient to state legal claims for relief against Defendant Enagic upon which relief can be granted. Defendant Enagic's motion to dismiss (Docket No. 64) is therefore GRANTED. Plaintiff's claims against Defendant Enagic are DISMISSED WITH PREJUDICE.

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE