# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISCTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| Plaintiff, | ) |
| v. | ) |
| ENAGIC USA, INC.; PETER POLSELLI; TERRY COLLINS; RICK FREEMAN; ANGELINA LINER; CHRISTIAN KINNEY; THE 7 FIGURE WEALTH CORPORATION; CORAZON MANAGEMENT GROUP, INC.; JEFFREY HOWARD; SUSIE TREMBLAY-BROWN; PETER WOLFING; MULTIPLEX SYSTEMS, INC.; BRIAN KAPLAN; WALTER PETERSON; MY MINDS EYE, LLC; 800LINK, INC.; SCOTT BEIL; JERRY MAURER; DAVE HILL AKA DAVE ALLEN AKA DAVE ALEEN; and JOHN AND JANE DOE'S 1-10, | ) Case No. 3:15-cv-00847 |
| Defendants. | ) |

## RESPONSE OF SCOTT BEIL AND 800 LINK TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINES

**COMES NOW** the Defendants, 800 Link, Inc. and Scott Beil, by and through counsel, and herein responds to the Plaintiff's motion to amend the Scheduling Deadline as follows:

The Plaintiff asks for a 60 day extension to conclude discovery which is unnecessary and prejudicial to these Defendants who are trying to posture the case for Summary Judgment in compliance with the Court's long set deadline.

The Plaintiff's motion is untimely. This Court entered a Scheduling Order (Docket entry 151) on August 22, 2016 setting deadlines for discovery, discovery motions and dispositive

1

motions. The discovery deadline set by the Court was November 14th. The Plaintiff did not file his motion prior to the deadline. So by the time the Court can rule on the motion the deadline will have passed. If the Plaintiff wished to extend the deadline he should have moved the Court before the deadline was upon him.

Notably missing from the Plaintiff's motion is any explanation for why he needs an extension other than to say he's still waiting on getting records from his cell phone carrier and the entity who placed calls to him. This defendant is unclear on who this "entity" is as undersigned counsel has not been copied by the Plaintiff on discovery to any of the other defendants or subpoenas to any non-parties. Proving what recorded calls the Plaintiff received and who made them is critical to the Plaintiff's case and Plaintiff has known this since originally filing the Complaint on July 31, 2015. The Plaintiff has had well over a year to collect his cell phone records or subpoena any other records he needed. Reading the Plaintiff's motion it is impossible to know when he asked for this information. Regarding the reasonableness of his request for an extension it matters whether he requested the information back in 2015 and has been diligently pursuing it ever since, yet still doesn't have it, or if he only just requested it recently. The lack of explanation leads these Defendants to assume he only requested it recently, if at all, or he would have explained the reason he needs more time.

These Defendants propounded interrogatories on the Plaintiff on August 26, 2016 and to date the Plaintiff has not identified proof of a single recorded call made to him by either of these Defendants. (As neither of these Defendants made such a call). So regardless of the Plaintiff's understanding of what he needs to prove at trial, these Defendants asked him pointed questions for this information back in August and the Plaintiff is telling the Court he needs more time now

2

at the close of discovery in mid-November without the courtesy of an explanation of the reason for the delay.

## CONCLUSION

These Defendants ask and pray that the Plaintiff's motion be denied. It is anticipated that, barring significant supplementation, Defendant will file a discovery motion, prior to the deadline of November 28th, and upon confirming the Plaintiff's lack of evidence against these Defendants, filing a dispositive motion. The Plaintiff appears to be trying to drag this case out, first by numerous amendments to the complaint, then by trying to delay a response to Enagic's Motion to Dismiss and now by attempting to delay the discovery cut off. As pointed out by the Honorable Judge Sharp in Docket number 156, the Plaintiff has repeatedly sought to delay, and ignored the Court's deadlines. As pointed out by the Court, "Plaintiff's *pro se* status does not permit him to disregard clearly communicated court orders and permit him to litigate this case on terms of his own choosing."

None of the numerous other parties have asked for an extension to the discovery deadline and none join with the Plaintiff.

While these Defendants pray the Court denies the Plaintiff's motion, alternatively, in the event it is granted these Defendants ask that it be limited to thirty (30) days and that the other deadlines be continued equally.

3

Respectfully submitted,

**SPICER RUDSTROM PLLC**

**/s/ Darrick L. O'Dell**
Darrick L. O'Dell, Esq. BPR# 26883
414 Union Street, Suite 1700
Nashville, Tennessee 37219-1823
(615) 259-9080 telephone
(615) 259-1522 facsimile
(615) 425-7358 direct line
dlo@spicerfirm.com
*Attorney for Defendants Scott Biel and 800Link*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent via the Court's ECF notice system and via regular US Mail, postage prepaid and properly addressed, to:

Jean Anne Tipps
Stites & Harbison, PLLC (Nashville Office)
SunTrust Plaza
401 Commerce Street
Suite 800
Nashville, TN 37219

Katrina L. Dannheim
Stites & Harbision, PLLC
401 Commerce Street
Suite 800
Nashville, TN 37219

Peter Polselli
50 Danes Street
Patchoque, NY 11772

Corazon Management Group, Inc.
5349 Vegas Drive
Suite 619
Las Vegas, NV 89108

Rick Freeman
3040 Oasis Grand Blvd. #801
Fort Myers, FL 33916

Brian Kaplan
22515 Blue Marlin Drive
Boca Raton, FL 33428

Jerry Maurer
2532 Henry Street
North Bellmore, NY 11710

Dave Hill
2769 Bauer Road
North Aurora, IL 60542

Walter Peterson
22515 Blue Marlin Drive
Boca Raton, FL 33428

4

Jeffrey Howard
925 Lakeville Street
#233
Petaluma, CA 94952

Craig Cunningham
5543 Edmondson Pike
Suite 248
Nashville, TN 37211


this 16th day of November, 2016.

                                          /s/ Darrick L. O'Dell_____
                                          Darrick L. O'Dell