IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM | ) | |
| | ) | |
| v. | ) | NO. 3:15-0847 |
| | ) | |
| ENAGIC USA, INC. , et al. | ) | |

TO: Honorable David M. Lawson, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 10, 2015 (Docket Entry No. 39), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is Plaintiff's motion for summary judgment (Docket Entry No. 194), to which responses in opposition have been filed. *See* Docket Entry No. 196, 200-202, 204, and 206. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Craig Cunningham ("Plaintiff") is a resident of Nashville, Tennessee. On July 31, 2015, he filed this *pro se* lawsuit against seven defendants seeking damages under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. ("TCPA"). *See* Complaint (Docket Entry No. 1). Plaintiff subsequently filed three amended complaints, *see* Docket Entry Nos. 5, 8, and 41, expanding to 20 the number of defendants sued under the TCPA and increasing the length of his pleadings from 10 pages to 45 pages.

Plaintiff's lawsuit pertains to a lengthy series of interactions in 2014 and 2015 between himself and the defendants, who are individuals and businesses involved in the telemarketing and sales of services and products, including, 1) informational products and a "wealth building" system called the "Secret Success Machine," and, 2) Enagic water purification machines. *See* Third Amended Complaint (Docket Entry No. 41) at ¶¶ 26-134. Plaintiff contends that these services and products were nothing more than "get rich quick" schemes and pyramid schemes. *Id*. at ¶¶ 23-24. He further alleges that many of the Defendants knew each other and worked in concert together regarding the schemes and/or were agents or principals for corporate entities involved in either the schemes themselves or the process used to telemarket the schemes. *Id*. at ¶¶ 40 and 116-118. Plaintiff alleges that he was solicited to join these schemes through multiple telephone calls that were made to his cell phone with an auto dialer and that contained prerecorded messages. He also alleges that he received multiple text messages to his cell phone. He asserts that the calls and texts were not consented to by him and were not for emergency purposes.

Based on these allegations, Plaintiff brings two specific counts for relief under the TCPA. In Count I, he alleges that Defendants' calls and texts constitute multiple violations of 47 U.S.C. § 227(b) because Defendants used an automated telephone dialing system to place calls to his cell phone that contained pre-recorded or automated messages. *See* Third Amended Complaint at ¶ 136. In Count II, he alleges that Defendants' actions constitute multiple violations of 47 U.S.C. § 227(c)(5), as codified under 47 C.F.R. § 64.1200,[1] because the calls had a pre-recorded message that did not state the name, address, or phone number of the calling party and because Defendants failed to have a do-not-call policy and failed to train their agents on the use of a do-not-call policy. *Id*. at ¶ 138. Because a violation of each TCPA provision permits a statutory damage award of up

---

[1] Although Count II states that it is for violations of 47 U.S.C. § 227(c)(5) "as codified under 47 CFR 227(d)," this appears to be an error by Plaintiff. The Court presumes that Plaintiff intends to refer to 47 C.F.R. § 64.1200, as this regulatory provision is referenced at numerous other places in his pleading. *See* Third Amended Complaint at ¶¶ 25, 127-128, and 132.

to $1,500.00, Plaintiff seeks statutory damages of $3,000.00 for each telephone call and text he received.

Because of the number of Defendants Plaintiff attempted to bring into the lawsuit through his amended complaints, problems with service of process, improper answers that were filed by corporate defendants, and issues related to the *pro se* status of some Defendants, the case became a quagmire. Accordingly the Court entered a series of orders in August and September 2016 dealing with outstanding motions and issues. Of specific note were: 1) an order denying Plaintiff's motion for leave to file a fourth amended complaint, which would have added 37 new defendants via a 64 page amended complaint, *see* Order entered August 22, 2016 (Docket Entry No. 150); 2) the entry of scheduling order, *see* Order entered August 22, 2016; and 3) an order dismissing Defendant Enagic USA, Inc., from the case with prejudice, *see* Order entered September 28, 2016 (Docket Entry No. 156). Subsequently, Defendants 800 Link, Inc., and Scott Biel were dismissed, *see* Order entered February 23, 2017 (Docket Entry No. 208), as well as Defendants Jerry Maurer, Brian Kaplan, Terry Collins, Angela Linder, and Peter Wolfing. *See* Order entered June 14, 2017 (Docket Entry No. 237).

As the case currently stands, there are twelve remaining Defendants. Seven of these Defendants have been defaulted,[2] and a hearing is set for August 15, 2017, on Plaintiff's pending motion that seeks an award of damages against them via a default judgment. *See* Order entered June 14, 2017 (Docket Entry No. 238). The remaining five Defendants are Peter Polselli, Jeffrey Howard, Dave Hill, Rick Freeman, and Walter Peterson, each of whom is alleged to have been involved in making phone calls and texts to Plaintiff. These Defendants, who all reside in different

---

[2] My Mind's Eye, LLC, Multiplex Systems, Inc., Oscar "Christian" Kinney, The 7 Figure Wealth Corporation, Susie Tremblay-Brown, Corazon Management Group, Inc., and JL Net Bargain, Inc. *See* Docket Entry Nos. 90 and 173

states,³ have appeared and defended the lawsuit. Like Plaintiff, they are each currently proceeding *pro se*.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSES

By his motion, Plaintiff seeks summary judgment against the remaining Defendants. He contends that each Defendant directly made calls and/or sent text messages to his cell phone in violation of the TCPA. Specifically, he alleges that Defendant Polselli sent 46 texts, Defendant Howard made 10 calls and sent 3 texts, Defendant Hill made 4 calls and sent 14 texts, Defendant Freeman made 13 calls and sent 2 texts, and Defendant Peterson made 4 calls. *See* Motion for Summary Judgment (Docket Entry No. 194) at 1, ¶ 3.⁴ He contends that each call and text message to him constitutes a separate violation of each of the two TCPA counts that he is pursuing and that the violations were willful, thus permitting trebled damages under the TCPA. *Id*. at 2-3, ¶¶ 15-17. Plaintiff argues that the facts establishing the TCPA violations are undisputed and because the statutory damages are fixed and simple to calculate, he is entitled to summary judgment in his favor. He requests damages of $3,000.00 for each call and text message, resulting in a total damage award of $288,000.00. *Id*. at 3, ¶ 18.⁵ He further contends that the five Defendants should be deemed jointly and severally liable "due to the network marketing nature of the calls, products, and services as each of the defendants stood to gain had the Plaintiff purchased the products or services and the defendants were working in concern to sell the products and services using robocalls." *Id*. at 1, ¶ 4.

---

³ The docket reflects that these Defendants reside in New York (Polselli), California (Howard), Illinois (Hill), Georgia (Freeman), and Florida (Peterson).

⁴ Plaintiff's motion also seeks summary judgment against Defendants Brian Kaplan and Jerry Maurer. However, these two Defendants were dismissed from the action subsequent to Plaintiff's motion being filed.

⁵ Plaintiff seeks a judgment for $420,000.00 in his motion. However, after the 44 calls and texts attributed to Defendants Kaplan and Maurer, who have been dismissed, are removed from the calculation, $288,000.00 would be the amount of the award he seeks that is still remaining.

In support of his motion, he submits his own affidavit (Docket Entry No. 194 at 8-9) and a spreadsheet of the calls and texts at issue. *Id*. at 10-14.

Four of the five remaining Defendants have responded in opposition to the motion. Despite repeatedly answering Plaintiff's Third Amended Complaint with a denial of wrongdoing, *see* Docket Entry Nos. 51, 109, and 154, Defendant Hill has not responded to the motion for summary judgment.

Defendant Polselli asserts that Plaintiff provided his contact information and e-mailed Polselli on May 5 and 6, 2015, and argues that Plaintiff consented to receiving calls and information from Polselli. *See* Response (Docket Entry No. 196).

Defendant Freeman denies making any phone calls or sending any text messages to Plaintiff and essentially denies all the allegations made against him by Plaintiff. *See* Response (Docket Entry Nos. 200-202).

Defendant Peterson admits to calling Plaintiff three times, but asserts that the calls were not made using an auto-dialer, did not involve pre-recorded messages, and did not violate the TCPA. *See* Response (Docket Entry No. 204). Defendant Peterson further contends that Plaintiff consented to being contacted by Peterson, that Plaintiff has registered his phone number as a business number, and that Plaintiff has taken actions in order to ensnare other individuals and entities in litigation under the TCPA so that Plaintiff can obtain monetary settlements. *Id*. Defendant Peterson also raises arguments that Plaintiff's motion is untimely, that Plaintiff did not send Peterson the exhibits attached to the motion for summary judgment, and that Plaintiff has not suffered an actual injury because of Defendant Peterson's calls. *Id*.

Defendant Howard asserts that Plaintiff provided his contact information to Howard, consented to being contacted by Howard, and actively spoke with Howard about business opportunities. *See* Response (Docket Entry No. 205). Defendant Howard further asserts that all of his calls to Plaintiff were live, voice-to-voice calls and contends that Plaintiff's phone number is a business number, not a personal number. *Id*. Defendant Howard also echoes the untimeliness, lack of exhibits, and lack of actual injury arguments made by Defendant Peterson, as well as the argument

5

that Plaintiff has opted-in to receiving phone calls and texts, which he then turns around and proclaims are unwanted and uses as the basis for lawsuits under the TCPA. Id.

### III. CONCLUSIONS

A. Plaintiff's Motion for Summary Judgment

Plaintiff's summary judgment motion should be denied. Initially, the Court notes that the motion was not timely filed under the scheduling order entered in this action, which set December 19, 2016, as the deadline for filing any dispositive motions. *See* Docket Entry No. 151, at 1. Plaintiff's motion was not filed until December 22, 2016, three days after the dispositive motion deadline.[6] For this reason alone, the motion warrants being denied.[7]

Regardless, even if the untimeliness of the motion is excused, Plaintiff falls woefully short of showing that genuine issues of material fact do not exist and that he is entitled to judgment in his favor for $288,000.00 in damages. Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, Plaintiff has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In review of the motion, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct.

---

[6] The Court notes that Plaintiff's motion was not mailed to the Court Clerk's Office, but was placed in the Clerk's filing drop box. The Court further notes that Plaintiff's supporting affidavit and spreadsheet state that they were executed on December 22, 2016, and Plaintiff's certificate of service states that the motion was mailed to Defendants on December 22, 2016.

[7] By Order entered May 4, 2017 (Docket Entry No. 228), the Court likewise denied motions to dismiss filed by Defendants Freeman, Kaplan, and Maurer because they were untimely filed under the scheduling order.

1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The TCPA regulates the use of telephone technology and seeks to curb abusive telemarketing practices that threaten the privacy of consumers and businesses. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012); *Ashland Hosp. Corp. v. Service Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 740 (6th Cir.) *cert. denied*, __U.S.__, 134 S. Ct. 257, 187 L. Ed. 2d 148 (2013). A text message to a cellular telephone qualifies as a "call" under the TCPA. *Campbell-Ewald Co. v. Gomez*, __U.S.__, 136 S.Ct. 663, 666-67, 193 L. Ed. 2d 571 (2016). The TCPA contains a number of restrictions on the use of automated telephone equipment and the use of artificial or prerecorded voices. *See Charvat v. NMP, LLC*, 656 F.3d 440, 443 (6th Cir. 2011). Among other things, the TCPA places restrictions on the use of automated telephone equipment and provides that:

> it shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1)(A)(iii). A private right of action exists under the TCPA allowing a plaintiff to seek actual damages or statutory damages of $500.00 for a violation of subsection 227(b), and permits damages, at the court's discretion, to be trebled upon the finding of a willful or knowing violation. 47 U.S.C. § 227(b)(3).

After review of the summary judgment filings, it is apparent that factual disputes exist as to, 1) whether the phone calls and text messages Plaintiff attributes to Defendant Freeman were even made at all, and, 2) whether the phone calls and text messages at issue were made using an automatic telephone dialing system[8] or an artificial or prerecorded voice. These factual disputes are genuine

---

[8] The term "automatic telephone dialing system" means "equipment which has the capacity ... to store or produce telephone numbers to be called, using a random or sequential number generator; and ... to dial such numbers." 47 U.S.C. § 227(a)(1).

and material because they are germane to the legal merit of the claim that the calls and text messages violated 47 U.S.C. § 227(b) and to the ultimate issue of whether Defendants are liable under the TCPA. *See Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 743 (6th Cir. 2013) ("the appropriate touchstone under § 227(b)(1) is the actual receipt of an unwanted automated telephone communication.").

Additionally, factual disputes clearly exist about whether Plaintiff consented to receiving at least some, if not all, of the phone calls and text messages attributed to Defendants. While the Courts are not in unison about whether the lack of "prior express consent" by a TCPA plaintiff is an element of his Section 227(b) claim, *see Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2361, 185 L. Ed. 2d 1068 (2013), or is an affirmative defense, *see Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F.Supp.2d 898, 905 (N.D. Ill. 2012), evidence of consent, or lack thereof, is an issue that weighs into the determination of whether a TCPA violation has been committed. *See Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338 (6th Cir. 2016). Based on the record that is before the Court, genuine issues of material fact exist on this issue.

If Plaintiff was to show undisputed evidence that he received a phone call or text to which he had not consented and which was in violation of Section 227(b)(1)(A)(ii) of the TCPA, he would be entitled to seek relief for that violation. However, as noted herein, genuine issues of material fact exist in this case. Further, it appears to the Court that Plaintiff has lumped together every single phone call and text he received from Defendants as the basis for an award of several hundred thousands of dollars, regardless of whether each individual phone call or text meets all the requirements necessary to conclude that it violated the TCPA. Plaintiff has provided no legal authority for a theory that every subsequent phone call or text he received in this case, even if somehow linked to an initial offending phone call or text, is also a violation of the TCPA entitling him to relief.

8

B. Count II of Plaintiff's Third Amended Complaint

After review of this action, the Court finds that Count II should be dismissed *sua sponte* as to all Defendants because this count fails to provide a basis for legal relief based on Plaintiff's own allegations. In Count II, Plaintiff seeks civil damages under the private right of action provided for in 47 U.S.C. § 227(c)(5)[9] based upon Defendants' alleged violations of the regulations set out at 47 C.F.R. § 64.1200(d). However, the language of the TCPA specifically provides that the regulations implemented pursuant to Subsection 227(c) concern only "the need to protect residential telephone subscribers' privacy rights." 47 U.S.C. § 227(c)(1). Further, the plain language of the regulation relied upon by Plaintiff states:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d). The private right of action created by 47 U.S.C. § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers. As clearly stated by the Sixth Circuit in *Charvat*:

> In addition to the restrictions on automated telephone equipment, the TCPA instructs the FCC to issue regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Accordingly, the FCC issued regulations prohibiting "person[s] or entit[ies] [from] initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless [the] person or entity has instituted [certain listed] procedures for maintaining" a do-not-call list. 47 C.F.R. § 64.1200(d).

656 F.3d at 443-44, and:

> Subsection (c) and its accompanying regulations in 47 C.F.R. § 64.1200(d) impose minimum procedures for maintaining a do-not-call list that apply to all calls—live or automated—initiated for telemarketing purposes to residential telephone subscribers.

*Id*. at 449.

---

[9] Section 227(c)(5) provides that "a person who has received more than one telephone call within a 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages.

9

Plaintiff alleges only calls to his cellular phone. Accordingly, he fails to state a claim for relief under 47 U.S.C. § 227(c)(5), and Count II should be dismissed. *See Cunningham v. Rapid Response Monitoring Servs., Inc.*, 2017 WL 1489052 at *9 (M.D. Tenn. Apr. 26, 2017) (Crenshaw, J.) (dismissing claim under Section 227(c)(5) for alleged violations of regulations set out at 47 C.F.R. § 64.1200(d)).

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge respectfully RECOMMENDS that:

1. Plaintiff's motion for summary judgment (Docket Entry No. 194) be DENIED; and
2. Plaintiff's claim for relief under 47 U.S.C. § 227(c)(5) (Count II) be DISMISSED as to all Defendants.[10]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[10] This Report and Recommendation and the fourteen day period for objections to be filed by the Plaintiff satisfy the procedural requirements for a *sua sponte* dismissal of Count II. *See Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir. 1989); *Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1984); *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984).