James E. Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
james@finalverdictsolutions.com

**Plaintiff, Pro Se**

**FILED**

JUL - 6 2018  DB

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **CRAIG CUNNINGHAM** | ) | |
| **Plaintiff,** | ) | **Civil Action** |
| | ) | |
| **v.** | ) | **No. 3:15-cv-00847** |
| **ENAGIC USA, INC., et. al** | ) | |
| **Defendants** | ) | |

## RESPONSE IN OPPOSITION TO DEFENDANT SUSIE TREMBLAY-BROWN'S MOTION TO SET ASIDE DEFAULT JUDGMENT

Assignee of Record JAMES E. SHELTON (hereinafter "Assignee") respectfully submits this response in opposition to Defendant Susie Tremblay Brown's Motion to Set Aside Default Judgment.

In this Telephone Consumer Protection Act case, Defendant Susie Tremblay-Brown, also known as Lavenia Sue Brown, has accused Plaintiff Craig Cunningham of committing a fraud upon the Court. Brown claims she was never served, and on this basis, asks the Court to set aside the Default judgement. In an attempt to distract the Court from the factual circumstances of the case, Brown launches an attack on the Plaintiff's character, attempting to frame him as a "professional plaintiff" and calling the claims in this matter "fraudulent". This is a red herring. Brown pretends to have had no knowledge about this action and unconvincingly claims she "recently" found out about the matter when her bank account was seized 166 days - almost a full half year - before she filed this Motion to Set Aside. More importantly, and fatal to her credibility, Brown has submitted a false statement to this Court in her sworn declaration, wherein

she claims to have had no knowledge of this lawsuit prior to 2018, when her bank account was levied. Brown also claims untruthfully to have no relationship to the address which service of process was made, 925 Lakeville St #223, Petaluma, CA 94952. These false statements destroy Brown's defence and credibility. For the following reasons, Brown's Motion to Set Aside should be DENIED.

*First*, Ms. Brown was properly served on September 26, 2015 to an address at which she and her family receive mail, in accordance with Tennessee Rules of Civil Procedure and Federal Rules, which authorize service in this manner. Jeffrey Howard admitted that his mailing address was 925 Lakeville Dr. # 233, Petaluma, CA 94952 in his answer dated October 19, 2015. Jeffrey Howard and Ms. Brown were living together as of August 19, 2015, according to Facebook posts issued by Ms. Brown. Even if the Court finds Ms. Brown's affidavit that she never received mail at this address to be credible, Jeffrey Howard was an individual of suitable age and discretion living in the same household as Susie Tremblay-Brown; therefore, service upon Jeffrey Howard constitutes valid service upon Susie Tremblay-Brown.

*Second,* in November 2015, Ms. Brown admitted in a chargeback dispute that she knew that Plaintiff was suing her. Ms. Brown clearly knew she was being sued by Plaintiff because she was properly served.

*Third*, Lavenia S. Brown herself signed the Certificate of Service stating that she served the answer of her boyfriend, co- defendant Jeffrey Howard, to Plaintiff's Amended Complaint on October 16, 2015, further admitting that she had seen the complaint and had actual knowledge of the lawsuit and her role as a named defendant.

*Fourth*, Ms. Brown's bank account was frozen due to a levy on or about January 6, 2018, thereby giving her very real knowledge of the judgement against her. Despite this, she did not

promptly or diligently appear in this Court to defend for 166 days, and there is no good reason for this substantial delay.

*Fifth*, Ms. Brown's conduct has been entirely evasive, dishonest, and culpable, which warrants denial of relief from entry of default and default judgement. Brown lies about her address and lies about not knowing about the lawsuit.

## BROWN'S RELATIONSHIP WITH JEFFREY HOWARD

In actuality, Brown is lying that she never knew about this lawsuit, and is lying when she says she was not served properly. Brown was served by certified mail, return receipt requested at 925 Lakeville St #223, Petaluma, CA 94952 on September 26, 2015. *See* ECF No. 26, (Proof of Service of summons and complaint upon Susie Tremblay-Brown), attached as Exhibit A. Brown is a co-defendant in this lawsuit with Jeffrey Howard, who was named in his individual capacity as well as his company, Corazon Management Group, Inc[1].

On September 26, 2015, at the time when the summons and complaint were served to Brown in California, Brown and Jeffrey Howard were dating and cohabitating. On August 19, 2015, Ms. Brown made a Facebook post on her public profile stating "So it has been a big week for our family! **Jeffrey Howard and I have combined families**. We are super excited about our future as a family together. Although we are knee deep in boxes, each day our house is becoming a home. We are thrilled to be engaging in the next stage of our lives together!!! Thank you for your support and well wishes. More announcements to come. ♥X♥X." This Facebook post, as well as a number of other posts made by Ms. Brown and Jeffrey Howard, are attached as exhibits. Defendant Jeffrey Howard "liked" Ms. Brown's post and he was "tagged" in that

---

[1] Jeffrey Howard in his individual capacity was dismissed without prejudice by plaintiff. However, Corazon Management Group, Inc. remains a judgement debtor in this matter.

Facebook post by Ms. Brown. Other pictures show Ms. Brown and Mr. Howard going on various dates, including to a San Francisco Giants baseball game, kissing, and attending various events together. There is no question that the two were in a romantic relationship.

Beyond this – co-Defendant Howard received service of this lawsuit in the same manner and filed an Answer to the Plaintiff's Amended Complaint, which was dated October 15, 2015 and filed with the court on October 19, 2015. *See* ECF No. 25, attached as Exhibit C. Mr. Howard's Answer includes Susie Tremblay-Brown in the caption as a defendant on page one (although the Answer does not purport to Answer on behalf of or for Susie Tremblay-Brown). Mr. Howard admits in his Answer in ¶ 2 that his mailing address is 925 Lakeville St #223, Petaluma, CA 94952, the same address. In Mr. Howard's Answer, Mr. Howard also explains Susie Tremblay-Brown's role in his business venture and her "relationship" to this matter. *See* ¶ 54.

### Lavenia S. Brown herself signed the Certificate of Service of Jeffrey Howard's Answer to Plaintiff's Amended Complaint on October 16, 2015

In direct contravention to her sworn declaration stating that she had no knowledge of the lawsuit until her bank account was seized, Ms. Brown admits in a ***signed pleading*** that she knew about the lawsuit on, if not earlier than, October 16, 2015. On the final page of Mr. Howard's answer, Lavenia S. Brown (also known as Susie Tremblay-Brown) signed the Certificate of Service dated October 16, 2015, stating that she mailed Mr. Howard's answer to the amended complaint via U.S. Mail, postage prepaid, to several other appearing parties in the matter, including the Plaintiff, Craig Cunningham. Lavenia S. Brown's signature and statement that she mailed the Answer to the Plaintiff unquestionably indicates that she had actual knowledge of the lawsuit and that she had been named as a defendant by Mr. Cunningham. Moreover, Mr.

Howard's answer shows "Susie Tremblay-Brown" listed as a named defendant on page one in the caption.

Ms. Brown cannot credibly claim that she had no knowledge of the lawsuit. Evidently, she is either lying now, or was lying then, and in either case committed a perjurious fraud upon this Honorable Court. *Even if* Brown denies receiving service of the complaint, an argument which the Court should find without merit or credibility, and *even if* Brown had not read the actual lawsuit which she had been served (which is not an excuse for failing to respond to service of a summons and complaint), she only had to look at the first page to see that she had been named as a defendant, along with her boyfriend and business partner, Mr. Howard. The point is Brown was properly served and had actual knowledge of the lawsuit.

This is unquestionably a strange situation – one defendant signing a certificate of service for another defendant's answer to the amended complaint – but it is completely plausible. Brown was simply helping out her boyfriend and business partner Jeffrey Howard. Unless there is another mysterious Lavenia S. Brown hiding in the shadows that signed Jeff Howard's certificate of service, the signature on the Certificate of Service is definitely the defendant's signature. Defendant can lie to herself and her attorney, but her own signature unravels her testimony in one swift stroke of a pen.

### Ms. Brown Admitted She Knew Plaintiff was Suing Her on or prior to November 24, 2015

In order to find out the identities of those responsible for placing the autodialed phone calls in this case, Plaintiff gave Susie Tremblay-Brown his debit card information. See Affidavit of Craig Cunningham, ¶2. Plaintiff's account ending in 6188 was charged $156.00 by Susie Tremblay-Brown on September 4, 2015. Plaintiff subsequently initiated a chargeback with Bank of America for this amount. Brown opposed the chargeback, writing a lengthy rebuttal in or

about early November 2015. In her rebuttal arguing that the $156.00 charge should not be reversed, Brown admits she knew Plaintiff was suing her. Brown stated: *"He agreed to pay me $156.00 to set up an auto dialing marketing system for him using a company called phone prospector and another called 800Link. This marketing system is used to market a business called Enagic Water.*

*That day I learned that Craig Cunningham was suing the people who sold him the Enagic business in a Federal law suit. I have done hundreds of these set ups for those without the ability or time to do so on their own. It was Craig Cunningham's lack of cooperation, response, and his unethical intention to dupe the people I work with as well as use me as a way of gaining information on the people he was about to sue.*

*When I learned that Craig Cunningham was suing the people who sold him the Enagic business in a Federal law suit, I found out he was trying to find me to sue me too. Craig Cunningham targeted and sought after every person named in his frivolous law suit, he claimed that they called him illegally on his personal cell phone using a marketing dialer system and that was the bases for his case. He used my services and time to gain information on the people he as about to sue."*

See Exhibit F. The simple fact remains: Brown was served and knew about the lawsuit. If she was not served, how could she know that Plaintiff was suing her as she wrote in her rebuttal to the chargeback dispute? Furthermore, Jeffrey Howard was not just "an individual" as she claims in her affidavit, but her boyfriend, business partner, and roommate who admitted he received mail at the Petaluma, California address in his answer where Ms. Brown was served.

**Brown Not Only Had Actual Knowledge of the Lawsuit, But She was Properly Served**

Ms. Brown relies on Empire Services, Inc. v. Kanza, 996 F.2d 1214 (6th Cir. 1993) and argues that the Court "must" set aside the default judgement if service of process was not proper. Ms. Brown claims that she has never received mail at 925 Lakeville St #223, Petaluma, CA 94952. See *Brown Decl. at 11*. Ms. Brown is not being forthright and is playing games with her address in order to evade the lawsuit or attempt to claim she wasn't served. It is Assignee's position that Ms. Brown *did* receive mail at this address in California, and thus properly received service of this lawsuit in 2015. The point is, the two were living together, Susie Tremblay-Brown was properly served, and there is no credible evidence to demonstrate that the address at which the complaint was served was incorrect.

Brown cannot make a credible argument that she was improperly served. Defendant Jeffrey Howard states that his mailing address was 925 Lakeville St #223, Petaluma, CA 94952. Since Brown lived with defendant Jeffrey Howard at the time, as evidenced by her Facebook posts, Ms. Brown cannot say she did not receive mail at Mr. Howard's address. It should be noted that Brown has not produced or set forth a single shred of admissible evidence, other than her evasive and self-serving declaration, which would support her position that she did not receive mail at 925 Lakeville St #223, Petaluma, CA 94952. Curiously, Brown does not provide an affidavit from the individual, Matt Tyler, whose signature appears on the return receipt, stating that Ms. Brown never received mail at this address.

Brown testified that she "had no relationship to that address". See Page 4, paragraph 1 of Brown's Memorandum in Support, ECF No. 285). Clearly, this is false. Her domestic partner and business partner, Mr. Howard, *admitted* he received mail there. It is perfectly reasonable, if not probable, for two cohabitating middle-aged adults to both receive their mail at the same address. Her self-serving testimony that she has no connection to that address is entirely

implausible. Indeed, Ms. Brown made *no mention whatsoever* of her relationship with defendant Jeffrey Howard in her Motion to Set Aside!

### Ms. Brown Did Not Act Promptly or With Reasonable Diligence After Receiving Notification that her Bank Account had been Levied to Collect this judgement

Assignee is in the business of judgement enforcement. Assignee is the judgement creditor in this action by virtue of an assignment of judgement executed by Plaintiff Craig Cunningham. *See* ECF No. 255.

After being assigned the judgement, Assignee began a series of efforts to collect on the judgement. On November 20, 2017, Assignee domesticated the judgement to the Court of Common Pleas of Montgomery County, Pennsylvania, where the foreign judgement was docketed at 2017-27316. Concurrent with this docketing, the Prothonotary issued a Notice 236 to Defendant, and Assignee also sent required notices. Assignee obtained several writs of execution, including one on January 4, 2018. This writ ordered JP Morgan Chase Bank, N.A. ("Chase") to hold monies on deposit in Brown's bank account(s). In compliance with the writ, Chase froze $1,159.89 from Brown's account, on or about January 5, 2018. *See* Exhibit E, a copy of Chase's answer to the writ of execution dated January 8, 2019, admitting that $1,159.89 was held from defendant's account. On January 9, 2018, judgement was entered against the garnishee for the levied funds, $1,159.89. On or about January 16, 2018, Assignee received a cashier's cheque from Chase in the amount of $1,159.89, the amount seized from Brown's Chase account.

Shortly after the levy went into effect, Brown attempted to use her debit card to make a purchase; due to the levy, her account had insufficient funds. Brown then contacted her bank and was notified that a legal order had been placed on her account. Brown was given Assignee's number, 484-626-3942, to call if she had any questions. On or about January 6, 2018, Brown called Assignee and went on a tirade, stating that she was "not a party to the party". Assignee

told Brown that as a defendant and a judgement debtor in this matter, she was very much "a party to the party" and told Brown she should contact an attorney. Brown then hung up.

A month passed and Brown did nothing. On or about February 10 2018 at 7:40 PM EST, Assignee called Ms. Brown and spoke briefly to her about possibly working something out to resolve the matter, but Brown did not want to talk and hung up.

Brown should have immediately retained counsel in Tennessee to attempt to have the judgement set aside. Brown filed the instant Motion to Set Aside on June 22, 2018. However, Brown unquestionably became aware of the judgement when her bank account was levied on or about January 6, 2018. A total of 166 days have now elapsed, almost six (6) months! Brown states under penalty of perjury in her sworn declaration that she "immediately...sought the services of an attorney" *Brown Decl. at 8*. Taken in the light most favourable to Brown, the defendant appears to not understand the meaning of "immediately". Brown also claims that "just recently" she became aware of the judgement against her. This statement is a misrepresentation to the Court. In the best case for Brown, Brown undeniably knew about the judgement no later than January 6, 2018 when her bank account was levied. As previously discussed, Brown knew about this matter and was properly served on September 26, 2015; she personally signed a certificate of service of Jeffrey Howard's answer to the amended complaint on October 16, 2015, so she had actual knowledge of the lawsuit in addition to receiving service.

Even if Brown did not know that a default judgement had been entered against her in August of 2017, this was the result of Brown's culpable conduct, not Plaintiff's. Brown, despite being served with the lawsuit and having knowledge of this case in 2015, did not notify the court of any changes to her address (so that she could receive notices of important events from the court such as entry of judgement). Brown was not *forced* to respond to the lawsuit – of course,

she had the choice to default, if she did not want to fight, but still, she cannot cry foul when she loses her money as the result of a judgement rendered as a result of her failure to appear or defend.

The simple fact of the matter and point here is that Brown did not take the matter seriously when her bank account was levied in early January. She didn't take it seriously because she had already known about this matter since 2015, more than two and a half years ago! Instead of promptly acting back in January, 2018 when her bank account was levied, Brown did nothing. If this was her first time learning of this judgement, that "discovery" alone should have been serious cause for alarm. Brown sat on her rights for nearly six months and only acted when it was convenient for her to do so. There is no valid excuse for waiting hundreds of days to act.

## Brown does not satisfy the Requirements of Rule 55(c) or Rule 60(b) to Vacate the Entry of Default and Entry of Default judgement

A motion to vacate a judgement under Rule 60(b) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1); Gen. Med., 475 F. App'x at 75 (Rule 60(b)(6)); United States v. Dailide, 316 F.3d 611, 617 (6th Cir.2003) (Rule 60(b)(4)). "The reasonableness of the delay 'depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.' " Gen. Med., 475 F.App'x at 76 (quoting Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990)). 166 days is not a reasonable amount of time. A few weeks, or even a month would be considered a reasonable amount of time.

FRCP 60(b)(6) permits relief from a judgment for "any other reason that justifies relief," and does not include an outer bound on the time limitation to make the motion. However, the Supreme Court has limited this catch-all category to "extraordinary" circumstances (Gonzales v.

Crosby, 545 U.S. 524, 535 (2005); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)). Moreover, an FRCP 60(b)(6) motion must be based on some reason other than those stated in subsections (1)-(5), and thus cannot be used to circumvent the one-year outer time limitation provided for subsections (1), (2) or (3) (see FRCP 60(c); Liljeberg, 486 U.S. at 863 & n.11; United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009)).

Some courts have held that an FRCP 60(b) motion should be made promptly, with a "reasonable time" in some circumstances being the time in which a party would have to appeal (see, for example, Mendez v. Republic Bank, No. 12-cv–2585, , at *8 (7th Cir. July 25, 2013); In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003)).

It should be further noted that this Court entered an Opinion and Order on August 15, 2017, granting Plaintiff's Motion for default judgement. Ms. Brown filed the instant Motion to Vacate on June 22, 2018. A total of 311 days have elapsed between these two events. Between October 16, 2015, the date Ms. Brown signed the Certificate of Service of Jeffrey Howard's answer, and June 22, 2018, a total of 980 days have elapsed, more than two and a half years. Two and a half years in not a reasonable amount of time for Ms. Brown to ignore this matter. A prime function of legal systems is the settling of controversies. Settling implies ending, and ending implies finality. Ordinarily, then, when final judgement is entered in a case, all that remains is execution, the transmuting of law into force. Accordingly, allowing the judgment to stand is appropriate under the circumstances.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Set Aside Default judgement should be

DENIED.


Dated: July 6, 2018

*/s/ James E. Shelton*
James E. Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
james@finalverdictsolutions.com

*Assignee of Record*

## CERTIFICATE OF SERVICE

I, JAMES E. SHELTON, do hereby certify that on this 6th day of July, 2018, I served defendant

the following party with the foregoing Response in Opposition to Motion to Set Aside Default

Judgment via first class mail to:

D. GIL SCHUETTE, ESQ.
3322 West End Ave., #200,
Nashville, TN 37203
Attorney for Defendant Susie Tremblay-Brown

11

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)          v.          Civ Action     3:15-cv-00847
)
) Enagic USA, Inc, et al
)   Defendants.

## Affidavit of Craig Cunningham

1. My name is Craig Cunningham, and I am the Plaintiff in this case. I am over the age of 18 and I have never been convicted of a felony or crime of moral turpitude. I am writing this affidavit based on my personal knowledge and in opposition of the motion to set aside the default judgment against Susie Tremblay-Brown.

2. In an attempt to identify other individuals that are responsible for the illegal telemarketing calls from Jeffrey Howard, I agreed to purchase dialing minutes and leads from Susie Tremblay-Brown who was introduced by Jeffrey Howard in an email dated September 4, 2015 providing the Plaintiff with Ms. Brown's phone number of 415-948-1616. I purchased services by Susie Tremblay-Brown related to the setup an automated telephone dialing system with pre-recorded message that was used to market Enagic water systems in the amount of $156.00.

3. Susie Tremblay-Brown sent a series of instructional emails guiding the Plaintiff step by step on how to setup and purchase dialing minutes, scripts used, how to upload pre-recorded messages, to bigcraig79@hotmail.com. True and correct copies of the emails are attached.

4. In addition, I did a chargeback dispute to my debit card that was used to process the transactions by Susie Tremblay-Brown to my checking account titled in the name of New

Country, LLC ending in 6188 in the amount of $156.00. Susie Tremblay-Brown contested the chargeback dispute and on November 24, 2015, Bank of America provided rebuttal documentation and a statement from Susie Tremblay-Brown. True and correct copies of the chargeback and related rebuttal documentation are attached to this document.

5. Based on multiple facebook posts and statements from Jeffrey Howard and Susie Tremblay-Brown, I knew that the two individuals were dating and living together at the time.

6. I declare under the penalty of perjury that the foregoing is true and correct.


Craig Cunningham
Plaintiff,
5543 Edmondson Pike, ste 248
Nashville, TN 37211
7/7/2018

# EXHIBIT A

# UNITED STATES DISTRICT COURT

### for the

### Middle District of Tennessee

| | |
|---|---|
| Craig Cunningham | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 3:15-cv-00847 |
| Enagic et al | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

*RECEIVED IN CLERK'S OFFICE OCT 19 2015 U.S. DISTRICT COURT MID. DIST. TENN.*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Susie Tremblay-Brown
925 Lakeville Street #233
Petaluma, CA 94952

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Craig Cunningham
5543 Edmondson Pike ste 248
Nashville, TN 37211
615-348-1977

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: SEP 2 2 2015   _____
*Signature of Clerk or Deputy Clerk*

Civil Action No. 3:15-cv-00467

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Susie Tremblay-Brown

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):* Served via USPS CMRRR

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 10-14-15 _____

_____
*Server's signature*

Maricel Forteza
*Printed name and title*

5543 Edmondson Pike stee 248
Nashville, TN 37211

_____
*Server's address*

Additional information regarding attempted service, etc:

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Susie Tremblay-Brown
925 Lakeville St #233
Petaluma, CA 94952

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Matt Tyler                    ☐ Agent
                                ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Matt Tyler                       9.19.16

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)

7015 0920 0001 3881 4346

PS Form 3811, July 2013          Domestic Return Receipt

# EXHIBIT B

RECEIVED
IN CLERK'S OFFICE

OCT 19 2015

U.S. DISTRICT COURT
MID. DIST. TENN.

5      )   CRAIG CUNNINGHAM, PLAINTIFF, PRO SE
       )
6      )      V.
       )
7      )   ENAGIC USA, INC., PETER POLSELLI, TERRY COLLINS, RICK FREEMAN,
       )   ANGELA LINER, CHRISTIAN KINNEY, THE 7 FIGURE WEALTH CORPORATION,
8      )   CORAZON MANAGEMENT GROUP, INC., JEFFREY HOWARD,
       )   SUSIE TREMBLAY-BROWN, PETER WOLFING, MULTIPLEX SYSTEMS, INC. AND
9      )   JOHN/JANE DOES 1-10

## DEFENDANT JEFREY HOWARD'S

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1. Defendant Jeffrey Howard files herein it's Answer to Plaintiff's
   Amended Complaint.

2. Jeffrey Howard ("Howard") is an individual natural person with a
   mailing address of 925 Lakeville Street #233, Petaluma,
   California 94952.

3. Howard has no specific association with, or knowledge regarding
   the accuracy of Plaintiff's claims with regard to, any other
   Defendants in this action as alleged in Paragraphs 1 through 13
   of his Amended Complaint, with the exception of Corazon
   Management Group, Inc. ("CMG"), as CMG's authorized agent,
   officer and attorney-in-fact, Susie Tremblay-Brown, an
   independent Virtual Assistant, and Enagic USA, Inc. ("Enagic"),
   with which CMG is associated as an independent contractor.

4. It should be noted by the Court that Defendant Howard has not
   been served in this case, but through his association with CMG,

has specific knowledge of the case being filed, and his being
named as a defendant, and therefore, files this Answer to
Plaintiff's Amended Complaint in an effort to protect his rights
in this case.

## DEFENDANT JEFFREY HOWARD'S RESPONSES
### TO PLAINTIFF'S JURISDICTION AND FACTUAL ALLEGATION

5.    In response to Paragraph 14 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

6.    In response to Paragraph 15 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

7.    In response to Paragraph 16 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

8.    In response to Paragraph 17 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

9.    In response to Paragraph 18 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

10.      In response to Paragraph 19 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

11.     In response to Paragraph 20 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

12.     In response to Paragraph 21 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

13.     In response to Paragraph 22 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

14.     In response to Paragraph 23 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

15.     In response to Paragraph 24 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

16.     In response to Paragraph 25 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

17.     In response to Paragraph 26 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

18.     In response to Paragraph 27 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

19.     In response to Paragraph 28 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

20.     In response to Paragraph 29 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

21.     In response to Paragraph 30 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

22.     In response to Paragraph 31 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

23.     In response to Paragraph 32 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

24.     In response to Paragraph 33 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

25.     In response to Paragraph 34 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

26.     In response to Paragraph 35 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

27.     In response to Paragraph 36 of Plaintiff's Amended
Complaint, Defendant Howard DENIES and/or has no specific
knowledge pertaining to, the allegation.

28.     In response to Paragraph 37 of Plaintiff's Amended
Complaint, Defendant Howard DENIES, and/or has no specific
knowledge pertaining to, the allegation.

29. In response to Paragraph 38 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

30. In response to Paragraph 39 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

31. In response to Paragraph 40 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

32. In response to Paragraph 41 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

33. In response to Paragraph 42 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

34. In response to Paragraph 43 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

35. In response to Paragraph 44 of Plaintiff's Amended Complaint, Defendant Howard DENIES, and/or has no specific knowledge pertaining to, the allegation.

## DEFENDANT HOWARD'S AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT AND CAUSES OF ACTION

36. DEFENDANT HOWARD'S FIRST AFFIRMATIVE DEFENSE. Plaintiff has failed to properly serve Defendant in this case because he personally mailed a copy of the Summons and Amended Complaint via

Certified Mail himself, rather than through a Marshal, under
Middle District of Tennessee Local Rule LR4.01(c). Furthermore,
the USPS postmarks on the envelopes with Plaintiff's service
documents originate from Dallas, Texas, outside the jurisdiction
of the Marshal in the jurisdiction of filing. The document
package received was not properly served, and did not include
Certificate of Service showing proper service on other Defendants
in this action, although clearly other Defendants were served in
this action prior to Defendant Howard being named in this action.

37. DEFENDANT HOWARD'S SECOND AFFIRMATIVE DEFENSE. Plaintiff
has failed to properly serve Defendant in this case because
Plaintiff neither requested of Defendant, nor moved the Court
for, a proper Waiver of Service, under USDC Rule 4(d).

38. DEFENDANT HOWARD'S THIRD AFFIRMATIVE DEFENSE. Plaintiff has
on numerous occasions, from various parties, specifically
requested information regarding earning money from home or
starting a home-based business and as such regularly appears and
reappears on database lists of business opportunity seekers.

39. DEFENDANT HOWARD'S FOURTH AFFIRMATIVE DEFENSE. Plaintiff is
actively seeking out new ways to have his phone numbers appear on
business opportunity phone lists while posing as an opportunity
seeker in a calculated and specific effort to strategically
position himself to file frivolous lawsuits such as the subject
action, in multiple jurisdictions, against multiple defendants,
wasting both the Court's valuable time, and the time of
legitimate businesspeople who are actively supporting the economy
and their families.

40.     DEFENDANT HOWARD'S FIFTH AFFIRMATIVE DEFENSE.  Plaintiff's complaint is frivolous and without legitimate basis, filled with hearsay, opinions, conjecture, assumptions and conclusions drawn with the sole intent to support the frivolous nature of this complaint. It is clear from Plaintiff's allegations that he has a strong, personal negative association with the home-based business industry.

41.     DEFENDANT HOWARD'S SIXTH AFFIRMATIVE DEFENSE.  On two separate occasions, first on July 15, 2015 and again on August 26, 2015, Plaintiff placed an INBOUND telephone call to a marketing phone number, listened to 25 minutes of recorded information regarding a specific opportunity and left voicemail messages in both cases, specifically requesting additional information regarding the details of the opportunity.  Defendant Howard maintains the original voicemail recordings of these requests.

42.     DEFENDANT HOWARD'S SEVENTH AFFIRMATIVE DEFENSE.  Defendant Howard had numerous conversations with Plaintiff, who indicated he was an MBA and owned a business selling electronic smoking paraphernalia.  In fact, when asked directly, Plaintiff also indicated that he was seeking out additional legitimate entrepreneurial opportunities. Plaintiff repeatedly and continuously expressed interest in becoming involved with the proposed business venture.

43.     DEFENDANT HOWARD'S EIGHTH AFFIRMATIVE DEFENSE.  Plaintiff specifically indicated interest in the opportunity at every stage of the marketing and interview process.  On approximately September 2, 2015, Plaintiff also specifically stated: "I'm

in...what is the next step?" at which point enrollment
instructions and financing options were presented to him through
an email communication. Plaintiff then indicated that he had a
credit score of 720 and, based on that, had applied for a
Comerica VISA card (which incurs zero interest, zero fees for one
year) through the resources provided to him through our
correspondence. He indicated that he had received approval from
Comerica for a credit line of $10,000 and would place his order
forthwith.

44.     DEFENDANT HOWARD'S NINTH AFFIRMATIVE DEFENSE. Plaintiff has
falsely stated in this Amended Complaint that calls placed to him
were to a mobile or cell phone. The telephone number dialed was
615-212-9191. This was the only number in the telephone system
listed for Plaintiff, and is the number from which he made both
of the inbound calls to our recorded information system as
referenced in Paragraph 40, above.

45.     DEFENDANT HOWARD'S TENTH AFFIRMATIVE DEFENSE. A Google
search of Plaintiff's alleged *mobile* phone number, 615-212-9191,
shows numerous entries indicating that number is listed and owned
by the following business:

> Smoke Power Electronic Cigarettes
> 3601-B Nolensville Pike
> Nashville, TN 37211
> Phone: (615) 212-9191
> Email: sales@smokepower.com
> Web: www.smokepower.com

46.     DEFENDANT HOWARD'S ELEVENTH AFFIRMATIVE DEFENSE. A search
of Plaintiff's alleged mobile phone number, 615-212-9191, on
PhoneValidator.com (a trusted and recognized resource for showing

a phone's status as either landline, VOIP or mobile) indicates the following:

Phone Number: 615-212-9191
Date of this Report: October 15, 2015
Phone Line Type: LANDLINE [emphasis added]
Phone Company: BANDWIDTH.COM - POSSIBLE GOOGLE VOICE OR OTHER VIRTUAL
PHONE NUMBER
Phone Location: SPRINGFIELD, TN

47.     DEFENDANT HOWARD'S TWELFTH AFFIRMATIVE DEFENSE. A search of Plaintiff's alleged mobile phone number, 615-212-9191, on SearchBug.com (another trusted and recognized resource for showing a phone's status as either landline, VOIP or mobile) indicates the following:

Phone Number (615) 212-9191 Is Valid
Owner Name:      not searched   Find Name
Phone Type:      LANDLINE [emphasis added]
Carrier:    BANDWIDTH.COM CLEC (OCN: 124F
Area Code: Tennessee: Nashville, Murfreesboro,
Springfield, Lebanon, Dickson and north central
Tennessee. Split from 901.
Location:   SPRINGFLD
Local Calling Area:    Nashville TN
Time Zone: Central Daylight Time (CDT)

Phone Line Type: Landline vs. Cell Phone is
approximately 95% accurate. Less than 5% of numbers
are transferred or ported from landlines to cell
phones or vice versa.
Landline Carrier: approximately 97% accurate. Very few
people transferred their home number to a different
landline carrier.

48.     DEFENDANT HOWARD'S THIRTEENTH AFFIRMATIVE DEFENSE. Plaintiff's phone number is clearly a landline or VOIP number and is not a mobile phone, therefore, there has been no breach of any code under the TCPA or violation of 47 USC 227(b) as alleged by

1  Plaintiff. Further, Plaintiff's phone number is also listed as a

2  business phone, not a personal phone, as indicated above.

3  49.    DEFENDANT HOWARD'S FOURTEENTH AFFIRMATIVE DEFENSE.

4  Plaintiff had the opportunity at any time to have this number or

5  any other number automatically or manually removed from any

6  further marketing call lists and chose to remain in the system,

7  with the specific ongoing intent of soliciting opportunities to

8  bring additional frivolous lawsuits.

9  50.    DEFENDANT HOWARD'S FIFTEENTH AFFIRMATIVE DEFENSE. Plaintiff

10  has a long and colorful history as a "professional plaintiff," as

11  indicated by the continuing and ongoing amendments to this

12  Complaint, and a history of filing previous complaints in similar

13  actions, such as Craig Cunningham v. Alliance Security, et al,

14  Case Number 3:14-0769, filed last year, and as many as twelve

15  other lawsuits over the past three years. Further confirmation of

16  Plaintiff's ongoing history and status as a "professional

17  plaintiff" as well as his clearly deceptive "baiting and

18  enticement" strategy is bolstered by an article in the Dallas

19  Observer, dated over five years ago, entitled:   "*BETTER OFF*

20  *DEADBEAT: CRAIG CUNNINGHAM HAS A SIMPLE SOLUTION FOR GETTING BILL*

21  *COLLECTORS OFF HIS BACK. HE SUES THEM,*" wherein Plaintiff's story

22  of non-payment of his financial obligations led him to searching

23  for loopholes in the debt collection system in order to escape

24  those obligations and in fact, seems to take great pride in such

25  behavior. The article may be found at the following URL:

26  http://www.dallasobserver.com/news/better-off-deadbeat-craig-

27  cunningham-has-a-simple-solution-for-getting-bill-collectors-off-

28  his-back-he-sues-them-6419391

51.    DEFENDANT HOWARD'S SIXTEENTH AFFIRMATIVE DEFENSE. Defendant
Howard participates only in legitimate and firmly established
marketing opportunities in the direct sales and network marketing
industry, not in "get rich quick" or "pyramid schemes" as alleged
by Plaintiff.

52.    DEFENDANT HOWARD'S SEVENTEENTH AFFIRMATIVE DEFENSE.
Defendant Howard made no product claims, health claims,
specifically or implied, or guarantees of business viability,
particularly anyone's ability to "make money quickly" either
individually or as an agent of CMG, as claimed by Plaintiff with
regard to other Defendants in this case.

53.    DEFENDANT HOWARD'S EIGHTEENTH AFFIRMATIVE DEFENSE. As an
agent of CMG, and separately, Howard makes every ongoing
reasonable effort to comply with all applicable regulations
regarding telephone marketing through regular and ongoing
screening of its databases against the national do not call
lists, mobile phone number lists and all available means to
assure it only connects with legitimate and viable seekers of
home-based business opportunities. Further, Plaintiff has failed
to state that he was, or has ever attempted to be, on any Do Not
Call list.

54.    DEFENDANT HOWARD'S NINETEENTH AFFIRMATIVE DEFENSE. Howard
has no direct or indirect relationship with any other Defendant
named in Plaintiff's Amended Complaint, with the exception of its
independent business relationship with Enagic, and it's
relationship with Defendant Susie Tremblay-Brown, who is an
independent Virtual Assistant, contracted only to serve in a
technical support and systems set-up capacity, and to the best of

Howard's knowledge, has never placed an automated call through any system, further evidence that Plaintiff is simply fishing and "naming everyone" in his frivolous lawsuits.

55. DEFENDANT HOWARD'S TWENTIETH AFFIRMATIVE DEFENSE. Plaintiff has failed to show legal standing to bring a civil action in this case as he has not been personally damaged in any way, and has suffered no loss or damage, monetarily or otherwise. Plaintiff has had multiple opportunities, over the course of many years, to bring a full stop to any marketing contact from Defendant (or anyone else), simply by automatically or manually requesting to be removed from any marketing lists, a request which would have been immediately honored, but which never took place. Instead, Plaintiff has chosen to continue his ongoing baiting and enticement strategy in an effort to bring frivolous lawsuits.

56. DEFENDANT HOWARD'S TWENTY-FIRST AFFIRMATIVE DEFENSE. Because Plaintiff has no legitimate basis for bringing this action for damages (as no actual damages have occurred), a civil action is not justified in this case and, as such, Plaintiff's action has no civil basis and is brought outside of proper jurisdiction. Should any alleged violation of any code referenced herein actually occur, jurisdiction would fall on the appropriate regulatory bodies to enforce any such alleged violation.

57. DEFENDANT HOWARD'S TWENTY-SECOND AFFIRMATIVE DEFENSE. Plaintiff has failed to state a specific claim or action by any Defendant under the TCPA or violation of 47 USC 227(b) for which he can claim damages. Plaintiff has only alleged that "multiple automated calls" took place.

**CONCLUSION**

Based upon the foregoing, Defendant Howard, prays for the following:

1. That Plaintiff takes nothing by his complaint.

2. That Plaintiff receives sanctions for filing frivolous and unfounded lawsuits against Defendant.

3. That Plaintiff be enjoined from filing further actions against Defendant Howard on similar grounds.

4. That Defendant Howard be dismissed with prejudice from the action herein.

5. That any attorney's fees incurred on behalf of Defendants be borne by Plaintiff, including any associated fees and costs.

6. For such other and further relief as the Court may deem proper.

Dated:   October 15, 2015

Respectfully submitted:

Jeffrey Howard, Pro Se

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 16th day of October 2015, this Certificate of Service for

**DEFENDANT JEFFREY HOWARD'S**
**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

was served on all known parties to this action, by U.S. Mail, postage prepaid, upon:

Served via U.S. Mail:

Craig Cunningham
5543 Edmondson Pike, Ste. 248
Nashville, TN 37211
Plaintiff, Pro Se

Peter Polselli
50 Danes Street
Patchogue, NY 11772
Defendant, Pro Se

J. Anne Tipps
STITES & HARBISON, PLLC
401 Commerce St., Ste. 800
Nashville, TN 37219

Katrina L. Dannheim
STITES & HARBISION, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Attorneys for Enagic USA, Inc.

Lavenia S. Brown

# EXHIBIT C



Court Orders and Levies
P.O. Box 183164
Columbus, OH 43218-3164
Phone: 1-866-578-7022

JAMES E SHELTON
316 COVERED BRIDGE ROAD
KING OF PRUSSIA, PA 19406

**RE: JAMES E SHELTON v. LAVENIA T BROWN, SUSIE-TREMBLAY BROWN, MULITPLEX SYSTEMS INC Case No.: 201727316, MONTGOMERY COUNTY COMMON PLEAS COURT**

JPMorgan Chase Bank, N.A. is in receipt of your Writ of Execution against the following debtor(s): LAVENIA T BROWN, SUSIE-TREMBLAY BROWN, MULITPLEX SYSTEMS INC

Accounts which are held:

| Account Number | Amount of Hold | Present Balance |
|---|---|---|
| 7229 | 261573.75 | 1159.89 |
| 8562 | 261573.75 | 0.00 |
| 4696 | 261573.75 | Negative |
| 9262 | 261573.75 | Negative |

The Present Balance may be subject to claims which may reduce the amount available to the judgment creditor, including without limitation: exemptions asserted by the judgment debtor; rights of third parties asserting an interest in the account; intervening levies or court orders; IRS levies; right of setoff; deposited items returned against the account, or warranty claims asserted with respect to checks or other items credited to the account balance.

Memo: - The funds of the judgment debtor on hold pursuant to this garnishment have been previously restrained subject to the claims of the following case(s): MONTGOMERY COUNTY COMMON PLEASE COURT CASE NO 201727316. FUNDS MAY NOT BE AVAILABLE

These responses are based upon a search of data contained in JPMorgan Chase Bank, N.A's centralized customer identification and account information system. That system may not necessarily capture all relevant information concerning the judgment debtor(s) or accounts.

Please allow this letter to serve as JPMorgan Chase Bank, N.A's answer to the Writ of Execution. If you should have any questions regarding this matter, please contact JPMorgan Chase Bank, N.A. at 1-866-578-7022.

I declare that the statements above are true to the best of my information, knowledge, and belief.

Case# 2017-27316-60 Docketed at Montgomery County Prothonotary on 01/08/2018 3:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2017-27316-60 Docketed at Montgomery County Prothonotary on 01/08/2018 3:09 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ERIC W JOHNSON
Doc Review Sr Specialist II
JPMorgan Chase Bank, N.A.
Court Orders and Levies Department

Date: _____



**Jeffrey Howard**
December 1, 2015



# Anniversary

It was two years ago today that this amazing woman entered my life...and it continues to be the most awesome eTicket ride ever! I love you, Susie!

👍 Like       ↗ Share

Susie Tremblay-Brown and 53 others

Susie Tremblay-Brown I'm definitely your eTicket, and you mine! I



**Susie Tremblay-Brown**
August 13, 2015 near Petaluma · Edited

So it has been a big week for our family! Jeffrey Howard and I have combined families. We are super excited about our future as a family together. Although we are knee deep in boxes, each day our house is becoming a home. We are thrilled to be engaging in the next stage of our lives together!!! Thank you all for your support and well wishes. More announcements to come! 🩷💋💋💋 — with Marshall Brown and Savannah Brown.

👍 Jeffrey Howard and 87 others

👍 Like      🔗 Share

**Kim St.Hilaire** Very happy for you Susie!
Like · 2y

**Susie Tremblay-Brown** Thank you Kim. St.Hilaire! I'm very happy!
Like · 2y

**Dotti Berry** Congrats!!
Like · 2y

**Susie Tremblay-Brown** Thank you Dotti Berry! Ox
Like · 2y

**Michelle Simonetti** Congrats!!






































**Jeffrey Howard**
September 20, 2015 · 🌐

•••

Susie Tremblay-Brown is the awesomest girlfriend. She had me carve out Sunday for a special date but wouldn't give me a clue what it was...and now here we are on the ferry headed for AT&T Park...brilliant surprise! Thank you Baby! GO GIANTS!



**Jeffrey Howard** is 😍 feeling fabulous at 📍 Heaven, also known as AT&T PARK. •••

September 20, 2015 · San Francisco · 🌐

Beautiful spot on a toasty warm day...this is baseball in San Francisco.

👍 Like     ↪ Share

 **Jeffrey Howard** is 😋 feeling energized at 📍 Helen Putnam Regional Park.

•••

February 15, 2016 · Petaluma · 🌐

Life is good...



👍 **Like**                    ↪ **Share**

❤️ Susie Tremblay-Brown and 6 others

 **Susie Tremblay-Brown** It is!  2

Like · 2y



Jeffrey Howard
December 1, 2015 · ⊕ · 🌐

👍 Like     ☆ Share

👍 2



**Jeffrey Howard**
December 1, 2015

👍 Like    🔗 Share

😊 2

**Yoram Baltinester** big like! 👍 1
Like · 2y



**Jeffrey Howard** is at ♥ Petaluma Family Jam.

September 6, 2015 · Petaluma · 🌐

So, for a few days people asked: "What are you guys doing for Labor Day weekend?" to which I responded: "As little as possible!" and now, in a flurry of activity, G&T's served on the patio have ensued. Who knows what will happen from here?!




👍 Like          ↪ Share

Case 3:15-cv-00847 Document 288   Filed 07/06/18   Page 51 of 61 PageID #: 1519



Jeffrey Howard
August 5, 2015 · 🌐

👍 Like      ↪ Share

○ 3

Rhonda Beyreis Susie Tremblay-Brown
love the hair cut
2y · Like                                    ○ 1

Suggested Groups                            See All

LUCIFER'S SAVIOURS

**Lucifer's Saviours**
28,061 members

+ Join

☰ ▶ YouTube

Search



▲ ▶ ⏭ 🔊 0:00 / 0:12          ⚙ ☐ ⛶

IMG 8976

28 views

👍 0    👎 0    ⤴ SHARE    ≡₊    •••

**Susie Tremblay-Brown**
Published on Aug 15, 2016

**SUBSCRIBE 0**

I don't snore, followed by–"I'm not sleeping", part 2. #toomuchvodkaandpot #thisisherproblemnow

Category      People & Blogs

License       Standard YouTube License

SHOW LESS

**From:** Susie Tremblay-Brown <tremblaybrown@gmail.com>
**Sent:** Wednesday, September 16, 2015 9:56 PM
**To:** craig
**Cc:** Jeffrey Howard
**Subject:** Re: Checking in...

Hi Craig,

We just spoke on the phone; thank you for taking my call. This is a brief follow-up email to confirm that you plan to order leads from your own source, and upload them into your dialer.

I will be in contact soon with your login information for your Enagic marketing system. Thank you!

Sincerely,
Susie

----
Susie Tremblay-Brown

Advanced Communication Technologies, CEO
Licensed, and Certified Sales Trainer | Speaker | Coach | Consultant

Powered by

PHD / WhiteList Member, BlackList Trustee Member

http://bankcodeninja.com

Discover Your Personal Success Code to
Skyrocket Your Sales and Improve Your Relationships
http://bankcodeninja.me

On Mon, Sep 14, 2015 at 4:40 PM, Susie Tremblay-Brown <tremblaybrown@gmail.com>
wrote:

Hi Craig,

Please give me a call when you are ready for me to order your leads so that I can finish your
set-up.

Thanks!
:)
Susie

----
Susie Tremblay-Brown

Advanced Communication Technologies, CEO
Licensed, and Certified Sales Trainer | Speaker | Coach | Consultant

Powered by

PHD / WhiteList Member, BlackList Trustee Member
http://bankcodeninja.com

Discover Your Personal Success Code to
Skyrocket Your Sales and Improve Your Relationships
http://bankcodeninja.me

**From:** Susie Tremblay-Brown <tremblaybrown@gmail.com>
**Sent:** Wednesday, September 9, 2015 6:07 PM
**To:** craig
**Cc:** Jeffrey Howard
**Subject:** Re: Enagic Set-up

Hi Craig,

I order the leads for you each time you want them. I upload the first batch into your dialer during initial set up of your marketing system. You should start with the 20K or more. leads can take 24-72 hours to process. These leads lists are sourced from previously interested parties of home based and network marketing businesses by the company I order them from. The lists are scrubbed against the DNC list, and there is an opt-out press 9 on the dialer. The people called are not yet interested in Enagic, that part is where the marketing system comes into pay, and then your follow up using the script(s) provided.

Would you like for me to order your leads today?

Sincerely,
Susie
---
"Deliberately seek the company of people who influence you to think and act on building the life you desire." ~Napoleon Hill

On Sep 8, 2015, at 6:43 PM, craig <bigcraig79@hotmail.com> wrote:

> Can you tell me about the leads? How do you get them? How do you know they are interested in enagic? How do you deal with issues of consenting and the DNC list?
>
> From: tremblaybrown@gmail.com
> Date: Tue, 8 Sep 2015 14:40:47 -0700
> Subject: Enagic Set-up
> To: bigcraig79@hotmail.com
> CC: mastermindmentor@gmail.com
>
> Hi Craig,

Can I go ahead and get your leads ordered today? Please let me know so that I can get you up and rolling with your marketing system.

Have a great day!

Sincerely,
Susie

----
Susie Tremblay-Brown

Advanced Communication Technologies, CEO
Licensed, and Certified Sales Trainer | Speaker | Coach | Consultant

Powered by

PHD / WhiteList Member, BlackList Trustee Member
http://bankcodeninja.com

Discover Your Personal Success Code to
Skyrocket Your Sales and Improve Your Relationships
http://bankcodeninja.me

 **Bank of America**

Dispute Resolution Services PO Box 53137 Phoenix, AZ 85072

November 24, 2015

 000565                    AT2

NEW COUNTRY LLC
5543 EDMONDSON PIKE STE 248
NASHVILLE, TN 37211-5808

ldrlnllrqlllllllllllllllllllllllplllllllllllllllll

**Amount:** $156.00          **Claim number:** 151015106432          **Account ending in:** 6188

**NEW COUNTRY LLC:**

**We've completed our review of this claim and have determined that no error has occurred in this instance.**

**What you need to know**

The merchant has provided documentation in rebuttal to your dispute indicating services were rendered. Should you wish to further dispute the transaction(s), please provide an updated statement of dispute which addresses all aspects of the merchant's rebuttal and include documents to support your claim. A copy of the merchant's documentation is attached for your review.

As a result, the temporary credit for $156.00 that was previously applied to your account will be reversed on December 09, 2015. Additionally, any credit that was applied to your account for the reimbursement of fees related to this claim will be reversed. We now consider this disputed transaction closed.

**We're here to help**

We appreciate the opportunity to serve you and your financial needs. If you have any questions or would like to request copies of the documents we relied on to reach this decision, please call us at 877.337.4230 Monday through Friday from 7 a.m. to 10 p.m., and Saturday and Sunday from 8 a.m. to 5 p.m. local time. For faster service, please have your claim number, Access ID and PIN available.

Deposit and Payment Claims





151015213328 DC_CLMDC 156.00 Page1of1                    Page 1 of 1

Dear Sirs: I am an independent business person providing technical services to individuals and businesses. I was contacted and hired, via telephone and email, by Craig Cunningham. He agreed to pay me $156.00 to set up an auto dialing marketing system for him using a company called Phone Prospector and another called 600link. This marketing system is used to market a business called Enagic Water. I provided my full services as required. The real necessity was for the Craig Cunningham to make a decision about how many leads he wanted to purchase and have uploaded into his dialer. I also offered to allow him to handled that portion of his set -up, but he refused and continued to lead me on by stating each time I contacted him that he had just not made the decision as of yet. Several days, even a week or more had gone by and I continued to follow up with him via email and phone calls. My last contact with Craig Cunningham was when I called him and he curtly said "I will get my own leads. This a VERY unusual for a client to do...something was not right. That day I learned that Craig Cunningham was suing the people who sold him the Enagic business in a federal law suit. I am not in business with the dialer system or Enagic; I am an independent business person who was hired independently by Craig Cunningham to do a technical set-up for him. I have done hundreds of these set ups for those without the ability or time to do so on their own. I did exactly what I was hired to do without question. I provided this service for cooperation, response, and his unethical intention to dupe the people I work with as well as use me as a way of gaining information to feed his law suit. Again, he never had any intention of buying leads to activate his dialer and finalized our transaction. He used my services and time to gain information on the people he was about to sue. Craig Cunningham is a "Professional Plaintiff and a BULLY. this is how he makes his living. Suing his creditors is also part of his portfolio. Check out this article about him. "Better Off Deadbeat: Craig Cunningham Has a Simple Solution for Getting Bill Collectors off-his-back-he-sues-them-6419391 in closing: I provided my services as stated to this client as I http://www.dallasobserver.com/news/better-off-deadbeat-craig-cunningham-has-a-simple-solution-for-getting-bill-collectors-off-his-back-he-sues-them-6419391 in closing: I provided my services as stated to this client as I have with all of my clients. Craig Cunningham is a Professional Plaintiff and is not being honorable with this claim. Craig Cunningham lives off of suing people reversing charges after he received services were rendered. Craig Cunningham is a bottom feeder. sues people he sets up, and them sues his creators after racking up bills and sits and waits for them to call asking for their money. Craig Cunningham is the owner of a Smoke Shop in Tennessee. http://dailyvaportn.com/ Thank you in advance for your time. -Susie Tremblay-Brown

When I learned that Craig Cunningham was suing the people who sold him the Enagic business in a federal law suit, I found out he was trying to find me to sue me too. He is not an honest or honorable man. Craig Cunningham targeted and sought after every person named in his frivolous law suit. He claimed that they called him illegally or his personal cell phone using a marketing dialer system and that was the bases for his case. I am not associated with the dialer or Enagic and am an independent business person who is hired to do his technical set-up. I did exactly what I was hired to do. I went above and beyond the normal amount of time spent to help Craig Cunningham. He used my services and time to gain information on the people he was about to sue. Craig Cunningham is a professional plaintiff and this is how he lives. Craig Cunningham's phone number is listed as a business phone attached to his Smoke Shop in Tennessee. http://dailyvaportn.com/ Suing his creditors is also part of his portfolio. Check out this article about him: 'Better Off Deadbeat: Craig Cunningham Has a Simple Solution for Getting Bill Collectors Off His Back. He Sues Them." http://www.dallasobserver.com/news/better-off-deadbeat-craig-cunningham-has-a-simple-solution-for-getting-bill-collectors-off-his-back-he-sues-them-6419391 Additional Emails: RE: Enagic Set-up Inbox x Susie Tremblay-Brown <tremblaybrown@gmail.com> Sep 6 to pqcraig79. Jeffrey Hi Craig. Can I go ahead and get your leads ordered today? Please let me know so that I can get you up and rolling with your marketing system. Have a great day! Sincerely, Susie ---- Susie Tremblay-Brown Advanced Communication Technologies, CEO Licensed. and Certified Sales Trainer I Speaker I Coach I Consultant Powered by PHD / WhiteList Member, BlackList Trustee Member http://bankcodeninja.com Discover Your Personal Success Code to Skyrocket Your Sales and Improve Your Relationships http://bankcodeninja.me craig cbagcrap79@hotmail.com> Sep 8 to me Can you tell me about the leads? How do you tell them? How do you know they are interested in enagic? How do you deal with issues of consenting and the DNC list? Susie Tremblay-Brown <tremblaybrown@gmail.com> Sep 9 to craig, Jeffrey Hi Craig. I order the leads for you each time you want them. I upload the first batch into your dialer during initial set up of your marketing system. You should start with the 20K or more leads can take 24-72 hours to process. These leads lists are sourced from previously interested parties of home based and network marketing businesses by the company I order them from. The lists are scrubbed against the DNC list, and there is an opt-out press 9 on the dialer. The people called are not yet interested in Enagic, that part is where the marketing system comes into pay, and then your follow up using the script(s) provided. Would you like for me to order your leads today? Sincerely, Susie --- 'Deliberately seek the company of people who influence you to think and act on building the life you desire." -Napoleon Hill Susie Tremblay-Brown <tremblaybrown@gmail.com> Sep 10 to craig. Jeffrey Hi Craig. Do you have any other questions about leads? I still need to order them for you, and don't want the weekend to hold you up time-wise. Please let me know if I can order them today. Thank you! Sincerely, Susie Checking In... Susie Tremblay-Brown <tremblaybrown@gmail.com> Sep 14 to craig, Jeffrey Hi Craig. Please give me a call when you are ready for me to order your leads so that I can finish your set-up. Thanks! :) Susie --- Susie Tremblay-Brown Advanced Communication Technologies, CEO Licensed. and Certified Sales Trainer I Speaker I Coach I Consultant Powered by PHD / WhiteList Member, BlackList Trustee Member http://bankcodeninja.com Discover Your Personal Success Code to Skyrocket Your Sales and Improve Your Relationships http://bankcodeninja.me Susie Tremblay-Brown <tremblaybrown@gmail.com> Sep 16 to craig, Jeffrey Hi Craig. We just spoke on the phone; thank you for taking my call. This is a brief follow-up email to confirm that you plan to order leads from your own source, and upload them into your dialer. I will be in contact soon with your login information for your Enagic marketing system. Thank you! Sincerely, Susie

I am a Trainer/Sole proprietor. I am an independent business person providing technical services to individuals and businesses for convenience and lack of technical savvy. I work from my home office and operate under the highest level of integrity. I do business as Susie (Tremblay) Tremblay-Brown ★ Bay Area Sales Trainer/CEO at Advanced Communication Technologies https://www.linkedin.com/profile/public-profile-settings?trkqpref-edit-edit-public_profile Again, Thank you in advance for your time. Susie Tremblay-Brown







Set-ups by Susie

# $156.00

**Custom Amount** $156.00
9/4/15 - Craig Cunningham. Enagic
marketing system set-up plus fees.
$150 /$6.

Total $156.00

*Susie Aerth*

Set-ups by Susie
http://www.barlicode.com/susie
415-948-1618

✝

MasterCard 6451 9/4/2015, 4:17 PM
#BuCi

© 2015 Square, Inc. All rights reserved
1455 Market Street, Suite 600, San Francisco, CA 94103

Square Privacy Policy

7-9-2018

To: Federal Court Clerk

801 Broadway
Nashville, TN 37203

**FILED**

JUL – 6 2018  DB

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.