IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:15-0847 |
| ENAGIC USA, INC., et al., | ) ) ) |
| Defendants. | ) |

**TO:  Honorable David M. Lawson, District Judge**

### REPORT AND RECOMMENDATION

Pending before the Court is the motion (Docket No. 284) of Defendant Lavenia Sue Brown, a/k/a Susie Tremblay-Brown, to set aside default judgment. Brown filed a memorandum of law in support of her motion (Docket No. 285). Assignee of Record James E. Shelton filed a response in opposition (Docket No. 288), and Brown filed a reply in support (Docket No. 289). By Order entered October 11, 2018, Brown's motion was referred to the Magistrate Judge for a report and recommendation. (Docket No. 291). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion (Docket No. 284) be granted.

### I. BACKGROUND

Plaintiff Craig Cunningham ("Cunningham") is a resident of Nashville, Tennessee. Cunningham filed this *pro se* lawsuit against seven defendants seeking damages under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. ("TCPA") on July 31, 2015. (Docket No. 1). Plaintiff subsequently filed three amended complaints (Docket Entry Nos. 5, 8,

1

and 41) expanding to twenty the number of defendants sued under the TCPA, including the addition of Defendant Lavenia Sue Brown a/k/a Susie Tremblay-Brown ("Brown"). The undersigned presumes that the parties are familiar with the underlying facts and procedural history of this lawsuit and, therefore, recites only the information needed for context to decide this motion.[1]

The Clerk issued a summons as to Brown on September 22, 2015. (Docket No. 13). Brown's summons was directed to Susie Trembley-Brown, 925 Lakeville Street #233, Petaluma, CA 94952. (*Id.*). Cunningham returned Brown's summons as executed on October 19, 2015. (Docket No. 26). The Proof of Service attached to the returned summons stated that the summons was served via the United States Postal Service by certified mail with return receipt requested. (*Id.*). The return receipt was signed by a Matt Tyler on September 26 (presumably, although not indicated, of 2015). (*Id.*). Neither the Agent box nor the Addressee box next to the signature of Mr. Tyler was checked on the return receipt. (*Id.*).

Cunningham moved for entry of default by the Clerk against Brown after she failed to file an answer. (Docket No. 66). In his motion, Cunningham represented that Brown had been served, (*id*. at 2), relying on the certified mail return receipt signed by Mr. Tyler. The Clerk entered default against Brown on January 4, 2016. (Docket No. 90). Cunningham then filed a motion for default judgment (Docket No. 233), which the Court granted on August 16, 2017. (Docket No. 246). By assignment dated November 13, 2017, and filed with the Court on November 17, 2017, Cunningham assigned all rights, title and interest in the judgment to James Shelton. (Docket No. 255). The Court entered its second corrected judgment against Brown on January 16, 2018. (Docket No. 274).

---

[1] Detailed factual and procedural histories can be found at Docket Nos. 239 and 246.

Brown now moves the Court to set aside the entry of default and default judgment. In support of her motion, Brown argues that she was not properly served and, therefore, that the Court lacked personal jurisdiction. (Docket No. 285 at 3-4). Brown declares that she has never worked, lived, or received mail at the address to which the summons was delivered. (Declaration of Lavenia Sue Brown, Docket No. 286-1 at ¶¶ 10-11). Brown further states that she has never known or worked with an individual named Matt Tyler, nor has she authorized anyone with that name to receive mail on her behalf. (Brown Declaration, Docket No. 286-1 at ¶ 13). Brown argues that, without proper service, the Court did not have jurisdiction to enter default or default judgment. (Docket No. 285 at 4-5). Based on this alone, Brown states that the entry of default and default judgment should be set aside. (*Id.* at 5).

In the alternative, Brown argues that she has satisfied the weight of the equities required by *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1994) to justify relief from the defaults. Brown contends that the default was not entered based on any culpable conduct by herself as she did not know of the lawsuit's existence or the judgment until her bank account was seized. (Docket No. 285 at 5). Brown asserts that she has a meritorious defense as she neither arranged for nor placed any automated calls to Cunningham. (*Id.*). Brown finally argues that Cunningham will suffer no prejudice as he will only be required to litigate his case if the motion is granted and because he can continue to enforce his judgment against the other defendants in the case. (*Id.* at 5-6).

Assignee of Record James E. Shelton ("Shelton") filed a response in opposition to Brown's motion. (Docket No. 288). Shelton argues Brown was properly served as her co-defendant and alleged romantic partner, Jeffrey Howard, received mail at the same address to which Brown's summons was mailed. (*Id.* at 2, 3-4). Shelton contends that Brown had knowledge of the lawsuit

and that service was proper based on Brown's statement to a credit card company in response to a chargeback related to the facts underlying the lawsuit. (*Id.* at 2, 5-6). Shelton further contends that Brown had knowledge of the suit as a signature purporting to be Brown's appears on the certificate of service for Jeffrey Howard's answer. (*Id.* at 2, 4-5). Shelton finally argues that Brown failed to timely move the Court to set aside default and that her alleged evasive, dishonest, and culpable conduct warrants denial of relief. (*Id.* at 2-3, 7-11). Shelton's arguments rely largely on an affidavit submitted by Cunningham, in which he states under penalty of perjury various details of business transactions between he and an individual named Susie Tremblay-Brown and that he "knew that [another defendant, James Howard, and Brown] were dating and living together at the time" on which Brown was ostensibly served. (Docket No. 288 at 14-59).

Brown replied to Shelton's opposition, arguing that the burden of proof of proper service rests with Shelton and that Shelton has failed to meet this burden. (Docket No. 289 at 2). Brown first argues that the exhibits attached to Shelton's response were unauthenticated and inadmissible. (*Id.* at 1). Brown then points out that the address served by Cunningham is the address of a strip mall, not a personal residence. (*Id.* at 1-2). Brown adds that Shelton has failed to provide an affidavit of Matt Tyler demonstrating that he was authorized to accept mail for her. (*Id.* at 2). Brown contends there is no authenticated document purporting to be a statement from Brown in relation to Shelton's argument that she had knowledge of the lawsuit via a chargeback dispute. (*Id.* at 2). Brown further contends that Shelton's argument related to her signature on Jeffrey Howard's answer is not plausible and that Shelton failed to provide an affidavit from Howard to affirm his allegation. (*Id.* at 3). Brown argues that her motion was timely given, that she did not learn of the lawsuit until her bank account was frozen and that without assets it took her time to raise money to retain counsel. (*Id.* at 2). Finally, Brown maintains that the affidavit of

4

Cunningham attached to Shelton's response shows that she has a meritorious defense to the TCPA claims as the affidavit indicates that Cunningham initiated the phone conversations with her. (*Id.* at 3).

## II. APPLICABLE AUTHORITY

The "requirement of proper service of process is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir.1991) (citation and internal quotation marks omitted). Indeed, "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citation omitted). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). It is a "bedrock principle that a defendant is not obliged to engage in civil litigation unless the defendant is properly notified of the action and brought under the court's authority, i.e., personal jurisdiction, by formal service of process." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002). Actual notice of the lawsuit by the defendant is immaterial to the question of whether that defendant was properly served. *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) (citing *Friedman*, 929 F.2d at 1155–56; *Genesis Diamonds, LLC v. John Hardy, Inc.*, No. 3:15–cv–01093, 2016 WL 3478915, at *6 (M.D. Tenn. June 27, 2016). "And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

### A. Relief from a Default Judgment

Typically, "[w]here Rule 60(b) is invoked to set aside a default judgment, the court must both consider the Rule 55 equitable factors as enumerated in *United Coin Meter*…and find that one of the specific requirements of Rule 60(b) is met." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996). However, when the requested relief is from a void judgment due to lack of proper service, the Court need not weigh the equitable factors. *See O.J. Distrib.*, 340 F.3d at 355. *See also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("[a] judgment is void under 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law"). Indeed, when a party seeks to set aside a default judgment because it is void—and not for reasons like mistake or inadvertence—the court may not deny the motion based on a weighing of the equities. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002). In effect, the district court has no discretion—the judgment is either void or it is not. If the judgment is void, the district court must set it aside. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) ("[D]enying a motion to vacate a void judgment is a per se abuse of discretion.").

### B. Burden of Proof

Authority is split as to who bears the burden of proof when service is challenged after default judgment has been entered. It is well-settled that the plaintiff bears the burden to establish that service was proper when it is challenged through a Rule 12(b)(5) motion to dismiss for insufficient service of process. *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *Shires v. Magnavox Co.*, 74 F.R.D. 373, 377 (E.D. Tenn. 1977). This allocation flows from the general presumption that a plaintiff "must carry throughout the litigation

6

the burden of showing that he is properly in the court." *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936).

Some courts have found that this presumption remains and that the burden stays with the plaintiff no matter the stage at which service is challenged. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present...This standard applies whether the issue is raised by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) or a motion to set aside a judgment under Rule 60(b)(4)."); *see also*, *Morris v. B.C. Olympiakos, SFP*, 721 F. Supp. 2d 546, 554–57 (S.D. Tex. 2010) (citing *Rockwell International Corp. v. KND Corp.*, 83 F.R.D. 556 (N.D. Tex. 1979)); *Donnely v. Copeland Intra Lenses, Inc.,* 87 F.R.D. 80, 85 (E.D.N.Y.1980); *DiCesare–Englar Productions, Inc. v. Mainman, Ltd.,* 81 F.R.D. 703, 705 (W.D.Pa.1979). Other courts, however, follow a contrary rule: "If the defendant, after receiving notice, chooses to let the case go to a default judgment, the defendant must then shoulder the burden of proof when the defendant decides to contest jurisdiction in a postjudgment rule 60(b)(4) motion." *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986); *see also "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 126 (2d Cir. 2008); *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007); *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 (5th Cir. 1974).

The Sixth Circuit has not directly addressed this issue and it need not be resolved in this case. For the latter rule to apply in this case, the Court must find that Brown had notice of the lawsuit, which is the very subject of this contest. There is no debate that, in considering a motion to set aside default judgment, the Court must recognize the "policy consideration that values the disposition of cases on their merits [which] dictates that the court 'should...construe[ ] all

7

ambiguous or disputed facts in the light most favorable to the defendant[ ].' " *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (quoting *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). Construing the evidence presented under this standard, the Court finds that it supports Brown's position, whether or not she bears the burden of proof.

### C. Service of Process

In accordance with the Federal Rules of Civil Procedure, service of an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or by service through one of three types of delivery, Fed. R. Civ. P. 4(e)(2). Absent waiver of service, the Federal Rules do not independently authorize service of an individual by mail and, therefore, courts must look to state law when service by mail is attempted. *See* Fed. R. Civ. P. 4(d)-(e), generally; *see also LSJ Inv. Co.*, 167 F.3d at 322.

The Tennessee Rules of Civil Procedure allow service upon a defendant outside the state "by any form of service authorized for service within this state pursuant to Rule 4.04" or "in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state." Tenn. R. Civ. P. 4.05(1)(a)-(b). Service by mail is permissible where it is made by registered return receipt or certified return receipt mail. Tenn. R. Civ. P. 4.04(10). However, "[w]hile Tennessee law allows service by certified mail, such mail must be received and signed for by the individual named defendant or by an agent authorized to accept service." *Bateman v. U.S.*, No. 3:08–1186, 2009 WL 2043871, at *3 (M.D.Tenn. July 9, 2009) (citing Tenn. R. Civ. P. 4.04(1) and (10); *Hall v. Haynes*, No. W2007–02611–COA–R9–CV, 2009 WL 782761 at *13 (Tenn.Ct.App. Mar.26, 2009) (holding service of process by certified

8

mail must be signed for by individual to whom mail is addressed or by agent who has express or implied actual authority to accept service on the individual's behalf)).

The California Code of Civil Procedure allows for service by mail if two requirements are met. *See* Cal. Civ. Proc. Code § 415.30. First, a notice must be included with the summons and complaint. Cal. Civ. Proc. Code § 415.30(b). The notice must be worded substantially the same as provided for in the Code. *Id.* Second, an acknowledgement of receipt must also be included with the summons and complaint. Cal. Civ. Proc. Code § 415.30(b). Service by mail is only completed after a written acknowledgement of the receipt of summons is returned executed. *See* Cal. Civ. Proc. Code § 415.30(c); *see also* Cal. Civ. Proc. Code § 417.10(a).

### III.   ANALYSIS

Brown contends that the entry of default and default judgment should be set aside because she was never properly served, and the Court therefore lacks the personal jurisdiction necessary to render judgment. While Brown does not provide a specific citation, her claim is best construed as one for relief from a void judgment under Fed. R. Civ. P. 60(b)(4). Therefore, prior to any further analysis under the other Federal Rule 60 subsections, the Court must determine whether it had jurisdiction as it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4) if the judgment is void. *See Antoine*, 66 F.3d at 108.

Shelton argues that Brown was properly served under the Tennessee Rules of Civil Procedure at an address where she and her family receive mail. *See* Docket No. 288 at 2.[2] In support of his argument, Shelton contends that Jeffrey Howard received mail at the address and

---

[2] Neither party addresses whether Shelton has standing to contest Brown's motion to set aside default, and the Court declines to do so because the answer to that question makes no difference to the outcome.

9

that service upon Mr. Howard constituted service upon Brown based on their alleged romantic entanglements. *See id.* at 2-4. Shelton also contends that Brown failed to obtain an affidavit from Mr. Tyler stating that she did not receive mail at the address. *See id.* at 7. Shelton further contends that Brown had knowledge of the lawsuit and that knowledge indicates she was properly served. *See id.* at 2, 4-6.

Shelton's three contentions are unavailing. First, Mr. Howard did not sign for the mail and there is no evidence before the Court either that Mr. Howard received the mail or that Brown authorized Mr. Howard to be her agent. Second, Shelton's argument that Brown failed to provide an affidavit from Mr. Tyler ignores Brown's declaration under penalty of perjury in which she states that she has "never rented a P.O. Box at 925 Lakeville St., #223, Petaluma, CA, 94952" and that she has "never known or worked with an individual named Matt Tyler, nor [has she] authorized anyone with that name to receive mail on [her] behalf." Docket No. 286-1 at 2. Third, knowledge of a lawsuit does not equate to proper service of process. *See LSJ Inv.*, 167 F.3d at 322 (court "will not allow actual knowledge of a lawsuit to substitute for proper service").

Under Tennessee law, mail must be received and signed for by the individually named defendant or by an agent authorized to accept service. *See* Tenn. R. Civ. P. 4.04(10). The return receipt filed by Cunningham, Docket No. 26 at 3, shows that the summons was delivered to a Matt Tyler. There is no contest that Brown did not personally sign for the mail. The return receipt fails to identify that Tyler was authorized to accept service of process for Brown. Two boxes are found next to Tyler's signature on the return receipt, one titled "Agent" and one titled "Addressee." Neither box is checked. *See* Docket No. 26 at 3. From review of the return receipt combined with the declaration of Brown that she does not know Tyler and has not authorized him to be her agent, there is insufficient evidence to find that Tyler was an agent of Brown and that proper service was

10

effectuated under Tennessee law. Although not argued by Shelton, the result is the same under California law, particularly since no evidence was offered that Brown signed and returned a written acknowledgement of the receipt of summons as required by Cal. Civ. Proc. Code § 415.30(c). Nor is there any evidence that Cunningham served Brown by delivery under Fed. R. Civ. P. 4(e)(2), Tenn. R. Civ. P. 4.04(1), or Cal. Civ. Proc. Code §§ 415.10-.20. In sum, regardless of where the burden rests in this dispute, the return receipt and Brown's testimony sufficiently establish that she was not properly served, evidence that Shelton failed to rebut.

Based on the foregoing, the Court finds that Brown was not properly served with process and that this Court therefore lacked the authority to enter default and a default judgment against her. For that reason, the default judgment is void, and the Court need not weigh the equitable factors under Federal Rules 55 and 60.[3] *See O.J. Distrib.,* 340 F.3d at 355; *see also Jackson v. FIE Corp.,* 302 F.3d 515, 524 (5th Cir. 2002). It is therefore RECOMMENDED that the default judgment against Brown be set aside.

Brown contends that Shelton used the judgment in this case to seize funds from her bank account amounting to $1,485, including fees. *See* Brown Declaration, Docket No. 286-1 at ¶ 6.[4]

---

[3] While the Court's ruling on the Rule 60(b)(4) issue precludes analysis of the *United Coin* equitable factors, the Court mentions only briefly that consideration of the equitable factors likewise compels that the default judgment be set aside. *See United Coin Meter Co., Inc. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844-45 (6th Cir. 1983). There is sufficient evidence from which the Court can—and does—find that (1) the lack of proof of service shows that Brown had no culpable conduct leading to the default, (2) Brown's defense that she did not place automated calls to Cunningham is at least a meritorious defense to the TCPA claims in this lawsuit, *see United Coin Meter*, 705 F.2d at 845 (test of meritoriousness is whether defense is good at law, not its likelihood of success), and (3) Plaintiff will not be prejudiced by simply having to prove his case, *see Dassault Systemes, SA v. Childress,* 663 F.3d 832, 842 (6th Cir. 2011) (delay and increased costs from having to actually litigate a dispute are not sufficient prejudice). Plaintiff is thus entitled to relief from the underlying default judgment under the *United Coin* factors as well.

[4] No proof has been provided as to any fees incurred by Brown. *See* Docket Nos. 285 and 286-1. Presumably the referenced fees were charged by the financial institution for insufficient

11

Shelton states that JPMorgan Chase Bank, N.A. froze $1,159.89 from Brown's account and delivered that amount to him by cashier's check. *See* Docket No. 288 at 8. Brown requests that Shelton be ordered to return the funds that were taken from her. *See* Docket No. 285 at 6. Based on the recommendation that the default judgment be set aside, it is further RECOMMENDED that Shelton be ordered to return the funds that were seized from Brown's bank account and to otherwise relinquish any control he may still have over her accounts.

Neither party specifically addresses how this case will proceed if the default judgment is set aside. Brown does not ask that the Court dismiss the action against her because she was not served within 120 days provided by Rule 4(m) and alludes to litigating the case on its merits (Docket No. 285 at 5). *See* Fed. R. Civ. P. 4(m).[5] Nor does Shelton (or the original plaintiff, Craig Cunningham) request that additional time for service be permitted if the default judgment is set aside.

Rule 4(m) gives courts the discretion to dismiss an action if service is not timely. *Id*. Courts also have discretion to extend the time for service, even in the absence of a showing of good cause why service was not effected. *Slenska v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001). "But simply because a court has authority to extend the time for serving a defendant does not mean it should do so, and the decision on the matter lies within the court's sound discretion." *Electrical Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, No., 10-CV-11815, 2010 WL 4683883, at *3 (E.D. Mich. Nov. 10, 2010) Here, by not seeking dismissal,

---

funds checks written by Brown after Shelton's seizure of the funds or otherwise resulted from Shelton's seizure. Regardless, a request for such fees is likely better suited for a counterclaim.

[5] Plaintiff filed this action on July 31, 2015, prior to the December 1, 2015 rule change from a 120-day service window to a 90-day service one. Service was not made in this case under either timeframe.

Brown has effectively waived that argument, and conceded that she will not be prejudiced by allowing Plaintiff to serve her and proceed with his claims. Even absent any such concession, the Plaintiff's *pro se* prosecution of this case affords him some liberality, a fact that Brown may have recognized in not seeking dismissal. Accordingly, it is further RECOMMENDED that Plaintiff be afforded thirty (30) days in which to serve Brown, and that if service is not effected within this time, Plaintiff's claims against her be dismissed.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that:

1. Brown's motion to set aside default judgment (Docket No. 284) be GRANTED;
2. The corrected judgment entered January 16, 2018 (Docket No. 274) be VACATED as to Brown;
3. This case be reopened as to Plaintiff's claims against Brown only;
4. Shelton be ORDERED to return the $1,159.89 seized from Brown's account and to relinquish any control he maintains over Brown's accounts, if any;
5. Plaintiff be granted thirty days to serve Brown; and,
6. If service is not effectuated within 30 days, Plaintiff's claims against Brown be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. See Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the

specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. See Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        _____
        BARBARA D. HOLMES
        United States Magistrate Judge