UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:15-cv-0847 ) ) |
| ENAGIC USA, INC., et al. | ) ) |
| Defendant. | ) ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT OSCAR CHRISTIAN KINNEY'S MOTION TO SET ASIDE DEFAULT JUDGMENT

Defendant Oscar Christian Kinney ("Kinney") respectfully submits this memorandum in support of his motion, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(4), to set aside the entry or default judgment entered in this action on January 16, 2018 [Dkt. Ety. 274]. Further, he requests a dismissal with prejudice on all counts against him.

### I. BACKGROUND AND FACTS

For at least the third time in this case alone, Plaintiff Craig Cunningham has committed fraud upon this Court by claiming that he properly served Kinney with any papers in this lawsuit. Kinney was never served with anything, nor did he "refuse" to accept service. As discussed below, Kinney just learned of this lawsuit when Cunningham seized Kinney's bank account in Texas.

Plaintiff is no stranger to the legal system or the Telephone Consumer Protection Act ("TCPA"). In fact, he is a professional *pro se* plaintiff. This Court recognized in a

recent opinion "that Cunningham is a serial plaintiff in cases involving unsolicited telemarketing." *Cunningham v. Rapid Response Monitoring Services, Inc.*, 251 F.Supp.3d 1187, 1191 (M.D. Tenn. 2017).[1] Plaintiff takes pride in his scheme of baiting and suing companies and individuals; in fact, he openly boasted of his shenanigans to a Dallas, Texas news source in 2010. This lawsuit is yet another iteration of Plaintiff's wasteful and costly foray into his own "get rich quick" scheme.

Kinney only recently became aware that both an entry of default and a default judgment had been entered against him. (Declaration of Oscar Christian Kinney ("Kinney Dec.") at ¶3). He learned of these defaults when he checked his bank balance and there was a message that $22,500 had been assessed from his account. (*Id*. ¶4). When he contacted his bank, he learned that $22,500, including fees, had been seized. (*Id*. ¶5). After investigating, he learned that a default judgment had been entered against him. (*Id*. ¶6).

Immediately, he sought the services of an attorney to assist him in resolving these issues. (*Id*. ¶7). After he secured the services of a lawyer, he was presented with several documents that were filed in this case, including the complaint, several notices, entry of default, judgment, and the second corrected judgment [*Id*. ¶8; Dkt. Ety. 1, 35, 66, 88, 90, 173, 275]. With regard to Plaintiff's Notice Regarding Service on Oscar Christian Kinney and the 7 Figure Wealth Corporation [Dkt. Ety. 35], there is a certified mail receipt attached. (*Id*. ¶9). This certified mail receipt is not signed, nor does it indicate that a

---

[1] The Court may take judicial notice of entries from its docket or another's court's, although it may not credit disputable facts therein as evidence. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 468 (6th Cir. 2014).

2

signature was "refused." (*Id*. ¶10) Instead, the only notice of the certified mail receipt is "unclaimed." (*Id*.). During the dates listed in this Notice, Kinney was not in the State of Texas, nor had he authorized anoyone to accept service there, or anywhere on his behalf. (*Id*. ¶11).

It appears that this Texas address came from a Texas Secretary of State filing related to The 7 Figure Wealth Corporation ("7 Figure"). [Dkt. 35]. 7 Figure the business entity, however, was defunct from February 8, 2014, which was over a year and a half **<u>BEFORE</u>** Cunningham attempted to send certified mail to this address. (Kinney Dec. ¶12). Kinney did not refuse to accept any documents at this address. (*Id*. ¶13). He simply did not know that any such letter had been sent or delivered to any address in Texas. (*Id*.). If someone woud have approached (or sent) Kinney such a letter, he would have accepted it and signed and returned the certified mail receipt. (*Id*. ¶14).

Kinney has also reviewed the Complaint in this matter (*Id*. ¶15). Contrary to the unfounded allegations in this document, Kinney has never arranged any automated telephone calls to Cunningham. (*Id*. ¶16). Moreover, he has never placed any automated telephone calls to Cunningham or anyone else. (*Id*. ¶17). Additionally, Kinney learned that Cunningham has filed a Writ of Garnishment Post-Judgment in the Southern District of Texas – Miscellaneous Action H-18-3099. (*Id*. ¶18). Had Kinney been aware if this lawsuit, then he would have quickly secured counsel to defend himself from these baseless charges. (*Id*. ¶19). As soon as he learned of the default entered against him, he

3

immediately secured counsel to address Cunningham's fraudulent claims, and his misrepresentations to this Court concerning service. (*Id*. ¶20).[2]

## II.     LEGAL AUTHORITY

The "requirement of proper service of process is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (citation and internal quotation marks omitted). Indeed, "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citation omitted). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). It is a "bedrock principle that a defendant is not obliged to engage in civil litigation unless the defendant is properly notified of the action and brought under the court's authority, i.e., personal jurisdiction, by formal service of process." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002). Actual notice of the lawsuit by the defendant is immaterial to the question of whether that defendant was properly served. *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) (citing *Friedman*, 929 F.2d at 1155–56); *Genesis Diamonds, LLC v. John Hardy, Inc.*, No. 3:15–cv–01093, 2016 WL 3478915, at *6 (M.D. Tenn. June 27, 2016). "And in the absence of personal jurisdiction, a federal court

---

[2] It should be noted that this is the second instance in this single case where Cunningham has defrauded the Court. Apparently, Cunningham has been banned from filing any complaints in at least one district court in Texas. It is perhaps time for the Middle District to consider similar restrictions.

is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655 (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999)).

### A. Relief from a Default Judgment

Typically, "[w]here Rule 60(b) is invoked to set aside a default judgment, the court must both consider the Rule 55 equitable factors as enumerated in *United Coin Meter*…and find that one of the specific requirements of Rule 60(b) is met." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996). However, when the requested relief is from a void judgment due to lack of proper service, the Court need not weigh the equitable factors. *See O.J. Distrib.*, 340 F.3d at 355. *See also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("[a] judgment is void under 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law"). Indeed, when a party seeks to set aside a default judgment because it is void—and not for reasons like mistake or inadvertence—the court may not deny the motion based on a weighing of the equities. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002). In effect, the district court has no discretion—the judgment is either void or it is not. If the judgment is void, the district court must set it aside. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) ("[D]enying a motion to vacate a void judgment is a per se abuse of discretion.").

### B. Burden of Proof

Authority is split as to who bears the burden of proof when service is challenged after default judgment has been entered. It is well-settled that the plaintiff bears the burden to establish that service was proper when it is challenged through a Rule 12(b)(5) motion

5

to dismiss for insufficient service of process. *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *Shires v. Magnavox Co.*, 74 F.R.D. 373, 377 (E.D. Tenn. 1977). This allocation flows from the general presumption that a plaintiff "must carry throughout the litigation the burden of showing that he is properly in the court." *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936). Some courts have found that this presumption remains and that the burden stays with the plaintiff no matter the stage at which service is challenged. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present...This standard applies whether the issue is raised by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) or a motion to set aside a judgment under Rule 60(b)(4)."); *see also*, *Morris v. B.C. Olympiakos, SFP*, 721 F. Supp. 2d 546, 554–57 (S.D. Tex. 2010) (citing *Rockwell International Corp. v. KND Corp.*, 83 F.R.D. 556 (N.D. Tex. 1979)); *Donnely v. Copeland Intra Lenses, Inc.,* 87 F.R.D. 80, 85 (E.D.N.Y. 1980); *DiCesare–Englar Productions, Inc. v. Mainman, Ltd.,* 81 F.R.D. 703, 705 (W.D.Pa. 1979). Other courts, however, follow a contrary rule: "If the defendant, after receiving notice, chooses to let the case go to a default judgment, the defendant must then shoulder the burden of proof when the defendant decides to contest jurisdiction in a postjudgment rule 60(b)(4) motion." *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986); *see also "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 126 (2d Cir. 2008); *S.E.C. v. Internet Sols.*

6

*for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007); *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 (5th Cir. 1974).

The Sixth Circuit has not directly addressed this issue and it need not be resolved in this case. For the latter rule to apply in this case, the Court must find that Kinney had notice of the lawsuit, which is the very subject of this contest. There is no debate that, in considering a motion to set aside default judgment, the Court must recognize the "policy consideration that values the disposition of cases on their merits [which] dictates that the court 'should...construe[ ] all ambiguous or disputed facts in the light most favorable to the defendant[ ].' " *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (quoting *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). Construing the evidence presented under this standard, Cunningham clearly bears the burden of proof, and has failed to meet his burden.

### C. Service of Process

In accordance with the Federal Rules of Civil Procedure, service of an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or by service through one of three types of delivery, Fed. R. Civ. P. 4(e)(2). Absent waiver of service, the Federal Rules do not independently authorize service of an individual by mail and, therefore, courts must look to state law when service by mail is attempted. *See* Fed. R. Civ. P. 4(d)-(e), generally; *see also LSJ Inv. Co.*, 167 F.3d at 322.

The Tennessee Rules of Civil Procedure allow service upon a defendant outside the state "by any form of service authorized for service within this state pursuant to Rule 4.04" or "in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state." Tenn. R. Civ. P. 4.05(1)(a)-(b). Service by mail is permissible where it is made by registered return receipt or certified return receipt mail. Tenn. R. Civ. P. 4.04(10). However, "[w]hile Tennessee law allows service by certified mail, such mail **must be received and signed for by the individual named defendant or by an agent authorized to accept service**." *Bateman v. U.S.*, No. 3:08–1186, 2009 WL 2043871, at *3 (M.D.Tenn. July 9, 2009) (emphasis added) (citing Tenn. R. Civ. P. 4.04(1) and (10); *Hall v. Haynes*, No. W2007–02611–COA–R9–CV, 2009 WL 782761 at *13 (Tenn.Ct.App. Mar.26, 2009) (holding service of process by certified mail must be signed for by individual to whom mail is addressed or by agent who has express or implied actual authority to accept service on the individual's behalf)).

The Texas Rules of Civil Procedure allows for service by mail if several requirements are met. See Tx. R. Civ. P. 106. First, a citation must be included with a copy of the petition if it is served by certified mail. Second, when the citation was served by certified mail as authorized by Rule 106, **the return must also contain the return receipt with the addressee's signature**. Tx. R. Civ. P. 107(c). Finally, Rule 107(h) states that no default shall be entered unless in compliance with these rules.

## III. ARGUMENT

This Court should set aside the entry of default and default judgment in this case because defendant was never served with any notice of the suit, and the plaintiff has made fraudulent representations to this Court claiming that Kinney has been properly served. As a result, Kinney is entitled to relief from this void judgment. Fed. R. Civ. P. 60(b)(4).

*First*, plaintiff failed to properly serve Kinney. Kinney has testified that he had no relationship to that address, and had never authorized anyone to receive mail for him at that address. Service to that address does not satisfy Texas's rules for service of process, thus it does not qualify as valid service in federal court. *See* Texas Rules of Civil Procedure §106-107.[3] As a result, this Court did not have jurisdiction to enter default or default judgment. Moreover, the **certified mail receipt was returned unsigned**. Based on that alone, the defaults should be set aside. Out of an abundance of caution, Kinney will review the other factors.

*Second*, the default was not entered based on any culpable conduct by Kinney. Such conduct is impossible because he did not even know a lawsuit had been filed against him, much less any judgments entered, until his bank account was seized. This factor weighs heavily in favor of setting the default aside.

*Third*, Kinney has several meritorious defenses. He has testified that he neither arranged for nor placed any automated calls to plaintiff. Simply stated, plaintiff's

---

[3] Under Tennessee law, mail must be received and signed for by the individually named defendant or by an agent authorized to accept service. See Tenn R. Civ. P. 4.04(10). Here, there is no dispute that the certified mail receipt is not signed. [Dkt. 35].

9

allegations against Kinney are just plain false. Additionally, it is also unlikely that this Court has personal jurisdiction over Kinney. Given plaintiff's repeated track record in this Court of suing everyone under the sun responsible or not – this is not surprising. As has happened multiple times to many other unfortunate defendants at the hands of Cunningham, plaintiff was able to fraudulently obtain a default judgment and then make money for himself by selling that judgment to another or executing on it himself. Kinney is prepared to vigorously defend himself, and to seek serious sanctions against plaintiff for his repeated fraudulent behavior. Kinney anxiously awaits this Court's judgment to set aside the defaults so he may begin his defense in earnest – if it is not dismissed outright.

*Fourth*, plaintiff will suffer no prejudice if the defaults are set aside. There is "no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require [him] to prove [his] case." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Because litigating the case on the merits does not amount to prejudice, plaintiff will not be prejudiced if the defaults are set aside. Moreover, plaintiff has several other defendants against whom this default judgment is entered, and he may continue to enforce it against those defendants.

*Fifth*, since Cunningham has failed to serve Kinney within the time permissible for service, Kinney further requests that this case be dismissed against him with prejudice.

If the Court sets aside the default, Kinney further requests that this action against him be dismissed because he was not served within the 90 days provided by Rule 4(m). Rule 4(m) gives the Court discretion to dismiss an action if service is not timely. Kinney respectfully requests that this Court dismiss this action against him with prejudice. This is

10

especially appropriate after it has become apparent that Cunningham has repeatedly defrauded this Court with false claims of service. Unfortunately, there are likely other victims in the very case that have suffered due to Cunningham's fraudulent actions.

## IV. CONCLUSION

Based on the foregoing, Kinney respectfully requests that the Court grant his motion to set aside the entry of default and default judgment, and order plaintiff to return the money he has wrongfully taken from him.

Respectfully submitted,

*/s/ D. Gil Schuette*
D. Gil Schuette (No. 30336)
SIMS|FUNK, PLC
3322 West End Avenue, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
gschuette@simsfunk.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of March, 2018, a true and exact copy of the foregoing has been served upon the following via the court's CM/ECF system:

Craig Cunningham
5543 Edmondson Pike, Ste 248
Nashville, TN 37211

/s/ D. Gil Schuette