US District Court for the Middle District of TN

) Craig Cunningham

) Plaintiff, pro se

)

) v.

CIVIL ACTION NO. 3:15-cv-0847

)

) Enagic USA, Inc., et al

) Defendants.

**Plaintiff's Response in Opposition to Defendant's Motion to set aside the finding of Default and Vacate the order granting the Default Judgment.**

1. The Plaintiff hereby files this response in opposition to the Defendant's Motion to set aside the default and vacate the order granting the default judgment in this case for the foregoing reasons

2. The Defendant in this case chooses to lead with personal attacks and false statements as opposed to a well reasoned and factually supported legal arguments, which is a testament to how weak their case is. The Defendants were properly served, and the default should not be overturned.

3. The Defendants also make scandalous, objectively false, and impertinent materials in their motion, which is impoper and should be stricken per FRCP 12(f). It has never been held that the Plaintiff has defrauded this court or any other in the country, and no district court in Texas, nor anywhere in the country has

1

ever "banned the Plaintiff from filing any complaints". This is an absolute lie and the defendant's counsel should be forced to produce the case styling and number and order supposedly "banning" the Plaintiff from filing claims in Texas or retract his false and misleading statement in a pleading.

### Service in this case was proper

4. Service under the Federal Rules of civil procedure 4(e) permits following state law in the courts of general jurisdiction where the district court is located or where service is made, thus service of process may be accomplished by following the Tennessee rules of civil procedure or the Florida rules of civil procedure.

5. In this case, service may be accomplished under the rules of Tennessee or Texas or the Federal Rules of Civil procedure.

6. In this case, the Plaintiff arranged for the summons and complaint to be mailed to the Defendant's registered agent and corporate officer, which is sufficient service under the Tennessee Rules of Civil Procedure <u>in effect, at the time.</u>

**Pursuant to the Tennessee rules in effect at the time, the Defendants were properly served as the mail bears a "refused" notation.**

7. The Defendants are reading from an amended and updated version of the Tennessee rules of civil procedure that amended rule 4.05, which was not even issued until December 29, 2015, and not in effect until July 1, 2016.[1] Additionally, they are looking at the rules for serving an individual IN the state of

---

[1] See Exhibit A, Tennessee Supreme court Amendments to the Tennessee rules of civil procedure, ADM-2015-01631.

2

Tennessee 4.04, which differed significantly from serving an individual OUTSIDE the state of Tennessee 4.05.

8. The Defendants are attempting to conflate and apply the new rules governing the service of process in Tennessee with the circumstances and rules in effect in August and September 2015. This is improper. The Defendants were served under the current rules in place at the time, and nothing more is required.

9. The Tennessee Rules contemplated this very default mechanism as a remedy for courts to have the power to deal with people who like Kinney are evading service: *"The last sentence in subpart (50 is an addition to bring the rule into conformity with the contemporary practice of the United States Postal Service. It is designed to reinforce the power of courts to deal with individuals who attempt to evade service of process by refusing to accept mail delivery."* (Ex A page 4 of the document)

10. Personal acceptance/signature was not a consideration when entering a default judgment under the rules in effect in September 2015 and this text was never part of the Tennessee rules of civil procedure. in effect at the time[2]

11. The rules in effect in September 2015 stated only *"For the purpose of this paragraph, the United States Postal Service Notation that a properly addressed registered or certified letter is <u>"unclaimed"</u> or other similar notation is sufficient evidence of the defendant's refusal to accept delivery"*

---

[2]See Exhibit A, pages 2 and 3, note the new text is underlined and the old text is struck through.

12. The court can ascertain that the Plaintiff's summons and complaint was addressed properly by reviewing the information in the public record in Exhibit B with the address on the green card.

13. The Defendants claim that the return receipt came back unsigned, which is as true, as it is irrelevant. The fact of the matter is that the Plaintiff's mail was returned bearing the notation of "Unclaimed", which is sufficient to enter a default judgment. The Defendants do not contest this anywhere in their motion or that a default judgment under the circumstances of a defendant refusing to pick up their mail would be improper. Obviously, if the mail was unclaimed, it wouldn't be signed, but the inquiry does end there simply of the documents were signed or not to determine if service was proper.

14. Although Kinney claims he was not in Texas at that time, he fails to provide any evidence to support this or even state where he purportedly was during that timeframe, or state when he left or returned to Texas. As the registered agent for a corporation, he as a duty to accept service of process on behalf of a corporation or designate someone who will be available.

15. Although the 7 Figure Wealth Corporation was defunct in February 2014, that is irrelevant as the Defendant continued to transact business through it, maintain a checking account, and accept checks and deposits to it through at least 2017. Defunct or not, the Defendant and his corporation are still liable to the Plaintiff for their illegal telemarketing actions

4

16. The Bateman case cited by the Defendants is inapplicable to the current situation, as it deals with an improper person that signed for certified mail as opposed to a default judgment for a defendant who was evading service. Furthermore, the Bateman case was dealing with service of process in the state of Tennessee and Tennessee rule 4.04, not 4.05 for service outside the state of Tennessee. For service upon defendants outside the state, there is simply no requirement that the sign anything.

17. The Defendants simply have no legal or factual support for the premise that Kinney was not served properly, so they decided to throw out childish insults and make false and misleading representations to the court.

**Default was the result of culpable conduct by Kinney, which continues to this day**

18. Defendant Kinney has a regular practice of evading service and has continued to do evade service even by refusing to answer the door, slamming the door of his residence in the face of a process server and lying about his identity. (Ex C)

19. This is culpable conduct by Defendant Kinney, whch resulted in the default judgment originally and as such the default should not be overturned.

**The Defendants are due no relief under rule 55(c) only potentially the more stringent 60(b)(4)**

20. The 6th Circuit has ruled in multiple cases on the elements and factors that go into an analysis on when to provide relief under rules 55(c) and 60(b)(4). The seminal case and factors were established in **United Coin Meter Co. v. Seaboard Coastline Railroad, 705 F.2d 839, 844 (6th Cir. 1983)**, which assess "whether

5

(1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious."

21. First, the only standard and rule which can be invoked for relief is rule 60(b), not rule 55(c). Rule 55(c) only applies to an entry of default, but rule 60(b) covers actual default judgments, with damages assesed, which they have been in this case before the court. Thus, rule 55(c) is inapplicable to the circumstances present.

22. The 6th Circuit analysis in Dassault Systemes, SA v Childress, No 10-1987(6th Cir 2011) is applicable in differentiating between the two rules: *We have previously differentiated between the Rule 55(c) "good cause" standard and the Rule 60(b) standard for setting aside a default judgment as follows:*

*Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge. A default judgment can be entered by the clerk only if a claim is liquidated or, if a claim is unliquidated, by the judge after a hearing on damages. A default can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a judgment can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders. Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986) (internal quotation marks omitted).*

*Subsequent cases have clarified that the stricter Rule 60(b) standard for setting aside a default judgment applies "once [the default] has ripened into a judgment," meaning "once the court has determined damages and a judgment has been entered." O.J. Distrib., Inc., 340 F.3d at 353 (emphasis added) (internal quotation marks omitted); Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)*

6

23. In the Dassault Systemes case, the court held: *these rulings are also consistent with the well-established rule that Rule 60(b) applies only to final, appealable judgments. See 12 James Wm. Moore et al., Moore's Federal Practice §§ 60.22(3)(b), 60.23 (3d ed. 2000); cf. Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990) (noting that "a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable orders under Fed. R. Civ. P. 60(b)")*

24. In this case, final judgment was entered against the defendants, thus again demonstrating that final judgment has been entered in this case, and the case should be evaluated under rule 60(b) not 55(c).[3]

25. The 6th Circuit noted in the Dassault Systemes Case: *Although the elements are the same, the standard for applying them to a motion to set aside a final default judgment under Rule 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Rule 55(c). O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 352 (6th Cir. 2003)*

### An Analysis of the United Coin factors shows that the default judgment should not be set aside

26. The 3 factors in the United Coin Meter Co. v. Seaboard Coastline Railroad, are the standard for which a motion under rule 60(b) is assessed, per the 6th Circuit. The factors to be evaluated are "whether (1) <u>the default was willful</u>, (2) a

---

[3] See Exhibit E, final Judgment in this case

7

set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." 705 F.2d 839, 844 (6th Cir. 1983)

27. In this case, none of the factors weigh in support of relief from the default judgment as the default was willful, set-aside would prejudice the Plaintiff, and the Defendants have put forth no meritorious defense.

**Setting aside the default judgment would prejudice the Plaintiff.**

28. The Plaintiff would be substantially prejudiced by setting aside the default judgment at this stage.

29. As this case revolves around illegal phone calls, phone records are a key component of evidence in this case would be the phone records. Phone records are perishable and most companies only retain records of phone calls for a limited period of time, sometimes only 6 or 12 months.

30. By allowing the default judgment to be set aside at this stage, the Plaintiff is likely going to be unable in the future to obtain the phone records to establish essential elements of the claims in this case. The delay is entirely the fault of the defendants by evading service in this case.

**The Defendants have alleged no meritorious defense to the Plaintiff's underlying claims**

31. The final key requirement in overturning a default judgment under rule 60(b) is that a defendant must allege a meritorious defense, which could absolve them of liability in their motion.

8

32. In this case, the defendants allege no defenses to the underlying TCPA claims. Even if service was improper and the defendants are served again, they offer the court no reason or defense as to why any other outcome than the present one would occur in this case.

33. As the defendants must overcome all three of the United Coin factors and can't surmount a single one of them, the Plaintiff's default judgment is appropriate a should not be vacated.

**The Defendant's Motion has not been filed within a reasonable amount of time in violation of FRCP rule and in any event are due no relief under FRCP 60(b)**

34. More than 6 months has passed since the entry of final judgment in this case and the defendants seeking to vacate the default judgment. This is far too long and unreasonably untimely to seek setting aside the entry of default and default judgment.

## Conclusion

35. Service in this case was proper pursuant to the Federal Rules of Civil Procedure and Tennessee rules of civil procedure. If the Defendant chose to evade service, he should suffer the consequences of doing so by having a default judgment against him based on this willful conduct.

36. The Defendants have not made any arguments regarding the stricter rules of 60(b) which require a showing of no prejudice to the Plaintiff, no culpability in the entry of the default judgment, and must allege a meritorious defense to the

9

underlying claims. The Plaintiff's default judgment should not be vacated or set aside, and even if it is, the Plaintiff should be allowed to serve the Defendant's counsel or serve Kinney by posting a notice on his address.

Respectfully submitted,

Craig Cunningham
Plaintiff,

Mailing address:
3000 Custer Road, ste 270-206, Plano, Tx 75075, 615-348-1977, 4/11/2019

US District Court for the Middle District of TN

) Craig Cunningham

) Plaintiff, pro se

)

) v.

CIVIL ACTION NO. 3:15-cv-0847

)

) Enagic USA, Inc., et al

) Defendants.

## CERTIFICATE OF SERVICE

I hereby certify a true copy of the foregoing was mailed to the attorney of record in this case on 4/11/2019 via USPS first class mail to : Gil Schuette 3322 West End Ave ste 200, Nashville, TN 37203

*Craig Cunningham*
Plaintiff,

Mailing address:
3000 Custer Road, ste 270-206, Plano, Tx 75075, 615-348-197 4/11/2019

11

US District Court for the Middle District of TN

)    Craig Cunningham

)    Plaintiff, pro se

)

)       v.

CIVIL ACTION NO. 3:15-cv-0847

)

)    Enagic USA, Inc., et al

)    Defendants.

**Plaintiff's Motion to Strike the Defendant's Motion to Set Aside**

1. The Defendants have made false and misleading representations in their motion to set aside, which should be stricken per FRCP rule 12(f)

2. Counsel for the defendants falsely states that the Plaintiff has been "banned from filing in complaints in at least one district court in Texas." and uses this as support for his assertion that the Plaintiff should be barred from filing complaints in Tennessee.

3. This is a false and misleading statements and violates FRCP rule 11 and FRCP 12(f).

4. More to the point, it has no factual support, such as a case number, case styling, court order, docket number, citation, supporting exhibit for which the court or anyone can draw such a conclusion that the Plaintiff was actually barred from filing complaints as alleged.

5. The fact of the matter is that there is no such support, case, order, or any evidence that the Plaintiff has been barred in Texas or any court from filing any complaints. This never happened in any case, ever, and the Defendant's counsel if simply lying and making things up to support his otherwise weak position by attempting character assasination against the Plaintiff.

12

6. The Defendant's counsel should be ordered to produce the case and order in which the Plaintiff was "barred from filing any complaints in Texas" or withdraw his fasle statement in a formal pleading before the court.

Craig Cunningham
Plaintiff,

Mailing address:
3000 Custer Road, ste 270-206, Plano, Tx 75075, 615-348-197 4/11/2019

Case 3:15-cv-00847   Document 299   Filed 04/11/19   Page 13 of 15 PageID #: 1590

## US District Court for the Middle District of TN

)   Craig Cunningham

)   Plaintiff, pro se

)

)       v.

                CIVIL ACTION NO. 3:15-cv-0847

)

)   Enagic USA, Inc., et al

)   Defendants.


I hereby certify a true copy of the foregoing was mailed to the attorney of record in this case on 4/11/2019 via USPS first class mail to : Gil Schuette, 3322 West End Ave ste 200, Nashville, TN 37203


*Craig Cunningham*
Plaintiff,

Mailing address:
3000 Custer Road, ste 270-206, Plano, Tx 75075, 615-348-197 4/11/2019

14

US District Court for the Middle District of TN

)   Craig Cunningham
)   Plaintiff, pro se
)
)        v.

CIVIL ACTION NO. 3:15-cv-0847

)
)   Enagic USA, Inc., et al
)   Defendants.

**Order on a Motion**

The Plaintiff's motion to strike is hereby Granted/Denied

Judge_____

Date_____