IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ENAGIC USA, INC., et al., )<br>    Defendants. ) | Case No. 3:15-cv-0847 |

TO: Honorable David M. Lawson, District Judge

# REPORT AND RECOMMENDATION

Pending before the Court is the motion to set aside default judgment (Docket No. 294) filed by Defendant Oscar Christian Kinney. Kinney filed a sworn declaration (Docket No. 296) and a memorandum of law (Docket No. 295) in support of his motion. Plaintiff Craig Cunningham filed a response in opposition (Docket No. 299), and Kinney filed a reply (Docket No. 300). By Order, Kinney's motion was referred to the Magistrate Judge for a report and recommendation. (Docket No. 297.) For the reasons discussed below, the Court respectfully recommends that Kinney's motion (Docket No. 294) be granted.

## I. BACKGROUND

Plaintiff Craig Cunningham ("Plaintiff" or "Cunningham") is a resident of Nashville, Tennessee. Cunningham filed this *pro se* lawsuit against seven original defendants, including Kinney, seeking damages under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. ("TCPA") on July 31, 2015. (Docket No. 1). Cunningham subsequently filed three amended complaints (Docket Entry Nos. 5, 8, and 41) expanding to twenty the number of defendants sued

1

under the TCPA.  The Court presumes that the parties are familiar with the underlying facts and procedural history of this lawsuit and, therefore, recites only the information needed for context to explain this report and recommendation.[1]

The Clerk issued a summons for Kinney on August 26, 2015. (Docket No. 4.) Kinney's summons was directed to Oscar Christian Kinney, 29326 Turnbury Village Drive, Spring, TX, 77386. (*Id.*)  On October 30, 2015, Cunningham filed a "Notice Regarding Service on Oscar Christian Kinney and The 7 Figure Wealth Corporation," which states, as Cunningham's return of service, that (i) Cunningham attempted to serve The 7 Figure Wealth Corporation and its owner and registered agent, Kinney, by certified mail; (ii) Kinney refused to sign for the certified mail that was sent to him and which was returned unclaimed; (iii) the letter sent to Kinney at 29326 Turnbury Village Drive, Spring, TX 77386 was returned unclaimed; (iv) the Turnbury Village address is the address listed on the secretary of state website for the registered agent[2]; and (v) Cunningham confirmed in a conversation with Kinney that the Turnbury Village address is his home address as well. (Docket No. 35 at 1.)  The Notice further requested that the service date be "notated" as August 29, 2015, which, according to the Notice was the date at which the certified mail notice was left at the Turnbury Village Drive address by the United States Postal Service. (*Id.* at 2.)  On November 13, 2015, Cunningham filed a Third Amended Complaint (Docket No 41). There is no indication whether Cunningham served or attempted to serve the Third Amended Complaint on Kinney.

---

[1] Detailed factual and procedural histories can be found at Docket Nos. 239 and 246.

[2] Although Plaintiff relies on information from the "secretary of state website" (Docket No. 35 at 1) (apparently referring to the Texas Secretary of State), the document appended as an exhibit to Plaintiff's notice is from the Texas Office of the Comptroller and is a Franchise Tax Account Status form.  *See* Docket No. 35 at 6.  The Franchise Tax Account Status query response also includes an explicit disclaimer that it is "not sufficient for [f]ilings with the Secretary of State." *Id*.  Kinney provided a query response from the Texas Secretary of State that reflects that The 7 Figure Wealth Corporation forfeited its existence as of February 28, 2014.  *See* Docket No. 296-1.

2

On December 11, 2015, Cunningham moved for entry of default by the Clerk against Kinney. (Docket No. 66.) In his motion, Cunningham represented that Kinney refused service of process attempted by certified mail, as described in Cunningham's October 30 Notice. (*Id*. at 2.) The Clerk entered default against Kinney on January 4, 2016. (Docket No. 90.) Cunningham then filed a motion for default judgment (Docket No. 233), which the Court granted on August 16, 2017. (Docket No. 246.) The Court entered its second corrected judgment against Kinney on January 16, 2018. (Docket No. 274.)

By assignment dated November 13, 2017, and filed with the Court on November 17, 2017, Cunningham assigned all rights, title and interest in the judgment against Kinney (and others) to James Shelton. (Docket No. 255.) By Acknowledgment of Assignment of Judgment dated March 26, 2019, and filed on April 1, 2019, Shelton reassigned all rights, title and interest in the judgment back to Cunningham. (Docket No. 298.)[3]

Kinney now moves the Court to set aside the entry of default and default judgment. In support of his motion, Kinney argues that he was neither properly served nor did he affirmatively refuse service and, therefore, that the Court lacks personal jurisdiction. (Docket No. 295.) Kinney declares that at the time of attempted service, he was not physically in the State of Texas, nor had he authorized anyone to accept service there, or anywhere on his behalf. (Declaration of Oscar Christian Kinney, Docket No. 296 at ¶¶ 9-11). Kinney further states that The 7 Figure Wealth Corporation business entity was defunct by February 28, 2014, more than a year and half before Cunningham attempted service by certified mail to the address listed on the Franchise Tax Account Status. (Kinney Declaration, Docket No. 296 at ¶ 12 and Ex. A). Kinney further notes that the certified mail sent by Cunningham was not refused, it was returned as "unclaimed. Kinney argues that, without proper service, the Court did not have jurisdiction to enter default or default judgment.

---

[3] This assignment becomes integral because of the status of funds seized from Kinney's bank account. *See* Docket No. 296.

(Docket No. 295 at 5-9.) Based on this alone, Kinney states that the entry of default and default judgment should be set aside as void under Rule 60(b)(4). (*Id.* at 9.)

In the alternative, Kinney argues that he has satisfied the weight of the equities required by *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1994) to justify relief from the defaults. Kinney contends that the default was not entered based on any culpable conduct on his part as he did not know of the lawsuit's existence or the judgment until his bank account was seized. (*Id*. at 9-10.) Kinney asserts that he has a meritorious defense as he neither arranged for nor placed any automated calls to Cunningham. (*Id.*) Kinney finally argues that Cunningham will suffer no prejudice as he will only be required to litigate his case if the motion is granted and because he can continue to enforce his judgment against the other defendants in the case. (*Id.* at 10-11).

In response to Kinney's motion, Cunningham argues Kinney was properly served under applicable rules of procedure. (Docket No. 299 at 2-3.) Specifically, he contends that governing rules allow unclaimed certified mail to be treated as evidence of a defendant's refusal to accept delivery. (*Id*. at 3.) Cunningham also disputes Kinney's sworn declaration that Kinney was not in Texas at the time of the attempted service and that The 7 Figure Wealth Corporation was defunct in August of 2015. (*Id*. at 4-5.) Cunningham argues that Kinney failed to timely move the Court to set aside default and that equitable considerations warrant denial of relief. (*Id.* at 7-10). Cunningham's arguments are made in the context of a responsive filing without any supporting evidence. One assertion by Cunningham, namely that Kinney was culpable in any defects in service by his "regular practice of evading service" (*Id*. at 5), relies on Exhibit C, an affidavit for substituted service. The referenced Exhibit C is an affidavit of the attempts of a private process server to serve a notice of garnishment on an Oscar Leroy Kinney II at 20707 Sundance Springs, Spring, Texas, 77379. (Docket No. 299-3.)

4

Kinney replied to Cunningham's opposition, arguing that the burden of proof of proper service rests with Cunningham, a burden that Cunningham failed to meet. (Docket No. 300.) Kinney maintains that Cunningham has failed to offer any evidence of proper service, relying only on wholly unsupported arguments. (*Id*.)

## II.  APPLICABLE AUTHORITY

The "requirement of proper service of process is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir.1991) (citation and internal quotation marks omitted). Indeed, "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co*., 340 F.3d 345, 353 (6th Cir. 2003) (citation omitted). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).  It is a "bedrock principle that a defendant is not obliged to engage in civil litigation unless the defendant is properly notified of the action and brought under the court's authority, i.e., personal jurisdiction, by formal service of process." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002). Actual notice of the lawsuit by the defendant is immaterial to the question of whether that defendant was properly served. *LSJ Inv. Co. v. O.L.D., Inc*., 167 F.3d 320, 322 (6th Cir. 1999) (citing *Friedman*, 929 F.2d at 1155–56; *Genesis Diamonds, LLC v. John Hardy, Inc.*, 2016 WL 3478915, at *6 (M.D. Tenn. June 27, 2016). "And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655 (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999)).

### A. Relief from a Default Judgment

Typically, "[w]here Rule 60(b) is invoked to set aside a default judgment, the court must both consider the Rule 55 equitable factors as enumerated in *United Coin Meter*…and find that one of the specific requirements of Rule 60(b) is met." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996). However, when the requested relief is from a void judgment due to lack of proper service, the Court need not weigh the equitable factors. *See O.J. Distrib.*, 340 F.3d at 355. *See also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("[a] judgment is void under 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law"). Indeed, when a party seeks to set aside a default judgment because it is void—and not for reasons like mistake or inadvertence—the court may not deny the motion based on a weighing of the equities. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002). In effect, the district court has no discretion—the judgment is either void or it is not. If the judgment is void, the district court must set it aside. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) ("[D]enying a motion to vacate a void judgment is a *per se* abuse of discretion.").

### B. Burden of Proof

Authority is split as to who bears the burden of proof when service is challenged after default judgment has been entered. It is well-settled that the plaintiff bears the burden to establish that service was proper when it is challenged through a Rule 12(b)(5) motion to dismiss for insufficient service of process. *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *Shires v. Magnavox Co.*, 74 F.R.D. 373, 377 (E.D. Tenn. 1977). This allocation flows from the general presumption that a plaintiff "must carry throughout the litigation the burden of showing that he is properly in the court." *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936).

6

Some courts have found that this presumption remains and that the burden stays with the plaintiff no matter the stage at which service is challenged. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present...This standard applies whether the issue is raised by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) or a motion to set aside a judgment under Rule 60(b)(4)."); *see also*, *Morris v. B.C. Olympiakos, SFP*, 721 F. Supp. 2d 546, 554–57 (S.D. Tex. 2010) (citing *Rockwell International Corp. v. KND Corp.*, 83 F.R.D. 556 (N.D. Tex. 1979)); *Donnely v. Copeland Intra Lenses, Inc.,* 87 F.R.D. 80, 85 (E.D.N.Y.1980); *DiCesare–Englar Productions, Inc. v. Mainman, Ltd.,* 81 F.R.D. 703, 705 (W.D.Pa.1979). Other courts, however, follow a contrary rule: "If the defendant, after receiving notice, chooses to let the case go to a default judgment, the defendant must then shoulder the burden of proof when the defendant decides to contest jurisdiction in a postjudgment rule 60(b)(4) motion." *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986); *see also "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 126 (2d Cir. 2008); *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007); *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 (5th Cir. 1974).

The Sixth Circuit has not directly addressed this issue and it need not be resolved in this case. For the latter rule to apply in this case, the Court must find that Kinney had notice of the lawsuit, which is the very subject of this contest. There is no debate that, in considering a motion to set aside default judgment, the Court must recognize the "policy consideration that values the disposition of cases on their merits [which] dictates that the court 'should...construe[ ] all ambiguous or disputed facts in the light most favorable to the defendant[ ].' " *Burrell v. Henderson*, 434 F.3d at 832 (quoting *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d

7

391, 398 (6th Cir. 1987)). Construing the evidence presented under this standard, the Court finds that it supports Kinney's position, regardless of whether he bears the burden of proof.

### C. Service of Process

In accordance with the Federal Rules of Civil Procedure, service of an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or by service through one of three types of delivery, Fed. R. Civ. P. 4(e)(2). Absent waiver of service, the Federal Rules do not independently authorize service of an individual by mail and, therefore, courts must look to state law when service by mail is attempted. *See* Fed. R. Civ. P. 4(d)-(e), generally; *see also LSJ Inv. Co.*, 167 F.3d at 322.

The Tennessee Rules of Civil Procedure allow service upon a defendant outside the state "by any form of service authorized for service within this state pursuant to Rule 4.04" or "in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state." Tenn. R. Civ. P. 4.05(1)(a)-(b). Service by mail is permissible where it is made by registered return receipt or certified return receipt mail. Tenn. R. Civ. P. 4.04(10). The version of Rule 4.04 of the Tennessee Rules of Civil Procedure in effect at the time that service by certified mail was attempted in this case included a provision that "the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery." *See Fisher v Ankton*, 2017 WL 3611035, at *4 (Tenn. App. 2017). However, Tennessee courts have consistently held that a return receipt marked "unclaimed" does not show personal acceptance by the defendant and therefore cannot serve as the basis for entry of a default judgment. *Id*. at *5 (citations omitted).

8

Under Texas law, service of process may be made "by registered or certified mail, with delivery restricted to addressee only, return receipt requested," but "[u]nless the citation or an order of the court otherwise directs, the citation shall be served by [an] officer authorized by Rule 103." Tex. R. Civ. P. 106(a). The three officers Texas law empowers to serve process are (1) the sheriff or constable, (2) any person authorized by law or by written order of the court who is at least 18 years old; and, (3) any person certified under order of the Texas Supreme Court. Tex. R. Civ. P. 103. However, the rule further expressly provides that "no person who is a party to or interested in the outcome of the suit may serve any process in that suit." *Id*. Strict adherence to the Texas rules for service is required to constitute effective service under the Federal Rules of Civil Procedure. *Delta S.S. Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir. 1985). *See also Laidlaw Waste Systems, Inc. v. Wallace*, 944 S.W.2d 72, 73-74 (Texas 1997) (strict compliance with rules of procedure relating to issuance of process, manner and mode of service, and the return of process is necessary to sustain a default judgment).

### III. DISCUSSION

Kinney contends that the entry of default and default judgment should be set aside because he was never properly served, and the Court therefore lacks the personal jurisdiction necessary to render judgment. Kinney contends that he is entitled to relief under Fed. R. Civ. P. 60(b)(4) because the default judgment is void due to lack of personal jurisdiction. Prior to any further analysis under the other Federal Rule 60 subsections, the Court must determine whether it had jurisdiction as it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4) if the judgment is void. *See Antoine*, 66 F.3d at 108.

Cunningham makes little attempt to present a cogent argument from which the Court can evaluate the sufficiency of service of process. Essentially, he argues that Kinney was properly

9

served under the Tennessee Rules of Civil Procedure because Kinney deliberately refused to claim the certified mail sent to the Turnbury Village address. Although Cunningham disputes Kinney's sworn declaration that he was not in Texas at the time of the attempted service (*see* Docket No. 299 at ¶ 14), Kinney's sworn declaration is evidence that he was not at the address where service was attempted. Cunningham offers no contrary evidence.[4] Further, the attempted service by certified mail was not effectuated under Tennessee law, even under the prior language of Tennessee Rule 4.04, because a return receipt marked "unclaimed" does not establish personal acceptance by the defendant for purposes of a default judgment. *Fisher v. Ankton*, *supra*.[5]

Although not argued by Cunningham, applying Texas law does not change the result. Because Cunningham is a party to this lawsuit, he is prohibited from serving process. Tex. R. Civ. P. 103. He cannot therefore establish the strict adherence to the Texas rules required to constitute effective service under the Federal Rules of Civil Procedure *Delta S.S. Lines, Inc. v. Albano*, 768 F.2d at 730. In sum, regardless of where the burden rests in this dispute, the record and Kinney's testimony sufficiently establish that he was not properly served, evidence that Cunningham failed to rebut.

Based on the foregoing, the Court finds and concludes that Kinney was not properly served with process and that this Court therefore lacked the authority to enter default and a default judgment against him. For that reason, the default judgment is void, and the Court need not weigh

---

[4] The Court gives no weight to the affidavit offered by Cunningham for any purposes related to this litigation. *See* Docket No. 299-3. The affidavit recites efforts to serve an individual with a different name at a different address than that where Cunningham attempted to serve Kinney. The affidavit is of no use to the Court's analysis.

[5] Based on Kinney's sworn declaration that he did not reside in Texas at the time that service was attempted, there is significant doubt that the certified mail was properly addressed for purposes of application of the old language of Tennessee Rule 4.04. However, resolution of that issue is not necessary because mail returned as "unclaimed" does not constitute service under Tennessee law for the default purposes for which Cunningham seeks to use it.

the equitable factors under Federal Rules 55 and 60.[6] *See O.J. Distrib.,* 340 F.3d at 355; *see also* Jackson v. FIE Corp., 302 F.3d 515, 524 (5th Cir. 2002). Because the default judgment is void, it must be set aside.

Kinney requests that Cunningham be ordered to return the funds that were taken from Kinney, which are stated to be $22,500, including fees. *See* Docket No. 296 at ¶ 5. Given that the default judgment is void, this relief is properly granted. However, the disposition of the seized funds is not clear. At the time that Kinney became aware of the seizure of the funds, the interest in the putative default judgment was held by James Shelton as Cunningham's assignee. *See* Docket No. 255. The notice of reassignment filed on April 1, 2019 (Docket No. 298) does not reflect that any funds were collected from Kinney. That may be simply a timing issue. However, because of the timing, and because James Shelton was the holder of the interest in the putative default judgment at or about the time of the seizure of the funds, Shelton is a proper subject of this report and recommendation as well.

---

[6] While the Court's ruling on the Rule 60(b)(4) issue precludes analysis of the *United Coin* equitable factors, the Court mentions only briefly that consideration of the equitable factors likewise compels that the default judgment be set aside. *See United Coin Meter Co., Inc. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844-45 (6th Cir. 1983). There is sufficient evidence from which the Court can—and does—find that (1) the lack of proof of service shows that Kinney had no culpable conduct leading to the default, (2) Kinney's defense that he did not place automated calls to Cunningham is at least a meritorious defense to the TCPA claims in this lawsuit, *see United Coin Meter*, 705 F.2d at 845 (test of meritoriousness is whether defense is good at law, not its likelihood of success), and (3) any prejudice to Cunningham by having to prove his case in accordance with the rules of procedure is not the kind of prejudice that can defeat a motion to set aside a default judgment, *see Dassault Systemes, SA v. Childress,* 663 F.3d 832, 842 (6th Cir. 2011) (delay and increased costs from having to actually litigate a dispute are not sufficient prejudice). Kinney is thus entitled to relief from the underlying default judgment under the *United Coin* factors as well.

Finally, Kinney asks that the Court dismiss the action against him because he was not served within 120 days provided by Rule 4(m). *See* Fed. R. Civ. P. 4(m).[7] Rule 4(m) gives courts the discretion to dismiss an action if service is not timely. *Id*. Courts also have discretion to extend the time for service, even in the absence of a showing of good cause why service was not effected. *Slenska v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001). "But simply because a court has authority to extend the time for serving a defendant does not mean it should do so, and the decision on the matter lies within the court's sound discretion." *Electrical Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, 2010 WL 4683883, at *3 (E.D. Mich. Nov. 10, 2010). Even though Cunningham's *pro se* prosecution of this case affords him some liberality, he is not excused from compliance with the rules of procedure. *Fields v. County of Lapeera*, 2000 WL 1720727 at *2 (6th Cir. Nov. 8, 2000) (even pro se litigants must follow rules of procedure) (citation omitted). Given the entire record in this case, including the bases relied upon by Cunningham for his attempts to serve Kinney, the Court finds there is no good cause to extend the time for service.

Although not docketed as a separate motion, Cunningham also requests that Kinney's motion to set aside the default judgment be stricken under Rule 12(f) based on allegedly false and misleading statements made by Kinney. *See* Docket No. 299 at 12-13). The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. *See* Fed.R.Civ.P. 12(f) (limited to striking pleadings or portions of pleadings). Instead, when determining whether to strike documents or portions of non-pleading documents, trial courts make use of their inherent power to control their own dockets. *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003). Motions to strike are generally disfavored and should only be granted when the material at issue has no possible relation to the controversy. *A Metal Source, LLC*

---

[7] Cunningham filed this action on July 31, 2015, prior to the December 1, 2015 rule change from a 120-day service window to a 90-day service one. Service was not made in this case under either timeframe.

12

*v. All Metal Sales, Inc.*, 2016 WL 245981 at *3 (N.D. Ohio Jan. 21, 2016) (internal citations omitted). Here, the parties cast various aspersions against each other in their papers. Cunningham's statements are equally as inflammatory as Kinney's. None of the statements are particularly helpful to resolution of the issues. Nor do they warrant any further discussion in this report and recommendation other than Cunningham's request is denied.

## IV.  RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1. Kinney's motion to set aside default judgment (Docket No. 294) be GRANTED;

2. The corrected judgment entered January 16, 2018 (Docket No. 274) be VACATED as to Kinney;

3. Plaintiff Craig Cunningham and his assignee James Shelton be ORDERED to return the $22,500 seized from Kinney's account and to relinquish any control they maintain over Kinney's accounts, if any;

4. Kinney be DISMISSED without prejudice as a defendant under Fed. R. Civ. P. 21 for lack of effective service under Fed. R. Civ. P. 4(m); and,

5. Cunningham's request that Kinney's motion to set aside default judgment be stricken be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. See Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        _____
        BARBARA D. HOLMES
        United States Magistrate Judge